# EXHIBIT F
# TO FIRST AMENDED COMPLAINT

RECORDING REQUESTED BY:

First American Title
#4408-2702639

2007-0003264

Recorded | REC FEE 58.00
Official Records |
County of |
San Benito |
JOE PAUL GONZALEZ |
Clerk-Recorder |
| DS
02:00PM 09-Mar-2007 | Page 1 of 9

WHEN RECORDED MAIL TO:

BP West Coast Products LLC
4 Centerpointe Dr., LPR 4-243
La Palma, CA 90623-1064
Attn: Daniel J. Rolf

SPACE ABOVE LINE RESERVED FOR RECORDER'S USE

## TITLE(S) OF DOCUMENT

Deed of Trust with Assignment of Rents,
Security Agreement and Fixture Filing

THIS PAGE IS ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION.
($3.00 ADDITIONAL RECORDING FEE APPLIES)

154

RECORDING REQUESTED BY
Rec~~ording Requested By~~ FIRST AMERICAN TITLE
When Recorded Return To:
   4408-2702639
BP WEST COAST PRODUCTS LLC
4 Centerpointe Dr., LPR 4-243
La Palma, CA  90623-1066
Attn. Daniel J. Rolf
Facility: 82461/SCDB65975
   631 San Felipe Rd.
   Hollister, CA 95035

4408 2702639  BB Fat Cap

2

Space Above For Recorder's Use Only

## DEED OF TRUST WITH ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING
(CALIFORNIA)

This Document Serves as a Fixture Filing Under Section 9-502 of the California Uniform Commercial Code.

Borrower's Organizational Identification Number: 41-2101997

THIS DEED OF TRUST WITH ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING ("Deed of Trust") is made this __2__ day of __March__, 2007 and is executed by AVA GLOBAL ENTERPRISE, LLC, a California limited liability company ("Trustor"), whose address is 1313 N. Milpitas Blvd., #1606, Milpitas, California 95035 to Commonwealth Land Title Company ("Trustee"), for the benefit of BP WEST COAST PRODUCTS LLC, a Delaware limited liability company ("Beneficiary"). Trustee is an affiliate of Beneficiary.

Trustor irrevocably grants, transfers and assigns to Trustee in trust, with POWER OF SALE, all of Trustor's right, title and interest in and to that certain real property located in the County of , State of California, more particularly described in Exhibit "A" attached hereto and made a part hereof ("Real Property"), together with the rents, issues and profits thereof and the other real and personal property comprising the Trust Estate; subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING the following (the "Obligations"):

   (a)   payment of the sum of $475,000.00, with interest thereon, evidenced by those certain Secured Promissory Notes dated as of even date herewith, executed by STTN Enterprise, Inc., a California corporation ("Obligor") to the order of Beneficiary, as the same may be amended, modified, extended and renewed from time to time;

   (b)   performance of Obligor's obligations to Beneficiary under (i) that certain Loan Agreement dated as of even date herewith, by and between Obligor and Beneficiary, and (ii) that certain Environmental Indemnity dated as of even date herewith, executed by Obligor in favor of Beneficiary, as the same may be amended, modified, extended and renewed from time to time;

   (c)   performance of each agreement of Trustor and Obligor under that certain Fictitious Deed of Trust (With Assignment of Rents, Security Agreement and Fixture Filing) recorded in the office of the county recorder of the county where said Real Property is located as noted below ("Fictitious Deed of Trust"), as amended hereby; and

   (d)   payment and performance of the Obligations recited in the Fictitious Deed of Trust (as amended hereby).

To protect the security of this Deed of Trust, and with respect to the Trust Estate, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in the Fictitious Deed of Trust. Said agreements, terms and provisions contained in the Fictitious Deed of Trust are hereby incorporated into and made a part of this Deed of Trust by this reference for all purposes as if set forth at length herein. Trustor acknowledges receipt of a copy of the Fictitious Deed of Trust.

Set forth below is a list of the counties in the State of California where the Fictitious Deed of Trust has been recorded, together with the Book and Page or Instrument Number of each recorded document.

