EXHIBIT G
TO FIRST AMENDED COMPLAINT

RECORDING REQUESTED BY
FIRST AMERICAN TITLE
4408- 2702639
Recording Requested and
When Recorded Return To:

BP West Coast Products LLC
4 Centerpointe Dr., LPR 4-243
La Palma, CA  90623-1066
Attn: Daniel J. Rolf
Facility: 82461/SCDB65975
          631 San Felipe Road
          Hollister, CA 95035

Fat Cap  4408 2702639RP
*Signed in CounterPart

2007-0003267

| | |
|---|---|
| Recorded | REC FEE    70.00 |
| Official Records | |
| County of | |
| San Benito | |
| JOE PAUL GONZALEZ | |
| Clerk-Recorder | |
| | DS |
| 02:00PM 09-Mar-2007 | Page 1 of 22 |

Space Above For Recorder's Use Only

## CONSENT TO ENCUMBRANCE OF TENANT'S INTEREST

THIS CONSENT TO ENCUMBRANCE OF TENANT'S INTEREST ("Consent"), dated as of *march 2*, 2007, is made by AVA Global Enterprise, LLC., a California limited liability company ("Landlord") in favor of BP WEST COAST PRODUCTS LLC, a Delaware limited liability company ("Lender").

### Recitals

A.     Landlord is the owner of that certain real property located in the City of Hollister, County of San Benito, State of California, more particularly described in Exhibit "A" attached hereto (the "Real Property").

B.     Landlord and STTN Enterprise, Inc., a California corporation ("Tenant") previously entered into a ground lease dated January 2005 with respect to the Real Property ("Lease").  A "Memorandum of Lease" shall be recorded in the San Benito County Official Records.

C.     Tenant intends to construct a gasoline station and convenience store on the Real Property or make certain alterations to an existing gasoline station and convenience store.  In connection therewith, Tenant will be entering into certain agreements with Lender to sell ARCO-branded gasoline at the gasoline station and operate the convenience store as an am/pm mini market franchise.  The Real Property as improved with any existing or future improvements thereon shall be referred to herein as the "Property."

D.     Tenant has requested that Lender make a loan (the "Loan") to Tenant in the amount of up to Four Hundred and No/100 Dollars ($400,000.00) in connection with such construction or renovation.  The Loan shall be secured by that certain Deed of Trust with Assignment of Rents, Security Agreement and Fixture Filing dated as of even date herewith ("Leasehold Mortgage"), which Leasehold Mortgage shall encumber Tenant's leasehold estate in the Property.  The Leasehold Mortgage also encumbers Tenant's personal property, including, but not limited to, all merchandise, equipment, fixtures, furnishings, furniture, machinery, inventory, tools and other property of Tenant located at or used in connection with Tenant's operations upon the Property, together with all additions, substitutions, replacements and improvements to the same, whether now owned or hereafter acquired and the proceeds and products thereof (collectively, the "Personal Property").

E.     Tenant has requested that Landlord execute and deliver this Consent to Lender as a condition to the Loan.  Landlord acknowledges that Lender would not make the Loan to Tenant in the absence of this Agreement.

### Agreement

NOW, THEREFORE, Landlord agrees as follows:

1     Consent to Leasehold Mortgage.  Landlord hereby consents to the recording of the Memorandum of Lease and to the encumbrance of Tenant's interest in the Lease and the Property by means of the recording of the Fee Mortgage

THIs document signed in Counterpart

82461 Consent to Encumbrance of Tenant's Interest v1.doc

1

2.     <u>Representations and Warranties of Landlord</u>. Landlord hereby represents and warrants to Lender that: (a) Landlord is the owner of the Real Property, (b) there are no mortgages and deeds of trust encumbering Landlord's interest in the Real Property except as otherwise disclosed on <u>Exhibit B</u>, (c) the Lease is unmodified (except as shown on <u>Exhibit C</u>) and in full force and effect, and (d) to the best knowledge of Landlord, neither Tenant nor Landlord is in default under any of the terms, covenants or conditions contained in the Lease nor has any event occurred which would, with the passage of time, or the giving of notice, or both, constitute a default under any of the terms, covenants or conditions contained in the Lease.

3.     <u>Amendments</u>. Unless Lender otherwise consents in writing, such consent not to be unreasonably withheld or delayed, (a) the Lease shall not be amended or otherwise modified, and (b) except as otherwise provided in Section 5 below, the Lease shall not be cancelled, terminated or surrendered prior to the expiration of the term thereof.

4.     <u>Lender's Right to Receive Notices</u>. Landlord shall use its best efforts to mail or deliver to Lender (at the address set forth in Section 13 below) a duplicate copy of any and all notices (individually, a "Default Notice")which Landlord may from time to time give to or serve upon Tenant pursuant to the provisions of the Lease, and such copy should be mailed or delivered to Lender simultaneously with the mailing or delivery of the same to Tenant.

