# EXHIBIT H
# TO FIRST AMENDED COMPLAINT

## SECURED PROMISSORY NOTE
(am/pm Mini Market)

FOR VALUE RECEIVED, STTN ENTERPRISE, INC., a California corporation, (hereinafter referred to as "Borrower") hereby promises to pay to BP WEST COAST PRODUCTS LLC, a Delaware limited liability company (hereinafter referred to as "Lender"), or order, on or before _____, the principal sum of Two Hundred Twenty Five Thousand and No/100 Dollars ($225,000.00) (the "Maximum Loan Amount"), or so much of that sum as may be advanced under this promissory note ("Note"), plus interest as specified below. This Note evidences a loan ("Loan") from Lender to Borrower.

1. This Note is secured by a Deed of Trust with Assignment of Rents, Security Agreement and Fixture Filing ("Deed of Trust") covering certain real and personal property, as therein described (the "Property"). It may also be secured by other collateral. This Note and the Deed of Trust are two of several Loan Documents, as defined and designated in that certain Loan Agreement ("Loan Agreement") between Lender and Borrower. Some or all of the Loan Documents, including the Loan Agreement, contain provisions for the acceleration of the maturity of this Note. Capitalized terms used herein have the meanings assigned to them in the Loan Agreement, unless otherwise defined herein

2. The unpaid principal balance of this Note from day to day outstanding, which is not past due, shall bear interest at a fixed rate of interest equal to Four and Seventy Five percent (4.75%) per annum.[1] Interest will be payable in arrears on an annual basis beginning on the First Anniversary Date and on each successive anniversary of such date during the term of the Loan. Borrower shall also make annual principal reduction payments as provided in the Loan Agreement. Principal and interest are subject to annual forgiveness in accordance with the terms and conditions set forth in the Loan Agreement.

3. All payments of this Note shall be made in lawful money of the United States of America in immediately available funds at Lender's offices at 4 Centerpointe Drive, Suite 300, La Palma, California 90623-1066, Attention: Contract Dealer Loan Administration, or at such other place or to such account as the holder hereof shall have designated to Borrower in writing.

4. All principal and all accrued and unpaid interest shall be due and payable no later than the date which is twenty (20) years following the Business Open Date ("Maturity Date").

5. Lender shall not be required to make any advance if that would cause the outstanding principal of this Note to exceed the Maximum Loan Amount.

6. Borrower may prepay the principal balance of this Note, in whole or in part, at any time without penalty.

7. If Lender has not received the full amount of any payment, other than the final principal payment, by the end of five (5) business days after the date when due, Borrower shall pay a late charge to Lender in the amount of five percent (5%) of the overdue payment. In addition to the foregoing, Borrower agrees to pay interest on any and all sums due under this Note from the payment due date until the date fully paid by Borrower, such interest to accrue at a rate of interest equal to the "prime rate" (as reported by the Wall Street Journal) plus two percent (2%) per annum but in no event greater than the maximum amount permitted by law (the "Default Rate").

8. From and after maturity of this Note (whether upon the Maturity Date, by acceleration or otherwise), all sums then due and payable under this Note, including all unpaid principal, accrued interest and any other sums outstanding hereunder, shall bear interest until paid in full at the Default Rate. Compounding of interest may result if outstanding interest hereunder accrues interest at the Default Rate.

---

[1] The interest rate currently approved for CD Loans is 4.75% per annum but is subject to change. The BP tax department should be consulted prior to each loan closing to verify the current interest rate approved for BPWCP CD loans.

1

9. If any of the following "Events of Default" occur, any obligation of the holder to make advances under this Note shall terminate, and at the holder's option, exercisable in its sole discretion, all sums of principal and interest under this Note shall become immediately due and payable without notice of default, presentment or demand for payment, protest or notice of nonpayment or dishonor, or other notices or demands of any kind or character:

(a) Borrower fails to perform any obligation under this Note to pay principal, interest or other amounts due, and does not cure that failure within five (5) business days after the date when due; or

(b) Under any of the Loan Documents, a default or "Event of Default" (as defined in that document) occurs.

(c) Borrower becomes the subject of any proceeding arising under 11 U.S.C. ("Insolvency Proceeding").

10. If any lawsuit, reference or arbitration is commenced which arises out of or relates to this Note, the Loan Documents or the Loan, the prevailing party shall be entitled to recover from each other party such sums as the court, referee or arbitrator may adjudge to be reasonable attorneys' fees in such action, in addition to costs and expenses otherwise allowed by law. In all other situations, including any Insolvency Proceeding, Borrower agrees to pay all of Lender's costs and expenses, including attorneys' fees, which may be incurred in enforcing or protecting Lender's rights or interests. From the time(s) incurred until paid in full to Lender, all such sums shall bear interest at the Default Rate.

11. This Note is governed by the laws of the State of California, without regard to the choice of law rules of that State.

12. Borrower agrees that the holder of this Note may accept additional or substitute security for this Note, or release any security or any party liable for this Note, or extend or renew this Note, all without notice to Borrower and without affecting the liability of Borrower.

13. If Lender delays in exercising or fails to exercise any of its rights under this Note, that delay or failure shall not constitute a waiver of any of Lender's rights, or of any breach, default or failure of condition of or under this Note. No waiver by Lender of any of its rights, or of any such breach, default or failure of condition shall be effective, unless the waiver is expressly stated in a writing signed by Lender. All of Lender's remedies in connection with this Note or under applicable law shall be cumulative, and Lender's exercise of any one or more of those remedies shall not constitute an election of remedies.

14. This Note inures to and binds the heirs, legal representatives, successors and assigns of Borrower and Lender; provided, however, that Borrower may not assign this Note or any Loan funds, or assign or delegate any of its rights or obligations under the Loan Documents, without the prior written consent of Lender in each instance. Lender in its sole and absolute discretion may, at any time, sell, transfer, or assign this Note, the Deed of Trust and the other Loan Documents.

15. If more than one person or entity are signing this Note as Borrower, their obligations under this Note shall be joint and several.

IN WITNESS WHEREOF, this Note has been duly executed and delivered by Borrower as of the date set forth above.

See signatures on the next page

STTN ENTERPRISE, INC.,
a California corporation

By _____
Name: Nazim S.M. Faquiryan
Title: CEO and President

By _____
Name: Sayed M.N. Faquiryan
Title: Secretary and Treasurer