# EXHIBIT J
# TO FIRST AMENDED COMPLAINT

## UNCONDITIONAL CONTINUING GUARANTY

In order to induce BP WEST COAST PRODUCTS LLC, a Delaware limited liability company, its successors and assigns ("Lender") having an office at 4 Centerpointe Dr., LPR 6-180, La Palma, CA 90623-1066, to enter into or continue a loan agreement (collectively, the "Loan Agreement"), as amended from time to time, with STTN ENTERPRISE, INC., a California corporation limited partnership ("Debtor"), and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned hereby agrees as follows:

1. The undersigned, Sayed M.N. Faquiryan and Mahgul Faquiryan (collectively, "Guarantor") hereby irrevocably, fully and unconditionally guaranties to Lender the prompt performance and payment when due, whether by acceleration or otherwise, of all of the following (collectively, the "Obligations"): All loans, advances, indebtedness, liabilities, debit balances, letter of credit or purchase guaranty reimbursement obligations, covenants, duties and all other obligations of whatever kind or nature at any time or from time to time owing by Debtor to Lender, or to any of Lender's affiliates, whether fixed or contingent, known or unknown, liquidated or unliquidated, present or future, no matter how or when arising and whether under said Loan Agreement or any other present or future agreement or otherwise, and including without limitation all obligations owed by Debtor to third parties which are or may be assigned to Lender. In addition, the undersigned agree (s) to fully indemnify Lender against any claim, harm, loss, damage, liability, cost or expense (including all costs, attorneys' fees, accounting fees and investigation fees) incurred in connection with any action, nonperformance or breach by Debtor of said Loan Agreement, or any breach of or failure to perform any representation, promise, agreement or warranty of Debtor or any wrongful acts, conduct or omission or fraud of Debtor. **Notwithstanding anything herein to the contrary, the maximum liability of the undersigned under this Guaranty is limited to the principal amount of FOUR HUNDRED AND SEVENTY FIVE THOUSAND Dollars ($475,000.00), plus accrued and unpaid interest, and any costs, expenses and fees of enforcement of this Guaranty or the Loan Agreement; provided, however, that if any of the Obligations arise from false information which was provided by Debtor to Lender where Debtor knew that such information was false or Debtor was grossly negligent in providing such information to Lender, then, the liability of the undersigned for such Obligations shall be unlimited. In connection with the foregoing, the undersigned shall not be liable for any punitive damages unless the undersigned individually or with others caused such false information to be provided to Lender.**

2. The undersigned waives notice of acceptance of this Guaranty and notice of any liability to which it may apply, and waives diligence, presentment, demand for payment, protest, notice of protest, non-performance, dishonor or nonpayment of any such liabilities and/or the Obligations, notices of the existence, creation, incurring of new or additional indebtedness, suit or taking other action by Lender against, and any other notice to, any party liable thereon (including the undersigned), and waives any defense, offset or counterclaim to any liability hereunder and the performance of each and every condition precedent to which the undersigned might otherwise be entitled by law. The undersigned further waives: i) any right to require Lender to institute suit against, or to exhaust its rights and remedies against, Debtor or any other person, or to proceed against any property of any kind securing any of the Obligations, or to exercise any right of offset or other right with respect to reserves held by Lender; ii) any defense arising by reason of any failure of Lender to obtain, perfect, maintain or keep in force any security interest in any property of Debtor or any other person; iii) any defense based upon any failure of Lender to give the undersigned notice of any sale or other disposition of any collateral securing any of the Obligations, or any failure of Lender to comply with any provision of applicable law in enforcing any security interest in any collateral securing any of the Obligations, including without limitation any failure by Lender to dispose of any collateral in a commercially reasonable manner; iv) the benefit of all statutes of limitations with respect to any action based upon, arising out of or relating to this Guaranty; v) any rights under the doctrine of marshalling of assets or any other similar doctrines. Without limiting the generality of any of the foregoing or any other provision of this Guaranty, the undersigned expressly waive any and all benefit which otherwise may be available to the undersigned under California Civil Code Sections 2809, 2810, 2819, 2839, 2845, 2849, 2850, 2899 and 3433 or any comparable provisions of the laws of any other jurisdiction, or any other statutes or rules of law now or hereafter in effect, or otherwise and/or any similar law of California or of any other jurisdiction. There are no conditions precedent or other conditions of any kind to the effectiveness of this Guaranty, and this Guaranty is immediately effective.

3. Lender may at any time from time to time (whether or not after revocation or termination of this Guaranty) without the consent of, or notice to, the undersigned, without incurring responsibility to the undersigned, without impairing or releasing the obligations of the undersigned hereunder, upon or without any terms or conditions

82461guaranty Sayed Faquiryan1                  1

and in whole or in part: (i) change the manner, place or terms or payment, or change or extend the time of payment of, renew, alter or release Debtor or any other guarantor from any of the Obligations, any security therefor, or any liability incurred directly or indirectly in respect thereof, and this Guaranty shall apply to the Obligations as so changed, extended, renewed or altered; (ii) sell, exchange, release, surrender, realize upon or otherwise deal with in any manner and in any order any property by whomsoever at any time pledged or mortgaged to secure, or howsoever securing, the Obligations hereby guaranteed or any liabilities (including any of those hereunder) incurred directly or indirectly in respect thereof or hereof, or offset there against; (iii) exercise or refrain from exercising or release any rights against Debtor or others (including the undersigned) or otherwise act or refrain from acting; (iv) settle or compromise any of the Obligations hereby guaranteed, any security therefor or any liability (including any of those hereunder) incurred directly or indirectly in respect of said Obligations and/or security therefor or this Guaranty, and subordinate the payment of all or any part thereof to the payment of any liability (whether due or not) to creditors of Debtor other than Lender and the undersigned; and (v) apply any sums by whomsoever paid or howsoever realized to any of the Obligations regardless of what Obligations or other liabilities of Debtor remain unpaid.

