# EXHIBIT Q
# TO FIRST AMENDED COMPLAINT

# WB WESTON BENSHOOF
## ROCHEFORT RUBALCAVA MACCUISH LLP
ATTORNEYS AT LAW

(213) 576-1084
djones@wbcounsel.com

September 13, 2007

**VIA FACSIMILE**

John G. Michael, Esq.
Baker Manok & Jensen, Attorneys At Law
5260 North Palm Avenue
Fourth Floor
Fresno, CA 93704

Re: STTN Enterprises, Inc. and ARCO-branded Station and am/pm Mini Market located at 631 San Felipe Road, Hollister, California 95035 ("Station")

Dear Mr. Michael:

Please be advised that we represent BP West Coast Products LLC ("BPWCP") concerning the Station. We respond to your correspondence dated September 12, 2007, as follows:

Although BPWCP maintains that its termination of the franchise relationship with STTN Enterprise, Inc. ("STTN") is proper and supported by applicable legal and statutory authority, in order to avoid extra legal and other costs, BPWCP will agree to reschedule the debranding of the Station to Monday, September 17, 2007 at 8:00 a.m. In the meantime, your clients must immediately remove and/or adequately cover all ARCO and am/pm signage on and inside the building, canopy and dispensers which include, but are not limited to, the ARCO mark on the dispensers, the "am/pm" and "eyebrow" signage on the building, the striping on the building, the striping on the canopy, the ARCO mark on the canopy, and the "Arctic Avenue" and "Thirst Oasis" signage inside the store. As of September 11, 2007, the Station was still improperly displaying these trademark-protected signs while, at the same time, offering non-ARCO branded gasoline for sale.

Furthermore, by agreeing to reschedule the debranding, BPWCP by no means agrees with any of the contentions set forth in your letter. Indeed, each of your

John G. Michael, Esq.
September 13, 2007
Page 2

claims is patently false. For example, you assert that BPWCP encouraged "STTN to start construction before BP funded any loans." This statement is incorrect and never happened. You also place the blame of the delays in the loan processing on BPWCP. Your clients, however, repeatedly failed to provide requested documentation to support the pay out of loan funds <u>as was a condition precedent to the release of any funds pursuant to the loan terms</u>. Furthermore, BPWCP never represented that your clients had provided "all the necessary documentation." Rather it was quite the contrary; BPWCP made numerous requests for documentation to support the work performed at the Station and proof that STTN funded the work. To this day, your clients have yet to provide the required documentation. It is absurd that your clients expect to receive loan funds from BPWCP when they have failed to comply with the applicable loan terms.

Finally, BPWCP rejects your clients' demand for $1,751,000, which is unsupported and improper. Moreover, please be advised that BPWCP fully intends on pursuing its legal remedies against your clients including, but not limited to, an action to recover the $126,394.77 (plus interest) for outstanding gasoline product deliveries and the $150,000 outstanding loan balance.

Please contact me should you have any questions.

Sincerely,

Deborah Y. Jones
WESTON, BENSHOOF,
ROCHEFORT, RUBALCAVA & MacCUISH LLP

dyj/DJ

cc:   Kurt Osenbaugh, Esq. (via email)

WESTON BENSHOOF
ROCHEFORT RUBALCAVA MacCUISH LLP
ATTORNEYS AT LAW

257

1049773.1