82461deedoftrustv1

1

3

| COUNTY | INSTRUMENT NUMBERS | COUNTY | INSTRUMENT NUMBERS |
|---|---|---|---|
| ALAMEDA | 00319576 | ORANGE | 00-569322 |
| ALPINE | BOOK #89, PAGES 2784-2808 | PLACER | 2000-0079930 |
| AMADOR | 01-0003464-00 | PLUMAS | 2001-00331 |
| BUTTE | 2000-0042914 | RIVERSIDE | 2000-422065 |
| CALAVERAS | 2001-5226 | SACRAMENTO | 20001023 |
| COLUSA | 2000-004063 | SAN BENITO | 2000-0014070 |
| CONTRA COSTA | 2000-0234538-00 | SAN BERNARDINO | 20000380682 |
| DEL NORTE | 200004897 | SAN DIEGO | 2000-0577783 |
| EL DORADO | 2000-0053633-00 | SAN FRANCISCO | 2000G852003 |
| FRESNO | 2000-0131783 | SAN JOAQUIN | 00125344 |
| GLENN | 2000-5476 | SAN LUIS OBISPO | 2000-062677 |
| HUMBOLDT | 2000-23040-25 | SAN MATEO | 2000-133811 |
| IMPERIAL | 00-22355 | SANTA BARBARA | 2000-0064740 |
| INYO | 2000-0003729 | SANTA CLARA | 15434692 |
| KERN | 0200134597 | SANTA CRUZ | 2000-0051824 |
| KINGS | 0018981 | SHASTA | 2000-0037629 |
| LAKE | 00-018016 | SIERRA | 2000131393 |
| LASSEN | 2000-07002 | SISKIYOU | 2000101913249 |
| LOS ANGELES | 00-1671372 | SOLANO | 2000-00097851 |
| MADERA | 2000026090 | SONOMA | 2000112131 |
| MARIN | 2000-053655 | STANISLAUS | 2000-0090839-00 |
| MARIPOSA | 2004583 | SUTTER | 2000-0015017 |
| MENDOCINO | 2000-17559 | TEHAMA | FILE # 013179, BOOK 1982, PAGE 083 |
| MERCED | VOL 4072, PAGE 529 | TRINITY | 200003958 |
| MODOC | 2000-0004727-00 | TULARE | 2000-0065847 |
| MONO | 2000006195 | TUOLUMNE | DOC#017535, BOOK 1712, PAGES 0173-0197 |
| MONTEREY | 2000070259 | VENTURA | NONE |
| NAPA | 2000-0027785 | YOLO | 2000-0027007-00 |
| NEVADA | 2000-0031705-00 | YUBA | 200010539 |

Trustor hereby requests that all notices to Trustor be delivered to the address listed above. Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Fictitious Deed of Trust. The Fictitious Deed of Trust is hereby modified as set forth on Rider 1 attached hereto and made a part hereof. Rider 2 attached hereto is hereby incorporated herein by this reference.

"Trustor":

AVA GLOBAL ENTERPRISE, LLC.
a California limited liability company

By: _____
Sayed Mn Faquiryan

By: _____
Toan To

82461deedoftrustv1

2

By: _____
    Tao To

By: _____
    Nazim Faquiryan

"Borrower"

STTN ENTERPRISE, INC.
a California corporation

By: _____
    Nazim S.M. Faquiryan
    CEO/President

By: _____
    Sayed M.N. Faquiryan
    Secretary/Treasurer

4.

## ACKNOWLEDGMENT

State of California    )
    )
County of San Benito    )

On March 2 2007, before me, _Mina Faquiryan_, Notary Public, personally appeared _Nazim Faquiryan_, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
(Signature)



MINA FAQUIRYAN
Commission # 1494761
Notary Public - California
Santa Clara County
My Comm. Expires Jun 13, 2008

## ACKNOWLEDGMENT

State of California    )
    )
County of San Benito    )

On March 2 2007, before me, _Mina Faquiryan_, Notary Public, personally appeared _Sayed M.N. Faquiryan_, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
(Signature)

MINA FAQUIRYAN
Commission # 1494761
Notary Public - California
Santa Clara County
My Comm. Expires Jun 13, 2008

3

82461deedoftrustv1

5

ACKNOWLEDGMENT

State of California     )
County of San Benito    )
On March 2 2007, before me, Mina Faquiryan, Notary Public, personally appeared
Tao To, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

(Signature)



MINA FAQUIRYAN
Commission # 1494761
Notary Public - California
Santa Clara County
My Comm. Expires Jun 13, 2008

ACKNOWLEDGMENT

State of California     )
County of San Benito    )
On March 2 2007, before me, Mina Faquiryan, Notary Public, personally appeared
Joan To, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

(Signature)

MINA FAQUIRYAN
Commission # 1494761
Notary Public - California
Santa Clara County
My Comm. Expires Jun 13, 2008

4

82461deedoftrustv1

EXHIBIT A
Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HOLLISTER, COUNTY OF SAN BENITO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