5.     <u>Conditions on Termination after Tenant's Default</u>. If Tenant shall default under the Lease or reject the Lease in a proceeding under 11 U.S.C. or if any other event shall occur that would permit Landlord to terminate the Lease (or accept a surrender or termination of the Lease by Tenant) or exercise any other rights or remedies under the Lease (any such default, rejection, or other event being referred to herein as a "Tenant Default") and Tenant shall fail to cure such Tenant Default within any applicable grace period provided in the Lease, Landlord agrees that Landlord shall not terminate or accept a surrender of the Lease or otherwise enforce any of its rights or remedies under the Lease as a result of such Tenant Default unless (a) Lender shall have received written notice of such Tenant Default, and (b) Lender shall have failed to remedy such default or acquire Tenant's leasehold estate or commence foreclosure or other appropriate proceedings in the nature thereof, all as set forth in, and within the time specified by, Section 7 below.

6.     <u>Lender's Right to Perform on Behalf of Tenant</u>. Lender shall have the right, but not the obligation, at any time prior to termination of the Lease and without payment of any penalty, to pay all of the rents due under the Lease, to effect any insurance, to pay any taxes and assessments, to make any repairs and improvements, and to do any act or thing which may be necessary and proper to be done in the performance and observance of Tenant's obligations under the Lease to prevent termination of the Lease. All payments so made and all things so done and performed by Lender shall be as effective to prevent a termination of the Lease as the same would have been if made, done, and performed by Tenant instead of by Lender.

7.     <u>Lender's Right to Cure Tenant's Defaults</u>. If any Tenant Default occurs, and if the Tenant Default is such that possession of the Property may be reasonably necessary to remedy the Tenant Default,, Lender shall have until the tenth (10th) day after expiration of the applicable cure period specified in the Lease or in any Default Notice (whichever is longer) within which to remedy such Tenant Default, provided that (a) Lender shall have fully cured any default in the payment of any monetary obligations of Tenant under the Lease within such ten (10) day period and shall continue to pay currently such monetary obligations as and when the same are due and (b) Lender shall have acquired tenant's leasehold estate created by the Lease or commenced foreclosure or other appropriate proceedings in the nature thereof within such period, or prior thereto, and is diligently prosecuting any such proceedings. All right of Landlord to terminate the Lease as the result of the occurrence of any such Tenant Default shall be subject to, and conditioned upon, Landlord first giving Lender a written notice of any such Tenant Default and Lender failing to remedy such default or acquire Tenant's leasehold estate created by the Lease or commence foreclosure or other appropriate proceedings in the nature thereof as set forth in and the within times specified by this Section 7.

8.     <u>Tenant Defaults Which Cannot Be Remedied</u>. Any Tenant Default under the Lease which in the nature thereof cannot be remedied by Lender shall be deemed to be remedied if (a) within ten (10) days after expiration of the applicable cure period specified in the Lease or in any notice of Tenant Default (whichever is longer), or prior thereto, Lender shall have acquired Tenant's leasehold estate created hereby or shall have

2

*3*

commenced and is diligently prosecuting foreclosure or other appropriate proceedings in the nature thereof; (b) Lender shall have fully cured any default in the payment of any monetary obligations of Tenant under the Lease which do not require possession of the Property; and shall continue to pay currently such monetary obligations as and when the same are due and (c) after gaining possession of the Property, Lender performs all other obligations of Tenant under the Lease as and when the same are due.

9.     Tolling of Foreclosure Time Periods.     If Lender is prohibited by any process or injunction issued by any court or by reason of any action by any court having jurisdiction of any bankruptcy or insolvency proceeding involving Tenant from commencing or prosecuting foreclosure or other appropriate proceedings in the nature thereof, the time periods specified in Sections 7 and 8 above for commencing or prosecuting such foreclosure or other appropriate proceedings shall be extended for the period of such prohibition.   However, Lender must have fully cured any default in the payment of any monetary obligations of Tenant under the Lease and shall continue to pay currently such monetary obligations as and when the same fall due.

10.     Nondisturbance of Lender's Possession; Lender's Liability and Rights.     Foreclosure of a Leasehold Mortgage, or any sale thereunder, whether by judicial proceedings or by virtue of any power contained in the Leasehold Mortgage, or any conveyance of the leasehold estate created by the Lease from Tenant to Lender through, or in lieu of, foreclosure or other appropriate proceedings in the nature thereof, shall not require the consent of Landlord or constitute a breach of any provision of or a default under the Lease.  Upon such foreclosure, sale, or conveyance, Landlord shall recognize Lender, or any other foreclosure sale purchaser, as tenant under the Lease.  If Lender becomes the tenant under the Lease, (a) Lender shall have the same rights as Tenant with respect to any unexercised extension options, rights of first refusal, rights of first offer or purchase options contained in the Lease.; (b) Lender shall be personally liable for the obligations of Tenant under the Lease only for the period of time that Lender remains tenant thereunder; and (c) Lender shall have the right to assign the Lease to a nominee or assignee of Lender, subject to Landlord's approval, which shall not be unreasonably withheld or delayed, without Lender assuming the obligations of Tenant under the Lease.  If Lender subsequently assigns or transfers its interest under the Lease after acquiring the same by foreclosure or deed in lieu of foreclosure, and in connection with any such assignment or transfer Lender takes back a mortgage or deed of trust encumbering such leasehold interest to secure a portion of the purchase price given to Lender for such assignment or transfer, then such mortgage or deed of trust shall be considered a Leasehold Mortgage as contemplated under this Section 10 and any other provisions of this Consent intended for the benefit of Lender.