    4.  No invalidity, irregularity or unenforceability of all or any part of the Obligations hereby guaranteed or of any security therefor or of said factoring agreement or any amendment or supplement thereto or any other document existing between Lender and Debtor shall affect, impair or be a defense to this Guaranty and its enforceability. The liability of the undersigned hereunder is primary and unconditional and not merely that of a surety and shall not be subject to any offset, defense or counterclaim of Debtor. This Guaranty is a continuing one and all Obligations to which it applies or may apply under the terms hereof shall be conclusively presumed to have been created in reliance hereon. The books and records of Lender showing the account and dealings and transactions between Lender and Debtor shall be admissible in evidence in any action or proceeding, including photocopies thereof, shall be binding upon the undersigned for the purpose of establishing the items and amounts set forth therein, and shall constitute prima facie evidence thereof, except that monthly statements rendered by Lender to Debtor shall constitute, to the extent to which no objection is made within thirty (30) days after date thereof, an account stated between Lender and Debtor that shall be binding upon the undersigned. As to each of the undersigned, this Guaranty shall continue until ninety (90) days after written notice of revocation signed by such undersigned has been actually received by Lender, notwithstanding a revocation by, or the death of, or complete or partial release for any cause, of any one or more of the remainder of the undersigned, other guarantors or of Debtor, or of anyone liable in any manner for the Obligations hereby guaranteed, or for the liabilities (including those herein) incurred directly or indirectly in respect thereof or hereof, and notwithstanding the dissolution, termination or increase, decrease or change in personnel of any one or more of the undersigned or other guarantors which may be partnerships or corporations.

    5.  No revocation or termination hereof shall affect in any manner any of the rights arising under this Guaranty with respect to (i) Obligations which shall have been created, contracted, assumed or incurred prior to or within ninety (90) days after actual receipt by Lender of written notice of such revocation or termination and all extensions, renewals and modifications of said Obligations, or (ii) Obligations which shall have been created, contracted, assumed or incurred more than ninety (90) days after receipt of such written notice pursuant to any contract entered into by Lender prior to expiration of said ninety (90) day period.

    6.  Upon the happening of any of the following events: the failure to pay, fulfill or perform any of the Obligations when due, or any breach or failure to perform by Debtor or any of the undersigned of any representation, promise, agreement or warranty to Lender, or any revocation, breach or termination by any of the undersigned of this Guaranty, or the death or insolvency of Debtor or any of the undersigned or suspension of business of Debtor or any of the undersigned or the issuance of any writ of attachment against any of the property of Debtor or any of the undersigned, or the making by Debtor or any of the undersigned or any assignment for the benefit of creditors, or a trustee or receiver being appointed for Debtor or any of the undersigned or for any property of either of them, or any proceeding being commenced by or against Debtor or any of the undersigned under any bankruptcy, reorganization, arrangement of debt, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute - then and in any such event and at any time thereafter, Lender may, without notice to Debtor or any of the undersigned, declare any or all of the Obligations, whether or not then due, immediately due and payable hereunder by any of the undersigned, and Lender shall be entitled to enforce the obligations of any or all of the undersigned hereunder. All sums of money at any time to the credit of the undersigned with Lender or any of its affiliates and any of the property of any or all of the undersigned at any time in the possession of Lender or

any of its affiliates may be held by or on behalf of Lender as security for any and all obligations of the undersigned hereunder notwithstanding that any of said money or property may have been deposited, pledged or delivered by the undersigned for any other, different or specific purpose. Any and all present and future indebtedness and obligations of Debtor to the undersigned, and any and all claims of any nature which the undersigned may now or hereafter have against Debtor are hereby subordinated to the full payment to Lender of the Obligations, and are hereby assigned to Lender as additional collateral security therefor. If Lender so requests, any such indebtedness of Debtor to the undersigned shall be collected, enforced and received by the undersigned as trustees for Lender and be paid over to Lender on account of the Obligations but without reducing or affecting in any manner the liability of the undersigned under the other provisions of this Guaranty.

7. Whether or not any suit, claim or proceeding is filed, the undersigned agrees to reimburse and compensate Lender on request or demand for all attorneys' fees, accounting fees, investigation fees and all other costs and expenses incurred by Lender in enforcing this Guaranty or any supplement or amendment thereto or arising out of, or relating in any way to this Guaranty or any supplement or amendment thereto, or in enforcing any of the Obligations against Debtor, the undersigned or any other person. In the event Lender or the undersigned file any lawsuit, action, claim or proceeding against the other predicated on a breach or nonperformance of this Guaranty or any supplement or amendment thereto or to enforce any rights under, or to obtain any declaratory or equitable or other relief as to the terms or provisions of, this Guaranty or any supplement or amendment thereto, the prevailing party in such lawsuit, action, claim or proceeding shall be entitled to recover its attorneys' fees, accounting fees, investigation fees and costs of suit from the non-prevailing party.