ALL THAT REAL AND CERTAIN PROPERTY LOCATED IN THE CITY OF HOLLISTER, COUNTY OF SAN BENITO, STATE OF CALIFORNIA, BEING A PORTION OF PARCEL 1 AS SAID PARCEL IS SHOWN UPON THE PARCEL MAP RECORDED IN BOOK 7 OF PARCEL MAPS AT PAGE 59, OFFICIAL RECORDS, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWESTERLY CORNER OF PARCEL 1 AS SHOWN UPON SAID MAP;

THENCE N 2 DEGREES 06 MINUTES 20 SECONDS E, 183.48 FEET ALONG THE RIGHT OF WAY OF SAN FELIPE ROAD (STATE HWY. 156) TO THE TRUE POINT OF BEGINNING;

THENCE FROM SAID TRUE POINT OF BEGINNING, CONTINUING ALONG SAID RIGHT OF WAY, N 2 DEGREES 06 MINUTES 20 SECONDS E, 176.48;

THENCE NORTHEASTERLY ON THE ARC OF A TANGENT CURVE TO THE RIGHT CONCAVE TO THE SOUTHEAST, HAVING A RADIUS OF 20.00 FEET, THROUGH A CENTRAL ANGLE OF 90 DEGREES 28 MINUTES 10 SECONDS, FOR AN ARC LENGTH OF 31.58 FEET TO A POINT ON THE SOUTHERLY RIGHT OF WAY LINE OF CHAPPELL ROAD.

THENCE EASTERLY ALONG SAID RIGHT OF WAY LINE, S 87 DEGREES 25 MINUTES 30 SECONDS E 146.84 FEET;

THENCE LEAVING SAID LINE, S 2 DEGREES 06 MINUTES 20 SECONDS W, 222.81 FEET;

THENCE N 87 DEGREES 25 MINUTES 11 SECONDS W, 90.03 FEET;

THENCE N 79 DEGREES 10 MINUTES 29 SECONDS W, 60.93 FEET;

THENCE N 41 DEGREES 33 MINUTES 35 SECONDS W, 24.26 FEET TO THE TRUE POINT OF BEGINNING.

APN: 051-100-040

RIDER 1
Amendment to Fictitious Deed of Trust

7

The Fictitious Deed of Trust is hereby amended as follows:

1. Paragraph (b) in the section reciting all of the Obligations ("Obligations Section") is hereby deleted in its entirety.

2. The following language is hereby added after the phrase "per annum" in Paragraph (c) of the Obligations Section: "but in no event greater than the maximum amount permitted by law."

3. The two paragraphs below Paragraph (g) of the Obligations Section are hereby deleted in their entirety and replaced with the following new paragraph:

> "Trustor has executed an Environmental Indemnity in favor of Beneficiary with respect to the Real Property (the "Environmental Indemnity"). This Deed of Trust, the Note[s], the Loan Agreement[s], the Environmental Indemnity and any other deeds of trust, mortgages, agreements, guaranties or other instruments given to evidence or further secure the payment and performance of any or all of the Obligations, as the foregoing may be amended, modified, extended, or renewed from time to time, may hereinafter be collectively referred to as the 'Loan Documents.' Capitalized terms used herein without definition shall have the meaning given thereto in the Loan Agreement."

4. The following paragraph is hereby substituted for the first sentence of Section 1.5.2:

> "In the event of any damage to or destruction of the Improvements, Beneficiary shall have the option, in its sole discretion, to: (i) apply, in the event Beneficiary determines that the security for the repayment of the indebtedness secured hereby has been impaired on account of such damage or destruction, all or any part of such proceeds to any indebtedness secured hereby in such order as Beneficiary may determine, whether or not such indebtedness is then due, (ii) release all or any part of such proceeds to Trustor, or (iii) hold the balance of such proceeds to be used to reimburse Trustor for the cost of reconstruction of the Improvements. In the event Beneficiary elects to so hold such insurance proceeds, the Improvements shall be promptly and diligently restored by Trustor to the equivalent of their condition immediately prior to such damage, destruction or casualty or to such other condition as Beneficiary may approve in writing, and the disbursement of such insurance proceeds shall be in accordance with disbursement procedures acceptable to Beneficiary. If Beneficiary elects to apply the insurance proceeds to the payment of the sums secured hereby, and after doing so Beneficiary reasonably determines that the remaining security is inadequate to secure the remaining indebtedness, Trustor shall, upon written demand from Beneficiary, prepay on principal such amount as will reduce the remaining indebtedness to a balance for which adequate security is present."