(a)     Lender

11.     Rights in Personal Property.     Landlord acknowledges and agrees that all Personal Property of Tenant whether or not affixed to the Property, and notwithstanding any Lease provisions to the contrary, shall remain personal property and shall not be subject to any lien, claim or other interest of Landlord.  Landlord consents to the installation of the Personal Property on the Property, agrees that Lender may do to and with the Personal Property any or all of the acts below enumerated, and grants Lender a right, as set forth below, to enter into possession of the Property to do any or all of the following (the "Permitted Actions") with respect to the Personal Property: assemble, have appraised, display, sever, remove, maintain, prepare for sale or lease, advertise, inspect, repair, lease, transfer, and/or sell (at public auction or private sale).  Lender shall have the right to enter into and to occupy the Property, for the purposes described above, for an actual occupancy period of up to one hundred twenty days (at Lender's discretion), provided Lender has cured any monetary defaults under the Lease as provided above in Sections 7(a) and 8(b), following the later of: (a) Landlord placing Lender in possession of the Property; and (b) abandonment or surrender of the Property by Tenant, whether voluntary or involuntary.  Landlord shall be reimbursed for, or Lender shall cause to be repaired, at its expense, all physical damage to the Property caused by the removal of the Personal Property.  Landlord acknowledges that at any time prior to Landlord placing Lender in possession of the Property, or abandonment of or surrender of the Property by Tenant, Lender may take any or all of the Permitted Actions subject only to Lender's agreements with Tenant.

12.     Notices.  Any notice required or permitted to be given to any party under this Agreement shall be in writing and shall be given by (i) facsimile transmission, (ii) certified mail return receipt requested, or (iii) hand delivery, addressed as follows:

3

(a)    If to Landlord:

AVA Global Enterprise, LLC,
631 San Felipe Rd.
Hollister, California 95023
Attention:  Nazim M.N. Faquiryan
Toan To
Tao To
Sayed M.N. Faquiryan
Facsimile No.:


(b)    If to Lender:

BP West Coast Products LLC
4 Centerpointe Drive
La Palma, California  90623-1066
Attention:  Site Acquisition Manager
Facsimile No.: 714-670-5178

Such notices shall be deemed received (i) upon delivery, if delivered by hand or by facsimile transmission (with confirmation of receipt), or (ii) three days after having been deposited in the U.S. mail, postage prepaid, if mailed. Any party may change its address for notice hereunder by notice given as provided above.

13.    Counterparts. This Consent may be executed in any number of counterparts, each of which shall constitute one original, but all such counterparts taken together shall constitute one and the same instrument.

14.    Termination of this Consent.  This Consent shall automatically terminate upon full repayment of Loan.

15.    Successors and Assigns.  This Consent shall inure to the benefit of and be binding on the parties hereto and their respective successors and assigns.

16.    Governing Law.  This Consent shall be governed by and construed in accordance with the laws of the State of California.

17.    Entire Agreement.  This Consent contains all of the agreements and understandings between the parties with respect to the subject matter of this Consent.  All prior oral or written promises, representations, agreements or understandings, express or implied, in connection with the subject matter of this Consent are expressly merged herein and superseded hereby.  In the event of any conflict between the terms and conditions contained in this Consent and the terms and conditions contained in the Lease, the terms and conditions contained in this Consent shall prevail.

18.    Attorney's Fees.  If any lawsuit, reference or arbitration is commenced which arises out of or relates to this Consent, the prevailing party shall be entitled to recover from the other party such sums as the court, referee or arbitrator may adjudge to be reasonable attorneys' fees in such action, in addition to costs and expenses otherwise allowed by law.

IN WITNESS WHEREOF, the parties have executed this Consent as of the date first written above.

### SIGNATURES ON FOLLOWING PAGE

4

S2461 Consent to Encumbrance of Tenant's Interest v1.doc

5

"LANDLORD"

AVA GLOBAL ENTERPRISE, LLC.,
a California corporation

By: _____
Sayed M.N. Faquiryan

By: _____
Toan To

By: _____
Tao To

By: _____
Sayed M.N. Faquiryan


AGREED AND ACCEPTED BY:

"TENANT"

STTN ENTERPRISE, INC.,
a California corporation

By: _____
Nazim S.M. Faquiryan
President/CEO

By: _____
Sayed M.N. Faquiryan
Secretary and Treasurer

"LENDER"

BP WEST COAST PRODUCTS LLC,
a Delaware limited liability company


By: _____
Jeff M. Cary
Vice President

5

S3361 Consent to Encumbrance of Tenant's Interest v1.doc

Landlord's Lender's Agreement

_____ n/a _____ a _____ n/a _____ ("Landlord's Lender"), together with all its successors and assigns and together with any party which obtains title to the Real Property by means of a foreclosure, a deed in lieu of foreclosure, or otherwise, hereby agree that upon obtaining title to the Real Property that (i) any and all of such parties obtaining title to the Real Property shall be bound by all of the terms, covenants, conditions and agreements contained in this Consent as if such party were the Landlord hereunder and (ii) upon Lender or a successor or assign of Lender obtaining Tenant's interest in the Lease, by means of foreclosure, an assignment by Tenant in lieu of foreclosure, a new lease being entered into, or otherwise, that Lender and Lenders' participants and their successors and assigns shall succeed to the Tenant's interest in that certain Subordination, Non-Disturbance and Attornment Agreement executed between Landlord's Lender and Tenant contemporaneously herewith as if Lender were the original tenant under such Agreement. The terms of such Subordination, Non-Disturbance and Attornment Agreement shall not be amended or modified without Lender's prior written consent.