8. If claim is ever made upon Lender for repayment of any amount or amounts received by Lender in payment of or on account or pursuant to of any of the Obligations and Lender repays all or part of said amount by reason of (i) any judgment, decree or order of any Court or adjudicatory or administrative body having jurisdiction over Lender or any of its property, or (ii) any settlement or compromise of any claim effected by Lender with any such claimant (including Debtor), then and in any such event the undersigned agrees that any such judgment, decree, order, settlement or compromise shall be binding upon the undersigned, notwithstanding any revocation or release hereof or the cancellation of any note or other instrument evidencing any of the Obligations, or any release or any such Obligations, and the undersigned shall be and remain liable to Lender hereunder for the amount so repaid or recovered to the same extent as if such amount had never originally been received by Lender. The provisions of this paragraph shall survive, and continue in effect, notwithstanding any revocation or release hereof.

9. No delay on the part of Lender in exercising any of its options, powers or rights, or partial or single exercise thereof, shall constitute a waiver thereof. No waiver of any of its rights hereunder, and no modification or amendment of this Guaranty shall be deemed to be made by Lender unless the same shall be in writing, duly signed on behalf of, and as actually authorized by, Lender, and each such waiver, if any, shall apply only with respect to the specific instance, matter or transaction involved, and shall in no way impair the rights of Lender or the obligations of the undersigned to Lender in any other respect, instance, matter or transaction at any other time. The undersigned hereby expressly and unconditionally waives all rights of subrogation, reimbursement and indemnity of every kind against Debtor, and all rights of recourse to any assets or property of Debtor, and all rights to any collateral or security held for the payment and performance of any Obligations, including (but not limited to) any of the foregoing rights which the undersigned may have under any present or future document or agreement with any Debtor or other person, and including (but not limited to) any of the foregoing rights which the undersigned may have under any equitable doctrine of subrogation, implied contract, or unjust enrichment, or any other equitable or legal doctrine.

10. The undersigned consent and agree that, without notice to or by the undersigned and without affecting or impairing in any way the obligations or liability of the undersigned hereunder, Lender may, from time to time, before or after revocation of this Guaranty, exercise any right or remedy it may have with respect to any or all of the Obligations or any property securing any or all of the Obligations or any guaranty thereof, including without limitation judicial foreclosure, nonjudicial foreclosure, exercise of a power of sale, and taking a deed, assignment or transfer in lieu of foreclosure as to any such property, and the undersigned expressly waive any defense based upon the exercise of any such right or remedy, notwithstanding the effect thereof upon any of the undersigned's rights, including without limitation, any destruction of the undersigned's right of subrogation against Debtor and any destruction of the undersigned's right of contribution or other right against any other guarantor of any or all of the Obligations or against any other person, whether by operation of Sections 580a, 580d or 726 of the California Code

of Civil Procedure, or any comparable provisions of the laws of any other jurisdiction, or any other statutes or rules of law now or hereafter in effect, or otherwise. Without limiting the generality of the foregoing, the undersigned waive all rights and defenses that the undersigned may have because the Obligation is secured by real property. This means, among other things: (i) Lender may collect from the undersigned without first foreclosing on any real or personal property collateral pledged by Debtor; and (ii) If Lender forecloses on any real property collateral pledged by Debtor, (A) the amount of the Obligations may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price and (B) Lender may collect from the undersigned even if Lender, by foreclosing on the real property collateral, has destroyed any right the undersigned may have to collect from Debtor. This is an unconditional and irrevocable waiver of any rights and defenses the undersigned may have because the Obligations are secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the California Code of Civil Procedure. In addition, without limiting the generality of any of the foregoing, the undersigned waive all rights and defenses that the undersigned may have because the guarantee of another guarantor is secured by real property. This means, among other things: (i) Lender may collect from the undersigned without first foreclosing on any real or personal property collateral pledged by the other guarantor, and (ii) If Lender forecloses on any real property collateral pledged by the other guarantor, (A) the amount of the Obligations may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price and (B) Lender may collect from the undersigned even if Lender, by foreclosing on the real property collateral, has destroyed any right the undersigned may have to obtain contribution from the other guarantor. This is an unconditional and irrevocable waiver of any rights and defenses the undersigned may have because the obligations of the other guarantor are secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the California Code of Civil Procedure.

11. The undersigned is presently informed of the status and financial condition of Debtor and of all other circumstances which a diligent inquiry would reveal and which bear upon the risk of nonpayment of the Obligations. The undersigned hereby covenants that they will continue to keep themselves informed of Debtor's status and financial condition and of all other circumstances which bear upon the risk of nonpayment. The undersigned hereby waives the right, if any, to require Lender to disclose to it any information which Lender may now or hereafter acquire concerning such status, condition or circumstances.

12. Neither Lender, nor any of its directors, officers, employees, agents, attorneys or any other person affiliated with or representing Lender shall be liable for any claims, demands, losses or damages, of any kind whatsoever, made, claimed, incurred or suffered by the undersigned or any other party through the ordinary negligence of Lender, or any of its directors, officers, employees, agents, attorneys or any other person affiliated with or representing Lender.