5. The last sentence of Section 1.22 is hereby deleted in its entirety. The following new Sections are hereby added to the Fictitious Deed of Trust:

> "1.23  Negative Covenants Regarding Leases. Trustor shall not, without the prior written consent of Beneficiary, (i) cancel, terminate or consent to the surrender of any Lease, (ii) modify or in any way alter the terms of any Lease, (iii) release any lessee or guarantor from any obligations or conditions to be performed by any lessee or guarantor under any Lease, (iv) collect any rent from any lessee for a period of more than one (1) month in advance, or (v) execute any further assignment of any of its right, title and interest in the Leases and the Rents.
>
> 1.24  Affirmative Covenants Regarding Leases. Trustor shall (i) observe, perform and discharge each and every obligation, term, covenant, condition and agreement of Trustor under the Leases, (ii) enforce the performance of each and every obligation, term, covenant, condition and agreement in the Leases to be performed by any lessee or guarantor thereof, (iii) execute and deliver to Beneficiary upon demand, at any time and from time to time, any and all assignments and other instruments which Beneficiary may deem advisable to carry out the true purposes and intent of the assignment of the Leases set forth in this Deed of Trust, and (iv) at the request of Beneficiary, cause any lessee under a Lease to execute a subordination, nondisturbance and attornment agreement and estoppel certificate in form and substance satisfactory to Beneficiary.
>
> 1.25  Authorization to File Financing Statements; Power of Attorney. Trustor hereby authorizes Beneficiary at any time and from time to time to file any initial financing statements, amendments thereto and continuation statements with or without signature of Trustor as authorized by applicable law, as applicable to the Personal Property. For purposes of such filings, Trustor agrees to furnish any information requested by Beneficiary promptly upon request by Beneficiary. Trustor hereby irrevocably constitutes and appoints Beneficiary and any officer or agent of Beneficiary, with full power of substitution, as its true and lawful attorneys-in-fact with full irrevocable power and authority in the place and stead of Trustor or in Trustor's own name to execute in Trustor's name any such documents and to otherwise carry out the purposes of this

Section 1.25, to the extent that Trustor's authorization above is not sufficient. This power of attorney is a power coupled with an interest and shall be irrevocable."

6. The following sentence is hereby added to Section 3.4.2:

"Written notice mailed to Trustor as provided above at least five (5) days prior to the date of public sale of the Personal Property or prior to the date on which private sale of the Personal Property will be made shall constitute reasonable notice; provided that, if Beneficiary fails to comply with this Section 3.4 in any respect, its liability for such failure shall be limited to the liability (if any) imposed on it as a matter of law under the California Uniform Commercial Code, as in effect from time to time (or under the Uniform Commercial Code, in force from time to time, in any other state to the extent the same is applicable law)."

7. The following phrase is hereby added after the end of clause (b) of Section 5.2: "including without limitation Sections 2899 and 3433 of the California Civil Code." In addition, the references to Sections 2899 and 3433 of the California Civil Code set forth in clause (c) of Section 5.2 are hereby deleted in their entirety.

8. Section 5.17 is hereby deleted in its entirety.

9. The following new Section 4.9 is hereby added to the Fictitious Deed of Trust:

"4.9    Upon the occurrence of any Event of Default, Beneficiary may, at its option, terminate Trustor's right and license to collect the Rents, and either in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court and without regard to the adequacy of its security, enter upon and take possession of the Trust Estate or any part thereof, in its own name or in the name of Trustee, and do any acts which it deems necessary or desirable to preserve the value, marketability or rentability of the Trust Estate, or any part thereof or interest therein, make, modify, enforce, cancel or accept the surrender of any Lease, increase the income therefrom or protect the security hereof and, with or without taking possession of the Trust Estate, sue for or otherwise collect the Rents, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including, without limitation, attorneys' fees, upon any indebtedness secured hereby, all in such order as Beneficiary may determine. The entering upon and taking possession of all or any portion of the Trust Estate, the collection of such Rents and the application thereof as aforesaid, or any of such acts, shall not cure or waive any default or notice of default hereunder or invalidate any act done in response to such default or pursuant to such notice of default and, notwithstanding the continuance in possession of all or any portion of the Trust Estate or the collection, receipt and application of Rents, Trustee or Beneficiary shall be entitled to exercise every right provided herein or by law upon occurrence of any Event of Default, including the right to exercise the power of sale. Failure of Beneficiary at any time, or from time to time, to collect the Rents shall not in any manner affect the subsequent enforcement of Beneficiary of the right to collect the same."

10. Subparagraph (k) of Schedule 2 is hereby renumbered as subparagraph (l). The following new subparagraph (k) is hereby added:

"(k)    all letter-of-credit rights (whether or not the letter of credit is evidenced by a writing) Trustor now has or hereafter acquires relating to the properties, rights, titles and interests referred to in this Schedule 2."