"LANDLORD'S LENDER"

_____ n/a _____

By: _____

Its: _____

[Printed Name and Title]

6

Description: San Benito,CA Document-Year.DocID 2007.3267 Page: 6 of 22
Order: eee Comment:

168

ACKNOWLEDGMENT

State of California )
County of *San Benito* )

On *March 5 2007*, before me, *Mina Faguiryan*, Notary Public , personally appeared *Saied M.D Faguirian* , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

(Signature)

> MINA FAQUIRYAN
> Commission # 1494761
> Notary Public - California
> Santa Clara County
> My Comm. Expires Jun 13, 2008

ACKNOWLEDGMENT

State of California )
County of *San Benito* )

On *March 5 2007*, before me, *Mina Faguiryan*, Notary Public , personally appeared *Aazam Faguirian* , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

(Signature)

> MINA FAQUIRYAN
> Commission # 1494761
> Notary Public - California
> Santa Clara County
> My Comm. Expires Jun 13, 2008

7

82461 Consent to Encumbrance of Tenant's Interest v1.doc

8

# ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of *San Benito*                    } ss.

On *March 5 2007* before me, *Mina Faquiryan,* Notary Public
         (DATE)                              (NOTARY)

personally appeared *Tao Tu*
                                              SIGNER(S)

☑ personally known to me     - OR -     ☐ proved to me  on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

```
MINA FAQUIRYAN
Commission # 1494761
Notary Public - California
Santa Clara County
My Comm. Expires Jun 13, 2008
```

WITNESS my hand and official seal.

                    NOTARY'S SIGNATURE

## ━━ OPTIONAL INFORMATION ━━

The information below is not required by law. However, it could prevent fraudulent attachment of this acknowledgment to an unauthorized document.

### CAPACITY CLAIMED BY SIGNER (PRINCIPAL)

☐ INDIVIDUAL
☐ CORPORATE OFFICER

_____
          TITLE(S)

☐ PARTNER(S)
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

_____

_____

**SIGNER IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)

_____

_____

### DESCRIPTION OF ATTACHED DOCUMENT

_____
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

_____
DATE OF DOCUMENT

_____
OTHER

RIGHT THUMBPRINT
OF
SIGNER

Top of thumbprint here

APA 5/99                    VALLEY-SIERRA, 800-362-3369

9

## ALL-PURPOSE ACKNOWLEDGMENT

State of California } ss.

County of _San Benito_

On _March 5 2007_ before me, _Mina Faquiryan_ Notary public
                (DATE)                        (NOTARY)

personally appeared _Toan To_
                                          SIGNER(S)

☑ personally known to me    - OR -    ☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

MINA FAQUIRYAN
Commission # 1494761
Notary Public - California
Santa Clara County
My Comm. Expires Jun 13, 2008

WITNESS my hand and official seal.

_____
NOTARY'S SIGNATURE

━━━━━━━━━━━ OPTIONAL INFORMATION ━━━━━━━━━━━

The information below is not required by law. However, it could prevent fraudulent attachment of this acknowledgment to an unauthorized document.

**CAPACITY CLAIMED BY SIGNER (PRINCIPAL)**

☐ INDIVIDUAL
☐ CORPORATE OFFICER

_____
          TITLE(S)

☐ PARTNER(S)
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER:

_____
_____

**SIGNER IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)

_____
_____

**DESCRIPTION OF ATTACHED DOCUMENT**

_____
TITLE OR TYPE OF DOCUMENT

_____
NUMBER OF PAGES

_____
DATE OF DOCUMENT

_____
OTHER

RIGHT THUMBPRINT
OF
SIGNER

| Top of thumbprint here |

APA 5/99                    VALLEY-SIERRA, 800-362-3369

*/0*

## EXHIBIT "A"

### Legal Description of Real Property

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HOLLISTER, COUNTY OF SAN BENITO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

ALL THAT REAL AND CERTAIN PROPERTY LOCATED IN THE CITY OF HOLLISTER, COUNTY OF SAN BENITO, STATE OF CALIFORNIA, BEING A PORTION OF PARCEL 1 AS SAID PARCEL IS SHOWN UPON THE PARCEL MAP RECORDED IN BOOK 7 OF PARCEL MAPS AT PAGE 59, OFFICIAL RECORDS, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWESTERLY CORNER OF PARCEL 1 AS SHOWN UPON SAID MAP;

THENCE N 2 DEGREES 06 MINUTES 20 SECONDS E, 183.48 FEET ALONG THE RIGHT OF WAY OF SAN FELIPE ROAD (STATE HWY. 156) TO THE TRUE POINT OF BEGINNING;

THENCE FROM SAID TRUE POINT OF BEGINNING, CONTINUING ALONG SAID RIGHT OF WAY, N 2 DEGREES 06 MINUTES 20 SECONDS E, 176.48;

THENCE NORTHEASTERLY ON THE ARC OF A TANGENT CURVE TO THE RIGHT CONCAVE TO THE SOUTHEAST, HAVING A RADIUS OF 20.00 FEET, THROUGH A CENTRAL ANGLE OF 90 DEGREES 28 MINUTES 10 SECONDS, FOR AN ARC LENGTH OF 31.58 FEET TO A POINT ON THE SOUTHERLY RIGHT OF WAY LINE OF CHAPPELL ROAD.