13. The undersigned agrees that any claim or cause of action by the undersigned against Lender, or any of Lender's directors, officers, employees, agents, accountants or attorneys, based upon, arising from, or relating to this Guaranty, or any other present or future agreement between Lender and the undersigned or between Lender and Debtor, or any other transaction contemplated hereby or thereby or relating hereto or thereto, or any other matter, cause or thing whatsoever, whether or not relating hereto or thereto, occurred, done, omitted or suffered to be done by Lender, or by Lender's directors, officers, employees, agents, accountants or attorneys, whether sounding in contract or in tort or otherwise, shall be barred unless asserted by the undersigned by the commencement of an action or proceeding in a court of competent jurisdiction within Los Angeles County, California by the filing of a complaint within one (1) year after the first act, occurrence or omission upon which such claim or cause of action, or any part thereof, is based and service of a summons and complaint on an officer of Lender or any other person authorized to accept service of process on behalf of Lender, within thirty (30) days thereafter. The undersigned agrees that such one (1) year period is a reasonable and sufficient time for the undersigned to investigate and act upon any such claim or cause of action. The one (1) year period provided herein shall not be waived, tolled, or extended except by a specific written agreement of Lender. This provision shall survive any termination of this Guaranty or any other agreement.

14. This Guaranty was made and entered into in the State of California and the rights and obligations of Lender and of the undersigned hereunder shall be governed and construed in accordance with the laws of the State of California; and this Guaranty is binding upon the undersigned, his, her, their or its executors, administrators, trustees, receivers, parents, holding companies, affiliates, successors and assigns, and shall inure to the benefit of

Lender, its successors and assigns. As a material part of the consideration to the Lender for accepting this Guaranty, the undersigned (i) agree that, at the option of Lender, all actions and proceedings based upon, arising out of or relating in any way directly or indirectly to this Guaranty shall be litigated exclusively in courts located within Los Angeles County, California, (ii) consent to the jurisdiction of any such court and consent to the service of process in any such action or proceeding by personal delivery, first class mail, or any other method permitted by law, and (iii) waive any and all rights to transfer or change the venue of any such action or proceeding to any court located outside Los Angeles County, California.

15. The undersigned acknowledge that the acceptance of this Guaranty by Lender does not constitute a commitment by Lender to extend credit to Debtor or to permit Debtor to incur Obligations. All sums due from the undersigned to Lender hereunder shall bear interest from the date due to the date paid at a rate equal to the highest rate charged with respect to the Obligations.

16. The undersigned, if more than one, shall be jointly and severally liable hereunder and the term "undersigned" wherever used herein shall mean the undersigned or any one or more of them. The term "Debtor", if more than one is named as such, shall mean all or any one thereof. Anyone signing this Guaranty shall be bound hereby, whether or not anyone else signs this Guaranty at any time. The term "Lender" includes any agent or representative of Lender acting for it. If any provision or portion of this Guaranty or any supplement or amendment thereto is held to be illegal, invalid or unenforceable by a court or adjudicatory body of competent jurisdiction, said provision or portion shall be deemed to be severed and deleted and the remainder shall continue to be valid and enforceable. This Guaranty is the entire and only agreement and understanding between the undersigned and Lender with respect to the guarantee of the Obligations and the subject matter of this Guaranty, and all representations, arrangements, agreements, and undertakings, oral or written, previously or contemporaneously made, which are not set forth herein, are superseded hereby. No course of dealing between the parties, no usage of the trade and no parole or extrinsic evidence of any nature shall be used or be relevant to supplement, explain or modify any term or provision of this Guaranty or any supplement or amendment thereto. The undersigned acknowledge receipt of a copy of this Guaranty, and certifies that the undersigned have read all of said document, and fully understand and agree to the same, before having signed it.

17. MUTUAL WAIVER OF JURY TRIAL. LENDER AND THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY IN ANY ACTION, CLAIM, LAWSUIT OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO: I) THIS GUARANTY OR ANY SUPPLEMENT OR AMENDMENT THERETO; OR II) ANY OTHER PRESENT OR FUTURE INSTRUMENT OR AGREEMENT BETWEEN LENDER AND THE UNDERSIGNED; OR III) ANY BREACH, CONDUCT, ACTS OR OMISSIONS OF LENDER OR THE UNDERSIGNED OR ANY OF THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES, AGENTS, ATTORNEYS OR ANY OTHER PERSON AFFILIATED WITH OR REPRESENTING LENDER OR THE UNDERSIGNED; IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE.

IN WITNESS WHEREOF, the undersigned has/have executed this Guaranty.