RIDER 2
Agreements of Non-Borrower Trustor



1. <u>Authority of Beneficiary</u>. If any Trustor is not an obligor under the Loan Documents (hereinafter, "Nonborrower Trustor"), Nonborrower Trustor hereby authorizes Beneficiary to perform any of the following acts at any time and from time to time, all without notice to Nonborrower Trustor and without affecting Beneficiary's rights or Nonborrower Trustor's obligations under this Deed of Trust: (i) alter any terms of the Loan Documents, including renewing, compromising, extending or accelerating, or otherwise changing the time for payment of, or increasing or decreasing the rate of interest under, the Secured Promissory Note, (ii) take and hold security for the Loan Documents, accept additional or substituted security for the Loan Documents, and subordinate, exchange, enforce, waive, release, compromise, fail to perfect, sell or otherwise dispose of any such security, (iii) apply any security now or later held for the Loan Documents in any order that Beneficiary in its sole discretion may choose, and direct the order and manner of any sale of all or any part of it and bid at any such sale, (iv) release the obligor under the Note and the other Loan Documents ("Obligor") of its liability under any Loan Document, and/or (v) substitute, add or release any one or more guarantors or endorsers of the Loan Documents. For purposes of this Section 1, all references to the Loan Documents shall also include any instrument or agreement executed by Obligor currently with or subsequent to the date of this Deed of Trust which is secured by this Deed of Trust in accordance with the terms hereof.

2. <u>Waivers of Nonborrower Trustor</u>. Nonborrower Trustor hereby waives: (i) any right it may have to require Beneficiary to proceed against Obligor, proceed against or exhaust any security held from Obligor, or pursue any other remedy in Beneficiary's power to pursue, (ii) any defense based on any legal disability of Obligor, any discharge or limitation of the liability of Obligor to Beneficiary, whether consensual or arising by operation of law or any bankruptcy reorganization, receivership, insolvency, or debtor-relief proceeding, or from any other cause, or any claim that Nonborrower Trustor's obligations exceed or are more burdensome than those of Obligor, (iii) all presentments, demands for performance, notices of nonperformance, protests, notice of protest, notices of dishonor, notices of acceptance of this Deed of Trust and of the existence, creation or incurring of new or additional indebtedness of Obligor, and demands and notices of every kind, (iv) any defense based on or arising out of any defense that Obligor may have to the payment or performance of the Obligations or any part thereof, and (v) all rights of subrogation, reimbursement, indemnification and contribution (contractual, statutory or otherwise), including any claim or right of subrogation under 11 U.S.C. or any successor statute, all rights to enforce any remedy that the Beneficiary may have against Obligor, and all rights to participate in any security now or later held by Beneficiary for the Loan Documents. Nonborrower Trustor understands that if Beneficiary forecloses by trustee's sale on any other deed of trust (other than this deed of trust) securing the Obligations, Nonborrower Trustor would then have a defense preventing Beneficiary from thereafter enforcing Beneficiary's rights and remedies against the Trust Estate. This defense arises because the trustee's sale under such other deed of trust would eliminate Nonborrower Trustor's right of subrogation, and therefore Nonborrower Trustor would be unable to obtain reimbursement from Obligor. Nonborrower Trustor specifically waives this defense and all rights and defenses that Nonborrower Trustor may have because the Secured Obligations are secured by real property. This means, among other things: (1) Beneficiary may exercise any rights or remedies which Beneficiary has or may have against the Trust Estate without first foreclosing on any real or personal property collateral pledged by Obligor; and (2) if Beneficiary forecloses on any real property collateral pledged by Obligor: (A) the amount of the Obligations may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (B) Beneficiary may exercise its rights and remedies against the Trust Estate even if Beneficiary, by foreclosing on any real property collateral pledged by Obligor, has destroyed any right Nonborrower Trustor may have to collect from Obligor. This is an unconditional and irrevocable waiver of any rights and defenses Nonborrower Trustor may have because the Obligations are secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d or 726 of the California Code of Civil Procedure or similar laws in other states.

3. <u>Obligor's Financial Condition</u>. Nonborrower Trustor assumes full responsibility for keeping informed of Obligor's financial condition and business operations and all other circumstances affecting Obligor's ability to pay and perform its obligations to Beneficiary, and agrees that Beneficiary shall have no duty to disclose to Nonborrower Trustor any information which Beneficiary may receive about Obligor's financial condition, business operations or any other circumstances bearing on Obligor's ability to perform.

8

82461deedoftrustv1