THENCE EASTERLY ALONG SAID RIGHT OF WAY LINE, S 87 DEGREES 25 MINUTES 30 SECONDS E 146.84 FEET.

THENCE LEAVING SAID LINE, S 2 DEGREES 06 MINUTES 20 SECONDS W, 222.81 FEET;

THENCE N 87 DEGREES 25 MINUTES 11 SECONDS W, 90.03 FEET;

THENCE N 79 DEGREES 10 MINUTES 29 SECONDS W, 60.93 FEET;

THENCE N 41 DEGREES 33 MINUTES 35 SECONDS W, 24.26 FEET TO THE TRUE POINT OF BEGINNING.

APN 051-100-040

8

EXHIBIT "B"

**Existing Mortgages and Deeds of Trust Encumbering the Real Property**

**One Only:**

| | |
|---|---|
| Type: | Blanket Encumbrance |
| Amount: | $1,925,000.00 |
| Firm: | Omni Financial |
| Recorded: | |
| Doc No. | 3AVA104 |

9

s2461 Consent to Encumbrance of Tenant's Interest v1.doc

12

**EXHIBIT "C"**

**Modifications to Lease**

**None**

s2461 Consent to Encumbrance of Tenant's Interest v1.doc

13

Recording Requested and
When Recorded Return To:

BP West Coast Products LLC
4 Centerpointe Dr., LPR 4-243
La Palma, CA  90623-1066
Attn. Daniel J. Rolf
Facility: 82461/SCDB65975
        631 San Felipe Road
        Hollister, CA 95035

*Fat cup  4408 270 263 98 P*

_____
Space Above For Recorder's Use Only

## CONSENT TO ENCUMBRANCE OF TENANT'S INTEREST

THIS CONSENT TO ENCUMBRANCE OF TENANT'S INTEREST ("Consent"), dated as of *march 1*,
2007, is made by AVA Global Enterprise, LLC., a California limited liability company ("Landlord") in favor of BP
WEST COAST PRODUCTS LLC, a Delaware limited liability company ("Lender").

### Recitals

A.       Landlord is the owner of that certain real property located in the City of Hollister, County of San
Benito, State of California, more particularly described in Exhibit "A" attached hereto (the "Real Property").

B.       Landlord and STTN Enterprise, Inc., a California corporation ("Tenant") previously entered into a
ground lease dated January 2005 with respect to the Real Property ("Lease").  A "Memorandum of Lease" shall be
recorded in the San Benito County Official Records.

C.       Tenant intends to construct a gasoline station and convenience store on the Real Property or make
certain alterations to an existing gasoline station and convenience store.  In connection therewith, Tenant will be
entering into certain agreements with Lender to sell ARCO-branded gasoline at the gasoline station and operate the
convenience store as an am/pm mini market franchise. The Real Property as improved with any existing or future
improvements thereon shall be referred to herein as the "Property."

D.       Tenant has requested that Lender make a loan (the "Loan") to Tenant in the amount of up to Four
Hundred and No/100 Dollars ($400,000.00) in connection with such construction or renovation.  The Loan shall be
secured by that certain Deed of Trust with Assignment of Rents, Security Agreement and Fixture Filing dated as of
even date herewith ("Leasehold Mortgage"), which Leasehold Mortgage shall encumber Tenant's leasehold estate in
the Property. The Leasehold Mortgage also encumbers Tenant's personal property, including, but not limited to, all
merchandise, equipment, fixtures, furnishings, furniture, machinery, inventory, tools and other property of Tenant
located at or used in connection with Tenant's operations upon the Property, together with all additions,
substitutions, replacements and improvements to the same, whether now owned or hereafter acquired and the
proceeds and products thereof (collectively, the "Personal Property").

E.       Tenant has requested that Landlord execute and deliver this Consent to Lender as a condition to
the Loan.  Landlord acknowledges that Lender would not make the Loan to Tenant in the absence of this
Agreement.

### Agreement

NOW, THEREFORE, Landlord agrees as follows:

1.       Consent to Leasehold Mortgage.  Landlord hereby consents to the recording of the Memorandum
of Lease and to the encumbrance of Tenant's interest in the Lease and the Property by means of the recording of the
Fee Mortgage.

This document signed in Counterpart

82461 Consent to Encumbrance of Tenant's Interest v1.doc

I

14

2.    Representations and Warranties of Landlord.  Landlord hereby represents and warrants to Lender that:  (a) Landlord is the owner of the Real Property, (b) there are no mortgages and deeds of trust encumbering Landlord's interest in the Real Property except as otherwise disclosed on Exhibit B, (c) the Lease is unmodified (except as shown on Exhibit C) and in full force and effect, and (d) to the best knowledge of Landlord, neither Tenant nor Landlord is in default under any of the terms, covenants or conditions contained in the Lease nor has any event occurred which would, with the passage of time, or the giving of notice, or both, constitute a default under any of the terms, covenants or conditions contained in the Lease.

3.    Amendments.  Unless Lender otherwise consents in writing, such consent not to be unreasonably withheld or delayed, (a) the Lease shall not be amended or otherwise modified, and (b) except as otherwise provided in Section 5 below, the Lease shall not be cancelled, terminated or surrendered prior to the expiration of the term thereof.