"GUARANTOR"

By: _____  Date: 1-19-07
Sayed M.N. Faquiryan
SS#: [redacted]

By: _____  Date: 1-19-07
Mahgul Faquiryan
Spouse
SS#: [redacted]

Address of Guarantors: 708 Antiquity Dr., Fairfield, California 94535

ACKNOWLEDGMENT

State of California      )
                         )
County of San Benito     )

On 1/19/07, before me, Mina Faquiryan, personally appeared Sayed M. N Faquiryan, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
(Signature)


ACKNOWLEDGMENT

State of California      )
                         )
County of San Benito     )

On 1/19/07, before me, Mina Faquiryan, personally appeared Mahgul Faquiryan, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
(Signature)

[Notary seal: MINA FAQUIRYAN, Commission # 1494761, Notary Public - California, Santa Clara County, My Comm. Expires Jun 13, 2008]

82461guaranty Sayed Faquiryan1                6

## UNCONDITIONAL CONTINUING GUARANTY

In order to induce BP WEST COAST PRODUCTS LLC, a Delaware limited liability company, its successors and assigns ("Lender") having an office at 4 Centerpointe Dr., LPR 6-180, La Palma, CA 90623-1066, to enter into or continue a loan agreement (collectively, the "Loan Agreement"), as amended from time to time, with STTN ENTERPRISE, INC., a California corporation limited partnership ("Debtor"), and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned hereby agrees as follows:

1. The undersigned, Nazim S.M. Faquiryan (collectively, "Guarantor") hereby irrevocably, fully and unconditionally guaranties to Lender the prompt performance and payment when due, whether by acceleration or otherwise, of all of the following (collectively, the "Obligations"): All loans, advances, indebtedness, liabilities, debit balances, letter of credit or purchase guaranty reimbursement obligations, covenants, duties and all other obligations of whatever kind or nature at any time or from time to time owing by Debtor to Lender, or to any of Lender's affiliates, whether fixed or contingent, known or unknown, liquidated or unliquidated, present or future, no matter how or when arising and whether under said Loan Agreement or any other present or future agreement or otherwise, and including without limitation all obligations owed by Debtor to third parties which are or may be assigned to Lender. In addition, the undersigned agree (s) to fully indemnify Lender against any claim, harm, loss, damage, liability, cost or expense (including all costs, attorneys' fees, accounting fees and investigation fees) incurred in connection with any action, nonperformance or breach by Debtor of said Loan Agreement, or any breach of or failure to perform any representation, promise, agreement or warranty of Debtor or any wrongful acts, conduct or omission or fraud of Debtor. Notwithstanding anything herein to the contrary, the maximum liability of the undersigned under this Guaranty is limited to the principal amount of FOUR HUNDRED AND SEVENTY FIVE THOUSAND Dollars ($475,000.00), plus accrued and unpaid interest, and any costs, expenses and fees of enforcement of this Guaranty or the Loan Agreement; provided, however, that if any of the Obligations arise from false information which was provided by Debtor to Lender where Debtor knew that such information was false or Debtor was grossly negligent in providing such information to Lender, then, the liability of the undersigned for such Obligations shall be unlimited. In connection with the foregoing, the undersigned shall not be liable for any punitive damages unless the undersigned individually or with others caused such false information to be provided to Lender.

2. The undersigned waives notice of acceptance of this Guaranty and notice of any liability to which it may apply, and waives diligence, presentment, demand for payment, protest, notice of protest, non-performance, dishonor or nonpayment of any such liabilities and/or the Obligations, notices of the existence, creation, incurring of new or additional indebtedness, suit or taking other action by Lender against, and any other notice to, any party liable thereon (including the undersigned), and waives any defense, offset or counterclaim to any liability hereunder and the performance of each and every condition precedent to which the undersigned might otherwise be entitled by law. The undersigned further waives: i) any right to require Lender to institute suit against, or to exhaust its rights and remedies against, Debtor or any other person, or to proceed against any property of any kind securing any of the Obligations, or to exercise any right of offset or other right with respect to reserves held by Lender; ii) any defense arising by reason of any failure of Lender to obtain, perfect, maintain or keep in force any security interest in any property of Debtor or any other person; iii) any defense based upon any failure of Lender to give the undersigned notice of any sale or other disposition of any collateral securing any of the Obligations, or any failure of Lender to comply with any provision of applicable law in enforcing any security interest in any collateral securing any of the Obligations, including without limitation any failure by Lender to dispose of any collateral in a commercially reasonable manner; iv) the benefit of all statutes of limitations with respect to any action based upon, arising out of or relating to this Guaranty; v) any rights under the doctrine of marshalling of assets or any other similar doctrines. Without limiting the generality of any of the foregoing or any other provision of this Guaranty, the undersigned expressly waive any and all benefit which otherwise may be available to the undersigned under California Civil Code Sections 2809, 2810, 2819, 2839, 2845, 2849, 2850, 2899 and 3433 or any comparable provisions of the laws of any other jurisdiction, or any other statutes or rules of law now or hereafter in effect, or otherwise and/or any similar law of California or of any other jurisdiction. There are no conditions precedent or other conditions of any kind to the effectiveness of this Guaranty, and this Guaranty is immediately effective.

3. Lender may at any time from time to time (whether or not after revocation or termination of this Guaranty) without the consent of, or notice to, the undersigned, without incurring responsibility to the undersigned, without impairing or releasing the obligations of the undersigned hereunder, upon or without any terms or conditions

82461guaranty Nazim Faquiryan1                    1

and in whole or in part: (i) change the manner, place or terms or payment, or change or extend the time of payment of, renew, alter or release Debtor or any other guarantor from any of the Obligations, any security therefor, or any liability incurred directly or indirectly in respect thereof, and this Guaranty shall apply to the Obligations as so changed, extended, renewed or altered; (ii) sell, exchange, release, surrender, realize upon or otherwise deal with in any manner and in any order any property by whomsoever at any time pledged or mortgaged to secure, or howsoever securing, the Obligations hereby guaranteed or any liabilities (including any of those hereunder) incurred directly or indirectly in respect thereof or hereof, or offset there against; (iii) exercise or refrain from exercising or release any rights against Debtor or others (including the undersigned) or otherwise act or refrain from acting; (iv) settle or compromise any of the Obligations hereby guaranteed, any security therefor or any liability (including any of those hereunder) incurred directly or indirectly in respect of said Obligations and/or security therefor or this Guaranty, and subordinate the payment of all or any part thereof to the payment of any liability (whether due or not) to creditors of Debtor other than Lender and the undersigned; and (v) apply any sums by whomsoever paid or howsoever realized to any of the Obligations regardless of what Obligations or other liabilities of Debtor remain unpaid.