4.    Lender's Right to Receive Notices.  Landlord shall use its best efforts to mail or deliver to Lender (at the address set forth in Section 13 below) a duplicate copy of any and all notices (individually, a "Default Notice")which Landlord may from time to time give to or serve upon Tenant pursuant to the provisions of the Lease, and such copy should be mailed or delivered to Lender simultaneously with the mailing or delivery of the same to Tenant.

5.    Conditions on Termination after Tenant's Default. If Tenant shall default under the Lease or reject the Lease in a proceeding under 11 U.S.C. or if any other event shall occur that would permit Landlord to terminate the Lease (or accept a surrender or termination of the Lease by Tenant) or exercise any other rights or remedies under the Lease (any such default, rejection, or other event being referred to herein as a "Tenant Default") and Tenant shall fail to cure such Tenant Default within any applicable grace period provided in the Lease, Landlord agrees that Landlord shall not terminate or accept a surrender of the Lease or otherwise enforce any of its rights or remedies under the Lease as a result of such Tenant Default unless (a) Lender shall have received written notice of such Tenant Default, and (b) Lender shall have failed to remedy such default or acquire Tenant's leasehold estate or commence foreclosure or other appropriate proceedings in the nature thereof, all as set forth in, and within the time specified by, Section 7 below.

6.    Lender's Right to Perform on Behalf of Tenant.  Lender shall have the right, but not the obligation, at any time prior to termination of the Lease and without payment of any penalty, to pay all of the rents due under the Lease, to effect any insurance, to pay any taxes and assessments, to make any repairs and improvements, and to do any act or thing which may be necessary and proper to be done in the performance and observance of Tenant's obligations under the Lease to prevent termination of the Lease. All payments so made and all things so done and performed by Lender shall be as effective to prevent a termination of the Lease as the same would have been if made, done, and performed by Tenant instead of by Lender.

7.    Lender's Right to Cure Tenant's Defaults.  If any Tenant Default occurs, and if the Tenant Default is such that possession of the Property may be reasonably necessary to remedy the Tenant Default,, Lender shall have until the tenth (10th) day after expiration of the applicable cure period specified in the Lease or in any Default Notice (whichever is longer) within which to remedy such Tenant Default, provided that (a) Lender shall have fully cured any default in the payment of any monetary obligations of Tenant under the Lease within such ten (10) day period and shall continue to pay currently such monetary obligations as and when the same are due and (b) Lender shall have acquired tenant's leasehold estate created by the Lease or commenced foreclosure or other appropriate proceedings in the nature thereof within such period, or prior thereto, and is diligently prosecuting any such proceedings. All right of Landlord to terminate the Lease as the result of the occurrence of any such Tenant Default shall be subject to, and conditioned upon, Landlord first giving Lender a written notice of any such Tenant Default and Lender failing to remedy such default or acquire Tenant's leasehold estate created by the Lease or commence foreclosure or other appropriate proceedings in the nature thereof as set forth in and the within times specified by this Section 7.

8.    Tenant Defaults Which Cannot Be Remedied.  Any Tenant Default under the Lease which in the nature thereof cannot be remedied by Lender shall be deemed to be remedied if (a) within ten (10) days after expiration of the applicable cure period specified in the Lease or in any notice of Tenant Default (whichever is longer), or prior thereto, Lender shall have acquired Tenant's leasehold estate created hereby or shall have

2

82461 Consent to Encumbrance of Tenant's Interest v1.doc



commenced and is diligently prosecuting foreclosure or other appropriate proceedings in the nature thereof; (b) Lender shall have fully cured any default in the payment of any monetary obligations of Tenant under the Lease which do not require possession of the Property; and shall continue to pay currently such monetary obligations as and when the same are due and (c) after gaining possession of the Property, Lender performs all other obligations of Tenant under the Lease as and when the same are due.

        9.     Tolling of Foreclosure Time Periods.   If Lender is prohibited by any process or injunction issued by any court or by reason of any action by any court having jurisdiction of any bankruptcy or insolvency proceeding involving Tenant from commencing or prosecuting foreclosure or other appropriate proceedings in the nature thereof, the time periods specified in Sections 7 and 8 above for commencing or prosecuting such foreclosure or other appropriate proceedings shall be extended for the period of such prohibition.  However, Lender must have fully cured any default in the payment of any monetary obligations of Tenant under the Lease and shall continue to pay currently such monetary obligations as and when the same fall due.

        10.    Nondisturbance of Lender's Possession; Lender's Liability and Rights.   Foreclosure of a Leasehold Mortgage, or any sale thereunder, whether by judicial proceedings or by virtue of any power contained in the Leasehold Mortgage, or any conveyance of the leasehold estate created by the Lease from Tenant to Lender through, or in lieu of, foreclosure or other appropriate proceedings in the nature thereof, shall not require the consent of Landlord or constitute a breach of any provision of or a default under the Lease.  Upon such foreclosure, sale, or conveyance, Landlord shall recognize Lender, or any other foreclosure sale purchaser, as tenant under the Lease.  If Lender becomes the tenant under the Lease, (a) Lender shall have the same rights as Tenant with respect to any unexercised extension options, rights of first refusal, rights of first offer or purchase options contained in the Lease.; (b) Lender shall be personally liable for the obligations of Tenant under the Lease only for the period of time that Lender remains tenant thereunder; and (c) Lender shall have the right to assign the Lease to a nominee or assignee of Lender, subject to Landlord's approval, which shall not be unreasonably withheld or delayed, without Lender assuming the obligations of Tenant under the Lease.  If Lender subsequently assigns or transfers its interest under the Lease after acquiring the same by foreclosure or deed in lieu of foreclosure, and in connection with any such assignment or transfer Lender takes back a mortgage or deed of trust encumbering such leasehold interest to secure a portion of the purchase price given to Lender for such assignment or transfer, then such mortgage or deed of trust shall be considered a Leasehold Mortgage as contemplated under this Section 10 and any other provisions of this Consent intended for the benefit of Lender.