4. No invalidity, irregularity or unenforceability of all or any part of the Obligations hereby guaranteed or of any security therefor or of said factoring agreement or any amendment or supplement thereto or any other document existing between Lender and Debtor shall affect, impair or be a defense to this Guaranty and its enforceability. The liability of the undersigned hereunder is primary and unconditional and not merely that of a surety and shall not be subject to any offset, defense or counterclaim of Debtor. This Guaranty is a continuing one and all Obligations to which it applies or may apply under the terms hereof shall be conclusively presumed to have been created in reliance hereon. The books and records of Lender showing the account and dealings and transactions between Lender and Debtor shall be admissible in evidence in any action or proceeding, including photocopies thereof, shall be binding upon the undersigned for the purpose of establishing the items and amounts set forth therein, and shall constitute prima facie evidence thereof, except that monthly statements rendered by Lender to Debtor shall constitute, to the extent to which no objection is made within thirty (30) days after date thereof, an account stated between Lender and Debtor that shall be binding upon the undersigned. As to each of the undersigned, this Guaranty shall continue until ninety (90) days after written notice of revocation signed by such undersigned has been actually received by Lender, notwithstanding a revocation by, or the death of, or complete or partial release for any cause, of any one or more of the remainder of the undersigned, other guarantors or of Debtor, or of anyone liable in any manner for the Obligations hereby guaranteed, or for the liabilities (including those herein) incurred directly or indirectly in respect thereof or hereof, and notwithstanding the dissolution, termination or increase, decrease or change in personnel of any one or more of the undersigned or other guarantors which may be partnerships or corporations.

5. No revocation or termination hereof shall affect in any manner any of the rights arising under this Guaranty with respect to (i) Obligations which shall have been created, contracted, assumed or incurred prior to or within ninety (90) days after actual receipt by Lender of written notice of such revocation or termination and all extensions, renewals and modifications of said Obligations, or (ii) Obligations which shall have been created, contracted, assumed or incurred more than ninety (90) days after receipt of such written notice pursuant to any contract entered into by Lender prior to expiration of said ninety (90) day period.

6. Upon the happening of any of the following events: the failure to pay, fulfill or perform any of the Obligations when due, or any breach or failure to perform by Debtor or any of the undersigned of any representation, promise, agreement or warranty to Lender, or any revocation, breach or termination by any of the undersigned of this Guaranty, or the death or insolvency of Debtor or any of the undersigned or suspension of business of Debtor or any of the undersigned or the issuance of any writ of attachment against any of the property of Debtor or any of the undersigned, or the making by Debtor or any of the undersigned or any assignment for the benefit of creditors, or a trustee or receiver being appointed for Debtor or any of the undersigned or for any property of either of them, or any proceeding being commenced by or against Debtor or any of the undersigned under any bankruptcy, reorganization, arrangement of debt, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute – then and in any such event and at any time thereafter, Lender may, without notice to Debtor or any of the undersigned, declare any or all of the Obligations, whether or not then due, immediately due and payable hereunder by any of the undersigned, and Lender shall be entitled to enforce the obligations of any or all of the undersigned hereunder. All sums of money at any time to the credit of the undersigned with Lender or any of its affiliates and any of the property of any or all of the undersigned at any time in the possession of Lender or

82461guaranty Nazim Faquiryan1                    2

any of its affiliates may be held by or on behalf of Lender as security for any and all obligations of the undersigned hereunder notwithstanding that any of said money or property may have been deposited, pledged or delivered by the undersigned for any other, different or specific purpose. Any and all present and future indebtedness and obligations of Debtor to the undersigned, and any and all claims of any nature which the undersigned may now or hereafter have against Debtor are hereby subordinated to the full payment to Lender of the Obligations, and are hereby assigned to Lender as additional collateral security therefor. If Lender so requests, any such indebtedness of Debtor to the undersigned shall be collected, enforced and received by the undersigned as trustees for Lender and be paid over to Lender on account of the Obligations but without reducing or affecting in any manner the liability of the undersigned under the other provisions of this Guaranty.

7. Whether or not any suit, claim or proceeding is filed, the undersigned agrees to reimburse and compensate Lender on request or demand for all attorneys' fees, accounting fees, investigation fees and all other costs and expenses incurred by Lender in enforcing this Guaranty or any supplement or amendment thereto or arising out of, or relating in any way to this Guaranty or any supplement or amendment thereto, or in enforcing any of the Obligations against Debtor, the undersigned or any other person. In the event Lender or the undersigned file any lawsuit, action, claim or proceeding against the other predicated on a breach or nonperformance of this Guaranty or any supplement or amendment thereto or to enforce any rights under, or to obtain any declaratory or equitable or other relief as to the terms or provisions of, this Guaranty or any supplement or amendment thereto, the prevailing party in such lawsuit, action, claim or proceeding shall be entitled to recover its attorneys' fees, accounting fees, investigation fees and costs of suit from the non-prevailing party.