        (a)     Lender

        11.    Rights in Personal Property.   Landlord acknowledges and agrees that all Personal Property of Tenant, whether or not affixed to the Property, and notwithstanding any Lease provisions to the contrary, shall remain personal property and shall not be subject to any lien, claim or other interest of Landlord.  Landlord consents to the installation of the Personal Property on the Property, agrees that Lender may do to and with the Personal Property any or all of the acts below enumerated, and grants Lender a right, as set forth below, to enter into possession of the Property to do any or all of the following (the "Permitted Actions") with respect to the Personal Property:  assemble, have appraised, display, sever, remove, maintain, prepare for sale or lease, advertise, inspect, repair, lease, transfer, and/or sell (at public auction or private sale).  Lender shall have the right to enter into and to occupy the Property, for the purposes described above, for an actual occupancy period of up to one hundred twenty days (at Lender's discretion), provided Lender has cured any monetary defaults under the Lease as provided above in Sections 7(a) and 8(b), following the later of:  (a) Landlord placing Lender in possession of the Property; and (b) abandonment or surrender of the Property by Tenant, whether voluntary or involuntary.  Landlord shall be reimbursed for, or Lender shall cause to be repaired, at its expense, all physical damage to the Property caused by the removal of the Personal Property.  Landlord acknowledges that at any time prior to Landlord placing Lender in possession of the Property, or abandonment of or surrender of the Property by Tenant, Lender may take any or all of the Permitted Actions subject only to Lender's agreements with Tenant.

        12.    Notices. Any notice required or permitted to be given to any party under this Agreement shall be in writing and shall be given by (i) facsimile transmission, (ii) certified mail return receipt requested, or (iii) hand delivery, addressed as follows:

3

82461 Consent to Encumbrance of Tenant's Interest v1.doc

(a)    If to Landlord:

AVA Global Enterprise, LLC,
631 San Felipe Rd.
Hollister, California 95023
Attention: Nazim M.N. Faquiryan
              Toan To
              Tao To
              Sayed M.N. Faquiryan
Facsimile No.:

(b)    If to Lender:

BP West Coast Products LLC
4 Centerpointe Drive
La Palma, California  90623-1066
Attention: Site Acquisition Manager
Facsimile No.: 714-670-5178

Such notices shall be deemed received (i) upon delivery, if delivered by hand or by facsimile transmission (with confirmation of receipt), or (ii) three days after having been deposited in the U.S. mail, postage prepaid, if mailed. Any party may change its address for notice hereunder by notice given as provided above.

13.    Counterparts. This Consent may be executed in any number of counterparts, each of which shall constitute one original, but all such counterparts taken together shall constitute one and the same instrument.

14.    Termination of this Consent.  This Consent shall automatically terminate upon full repayment of Loan

15.    Successors and Assigns.  This Consent shall inure to the benefit of and be binding on the parties hereto and their respective successors and assigns.

16.    Governing Law.  This Consent shall be governed by and construed in accordance with the laws of the State of California.

17.    Entire Agreement.  This Consent contains all of the agreements and understandings between the parties with respect to the subject matter of this Consent.  All prior oral or written promises, representations, agreements or understandings, express or implied, in connection with the subject matter of this Consent are expressly merged herein and superseded hereby.  In the event of any conflict between the terms and conditions contained in this Consent and the terms and conditions contained in the Lease, the terms and conditions contained in this Consent shall prevail.

18.    Attorney's Fees.  If any lawsuit, reference or arbitration is commenced which arises out of or relates to this Consent, the prevailing party shall be entitled to recover from the other party such sums as the court, referee or arbitrator may adjudge to be reasonable attorneys' fees in such action, in addition to costs and expenses otherwise allowed by law.

IN WITNESS WHEREOF, the parties have executed this Consent as of the date first written above.