8. If claim is ever made upon Lender for repayment of any amount or amounts received by Lender in payment of or on account or pursuant to of any of the Obligations and Lender repays all or part of said amount by reason of (i) any judgment, decree or order of any Court or adjudicatory or administrative body having jurisdiction over Lender or any of its property, or (ii) any settlement or compromise of any claim effected by Lender with any such claimant (including Debtor), then and in any such event the undersigned agrees that any such judgment, decree, order, settlement or compromise shall be binding upon the undersigned, notwithstanding any revocation or release hereof or the cancellation of any note or other instrument evidencing any of the Obligations, or any release or any such Obligations, and the undersigned shall be and remain liable to Lender hereunder for the amount so repaid or recovered to the same extent as if such amount had never originally been received by Lender. The provisions of this paragraph shall survive, and continue in effect, notwithstanding any revocation or release hereof.

9. No delay on the part of Lender in exercising any of its options, powers or rights, or partial or single exercise thereof, shall constitute a waiver thereof. No waiver of any of its rights hereunder, and no modification or amendment of this Guaranty shall be deemed to be made by Lender unless the same shall be in writing, duly signed on behalf of, and as actually authorized by, Lender, and each such waiver, if any, shall apply only with respect to the specific instance, matter or transaction involved, and shall in no way impair the rights of Lender or the obligations of the undersigned to Lender in any other respect, instance, matter or transaction at any other time. The undersigned hereby expressly and unconditionally waives all rights of subrogation, reimbursement and indemnity of every kind against Debtor, and all rights of recourse to any assets or property of Debtor, and all rights to any collateral or security held for the payment and performance of any Obligations, including (but not limited to) any of the foregoing rights which the undersigned may have under any present or future document or agreement with any Debtor or other person, and including (but not limited to) any of the foregoing rights which the undersigned may have under any equitable doctrine of subrogation, implied contract, or unjust enrichment, or any other equitable or legal doctrine.

10. The undersigned consent and agree that, without notice to or by the undersigned and without affecting or impairing in any way the obligations or liability of the undersigned hereunder, Lender may, from time to time, before or after revocation of this Guaranty, exercise any right or remedy it may have with respect to any or all of the Obligations or any property securing any or all of the Obligations or any guaranty thereof, including without limitation judicial foreclosure, nonjudicial foreclosure, exercise of a power of sale, and taking a deed, assignment or transfer in lieu of foreclosure as to any such property, and the undersigned expressly waive any defense based upon the exercise of any such right or remedy, notwithstanding the effect thereof upon any of the undersigned's rights, including without limitation, any destruction of the undersigned's right of subrogation against Debtor and any destruction of the undersigned's right of contribution or other right against any other guarantor of any or all of the Obligations or against any other person, whether by operation of Sections 580a, 580d or 726 of the California Code

of Civil Procedure, or any comparable provisions of the laws of any other jurisdiction, or any other statutes or rules of law now or hereafter in effect, or otherwise. Without limiting the generality of the foregoing, the undersigned waive all rights and defenses that the undersigned may have because the Obligation is secured by real property. This means, among other things: (i) Lender may collect from the undersigned without first foreclosing on any real or personal property collateral pledged by Debtor; and (ii) If Lender forecloses on any real property collateral pledged by Debtor, (A) the amount of the Obligations may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price and (B) Lender may collect from the undersigned even if Lender, by foreclosing on the real property collateral, has destroyed any right the undersigned may have to collect from Debtor. This is an unconditional and irrevocable waiver of any rights and defenses the undersigned may have because the Obligations are secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the California Code of Civil Procedure. In addition, without limiting the generality of any of the foregoing, the undersigned waive all rights and defenses that the undersigned may have because the guarantee of another guarantor is secured by real property. This means, among other things: (i) Lender may collect from the undersigned without first foreclosing on any real or personal property collateral pledged by the other guarantor, and (ii) If Lender forecloses on any real property collateral pledged by the other guarantor, (A) the amount of the Obligations may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price and (B) Lender may collect from the undersigned even if Lender, by foreclosing on the real property collateral, has destroyed any right the undersigned may have to obtain contribution from the other guarantor. This is an unconditional and irrevocable waiver of any rights and defenses the undersigned may have because the obligations of the other guarantor are secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the California Code of Civil Procedure.

11. The undersigned is presently informed of the status and financial condition of Debtor and of all other circumstances which a diligent inquiry would reveal and which bear upon the risk of nonpayment of the Obligations. The undersigned hereby covenants that they will continue to keep themselves informed of Debtor's status and financial condition and of all other circumstances which bear upon the risk of nonpayment. The undersigned hereby waives the right, if any, to require Lender to disclose to it any information which Lender may now or hereafter acquire concerning such status, condition or circumstances.

12. Neither Lender, nor any of its directors, officers, employees, agents, attorneys or any other person affiliated with or representing Lender shall be liable for any claims, demands, losses or damages, of any kind whatsoever, made, claimed, incurred or suffered by the undersigned or any other party through the ordinary negligence of Lender, or any of its directors, officers, employees, agents, attorneys or any other person affiliated with or representing Lender.

13. The undersigned agrees that any claim or cause of action by the undersigned against Lender, or any of Lender's directors, officers, employees, agents, accountants or attorneys, based upon, arising from, or relating to this Guaranty, or any other present or future agreement between Lender and the undersigned or between Lender and Debtor, or any other transaction contemplated hereby or thereby or relating hereto or thereto, or any other matter, cause or thing whatsoever, whether or not relating hereto or thereto, occurred, done, omitted or suffered to be done by Lender, or by Lender's directors, officers, employees, agents, accountants or attorneys, whether sounding in contract or in tort or otherwise, shall be barred unless asserted by the undersigned by the commencement of an action or proceeding in a court of competent jurisdiction within Los Angeles County, California by the filing of a complaint within one (1) year after the first act, occurrence or omission upon which such claim or cause of action, or any part thereof, is based and service of a summons and complaint on an officer of Lender or any other person authorized to accept service of process on behalf of Lender, within thirty (30) days thereafter. The undersigned agrees that such one (1) year period is a reasonable and sufficient time for the undersigned to investigate and act upon any such claim or cause of action. The one (1) year period provided herein shall not be waived, tolled, or extended except by a specific written agreement of Lender. This provision shall survive any termination of this Guaranty or any other agreement.

14. This Guaranty was made and entered into in the State of California and the rights and obligations of Lender and of the undersigned hereunder shall be governed and construed in accordance with the laws of the State of California; and this Guaranty is binding upon the undersigned, his, her, their or its executors, administrators, trustees, receivers, parents, holding companies, affiliates, successors and assigns, and shall inure to the benefit of

82461guaranty Nazim Faquiryan1                              4

Lender, its successors and assigns. As a material part of the consideration to the Lender for accepting this Guaranty, the undersigned (i) agree that, at the option of Lender, all actions and proceedings based upon, arising out of or relating in any way directly or indirectly to this Guaranty shall be litigated exclusively in courts located within Los Angeles County, California, (ii) consent to the jurisdiction of any such court and consent to the service of process in any such action or proceeding by personal delivery, first class mail, or any other method permitted by law, and (iii) waive any and all rights to transfer or change the venue of any such action or proceeding to any court located outside Los Angeles County, California.

15. The undersigned acknowledge that the acceptance of this Guaranty by Lender does not constitute a commitment by Lender to extend credit to Debtor or to permit Debtor to incur Obligations. All sums due from the undersigned to Lender hereunder shall bear interest from the date due to the date paid at a rate equal to the highest rate charged with respect to the Obligations.

16. The undersigned, if more than one, shall be jointly and severally liable hereunder and the term "undersigned" wherever used herein shall mean the undersigned or any one or more of them. The term "Debtor", if more than one is named as such, shall mean all or any one thereof. Anyone signing this Guaranty shall be bound hereby, whether or not anyone else signs this Guaranty at any time. The term "Lender" includes any agent or representative of Lender acting for it. If any provision or portion of this Guaranty or any supplement or amendment thereto is held to be illegal, invalid or unenforceable by a court or adjudicatory body of competent jurisdiction, said provision or portion shall be deemed to be severed and deleted and the remainder shall continue to be valid and enforceable. This Guaranty is the entire and only agreement and understanding between the undersigned and Lender with respect to the guarantee of the Obligations and the subject matter of this Guaranty, and all representations, arrangements, agreements, and undertakings, oral or written, previously or contemporaneously made, which are not set forth herein, are superseded hereby. No course of dealing between the parties, no usage of the trade and no parole or extrinsic evidence of any nature shall be used or be relevant to supplement, explain or modify any term or provision of this Guaranty or any supplement or amendment thereto. The undersigned acknowledge receipt of a copy of this Guaranty, and certifies that the undersigned have read all of said document, and fully understand and agree to the same, before having signed it.

17. MUTUAL WAIVER OF JURY TRIAL. LENDER AND THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY IN ANY ACTION, CLAIM, LAWSUIT OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO: I) THIS GUARANTY OR ANY SUPPLEMENT OR AMENDMENT THERETO; OR II) ANY OTHER PRESENT OR FUTURE INSTRUMENT OR AGREEMENT BETWEEN LENDER AND THE UNDERSIGNED; OR III) ANY BREACH, CONDUCT, ACTS OR OMISSIONS OF LENDER OR THE UNDERSIGNED OR ANY OF THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES, AGENTS, ATTORNEYS OR ANY OTHER PERSON AFFILIATED WITH OR REPRESENTING LENDER OR THE UNDERSIGNED; IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE.

IN WITNESS WHEREOF, the undersigned has/have executed this Guaranty.

"GUARANTOR"

By: _____  Date: 1-19-07
    Nazim S.M. Faquiryan
SS#: ███████

Address of Guarantors: 783 Antiquity Dr., Fairfield, California 94535

ACKNOWLEDGMENT

State of California )
County of San Benito )

On 1/19/07, before me, _Mina Faquiryan_ personally appeared _Nazim SM Faquiryan_, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_(Signature)_

MINA FAQUIRYAN
Commission # 1494761
Notary Public - California
Santa Clara County
My Comm. Expires Jun 13, 2008

82461guaranty Nazim Faquiryan1                    6