*SIGNATURES ON FOLLOWING PAGE*

4

82461 Consent to Encumbrance of Tenant's Interest v1.doc

"LANDLORD"

AVA GLOBAL ENTERPRISE, LLC.,
a California corporation

By: _____
    Sayed M.N. Faquiryan

By: _____
    Toan To

By: _____
    Tao To

By: _____
    Sayed M.N. Faquiryan

AGREED AND ACCEPTED BY:

"TENANT":

STTN ENTERPRISE, INC.,
a California corporation

By: _____
    Nazim S.M. Faquiryan
    President/CEO

By: _____
    Sayed M.N. Faquiryan
    Secretary and Treasurer

"LENDER"

BP WEST COAST PRODUCTS LLC,
a Delaware limited liability company

By: _____
    Jeff M. Carp
    Vice President

5

82461 Consent to Encumbrance of Tenant's Interest v1.doc

18

Landlord's Lender's Agreement

_____n\a_____ a _____n\a_____ ("Landlord's Lender"), together with all its successors and assigns and together with any party which obtains title to the Real Property by means of a foreclosure, a deed in lieu of foreclosure, or otherwise, hereby agree that upon obtaining title to the Real Property that (i) any and all of such parties obtaining title to the Real Property shall be bound by all of the terms, covenants, conditions and agreements contained in this Consent as if such party were the Landlord hereunder and (ii) upon Lender or a successor or assign of Lender obtaining Tenant's interest in the Lease, by means of foreclosure, an assignment by Tenant in lieu of foreclosure, a new lease being entered into, or otherwise, that Lender and Lenders' participants and their successors and assigns shall succeed to the Tenant's interest in that certain Subordination, Non-Disturbance and Attornment Agreement executed between Landlord's Lender and Tenant contemporaneously herewith as if Lender were the original tenant under such Agreement.  The terms of such Subordination, Non-Disturbance and Attornment Agreement shall not be amended or modified without Lender's prior written consent.

"LANDLORD'S LENDER"

_____n\a_____

By: _____

Its: _____

[Printed Name and Title]

6

escription: San Benito,CA Document-Year.DocID 2007.3267 Page: 18 of 22
rder: eee Comment:

180

19

## ACKNOWLEDGMENT

State of California                    )
                                       )
County of                             )

On __3/2/07__ , before me, _PRISCILLA SMITH, NOTARY PUBLIC_, personally appeared
_JEFF CADY_ , personally known to me (or proved to me
on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.

_(Signature)_

PRISCILLA SMITH
Commission # 1537534
Notary Public - California
Orange County
My Comm. Expires Jan 14, 2009

## ACKNOWLEDGMENT

State of California                    )
                                       )
County of                             )

On _____, before me, _____, personally appeared
_____, personally known to me (or proved to me
on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.

_(Signature)_

7

82461 Consent to Encumbrance of Tenant's Interest v1.doc

escription: San Benito,CA Document-Year.DocID 2007.3267 Page: 19 of 22
rder: eee Comment:

## EXHIBIT "A"

### Legal Description of Real Property

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF HOLLISTER, COUNTY OF SAN BENITO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

ALL THAT REAL AND CERTAIN PROPERTY LOCATED IN THE CITY OF HOLLISTER, COUNTY OF SAN BENITO, STATE OF CALIFORNIA, BEING A PORTION OF PARCEL 1 AS SAID PARCEL IS SHOWN UPON THE PARCEL MAP RECORDED IN BOOK 7 OF PARCEL MAPS AT PAGE 59, OFFICIAL RECORDS, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWESTERLY CORNER OF PARCEL 1 AS SHOWN UPON SAID MAP;

THENCE N 2 DEGREES 06 MINUTES 20 SECONDS E, 183.48 FEET ALONG THE RIGHT OF WAY OF SAN FELIPE ROAD (STATE HWY. 156) TO THE TRUE POINT OF BEGINNING;

THENCE FROM SAID TRUE POINT OF BEGINNING, CONTINUING ALONG SAID RIGHT OF WAY, N 2 DEGREES 06 MINUTES 20 SECONDS E, 176.48;

THENCE NORTHEASTERLY ON THE ARC OF A TANGENT CURVE TO THE RIGHT CONCAVE TO THE SOUTHEAST, HAVING A RADIUS OF 20.00 FEET, THROUGH A CENTRAL ANGLE OF 90 DEGREES 28 MINUTES 10 SECONDS, FOR AN ARC LENGTH OF 31.58 FEET TO A POINT ON THE SOUTHERLY RIGHT OF WAY LINE OF CHAPPELL ROAD.

THENCE EASTERLY ALONG SAID RIGHT OF WAY LINE, S 87 DEGREES 25 MINUTES 30 SECONDS E 146.84 FEET;

THENCE LEAVING SAID LINE, S 2 DEGREES 06 MINUTES 20 SECONDS W, 222.81 FEET;

THENCE N 87 DEGREES 25 MINUTES 11 SECONDS W, 90.03 FEET;

THENCE N 79 DEGREES 10 MINUTES 29 SECONDS W, 60.93 FEET;

THENCE N 41 DEGREES 33 MINUTES 35 SECONDS W, 24.26 FEET TO THE TRUE POINT OF BEGINNING.

APN: 051-100-040

82461 Consent to Encumbrance of Tenant's Interest v1.doc

escription: San Benito,CA Document-Year.DocID 2007.3267 Page: 20 of 22
rder: eee Comment:

*21*

## EXHIBIT "B"

### Existing Mortgages and Deeds of Trust Encumbering the Real Property

One Only:

| | |
|---|---|
| Type: | Blanket Encumbrance |
| Amount: | $1,925,000.00 |
| Firm: | Omni Financial |
| Recorded: | |
| Doc No.: | 3AVA104 |

9

82461 Consent to Encumbrance of Tenant's Interest v1.doc

**EXHIBIT "C"**

**Modifications to Lease**

**None**

82461 Consent to Encumbrance of Tenant's Interest v1.doc

Description: San Benito,CA Document-Year.DocID 2007.3267 Page: 22 of 22
Order: eee Comment: