1  KURT OSENBAUGH (State Bar No. 106132)
   DEBORAH YOON JONES (State Bar No. 178127)
2  SAYAKA KARITANI (State Bar No. 240122)
   **WESTON, BENSHOOF, ROCHEFORT,**
3      **RUBALCAVA & MacCUISH LLP**
   333 South Hope Street
4  Sixteenth Floor
   Los Angeles, California 90071
5  Telephone:  (213) 576-1000
   Facsimile:  (213) 576-1100
6
   Attorneys for Plaintiffs
7  BP WEST COAST PRODUCTS LLC and
   ATLANTIC RICHFIELD COMPANY
8
9                **UNITED STATES DISTRICT COURT**
10
               **NORTHERN DISTRICT OF CALIFORNIA**
11
12
13  BP WEST COAST PRODUCTS LLC, a          Case No.: C07 04808 RS
    Delaware Limited Liability Company; and
14  ATLANTIC RICHFIELD COMPANY, a          *EX PARTE* APPLICATION FOR
    Delaware Corporation,                  TEMPORARY RESTRAINING
15                                         ORDER AND ORDER TO SHOW
               Plaintiff,                  CAUSE RE ISSUANCE OF
16                                         PRELIMINARY INJUNCTION;
        v.                                 MEMORANDUM OF POINTS AND
17                                         AUTHORITIES IN SUPPORT
    STTN ENTERPRISES, INC., a California   THEREOF
18  Corporation; NAZIM FAQUIRYAN, an
    individual; SAYED FAQUIRYAN, an        [Filed concurrently with Declarations of
19  individual; and MAGHUL FAQUIRYAN,      Brad Christensen and Deborah Yoon
    an individual; and AVA GLOBAL          Jones; and [Proposed] Order.]
20  ENTERPRISE, LLC, a California limited
    liability company,                     Date:  To Be Scheduled by Court
21                                         Time: To Be Scheduled by Court
               Defendants.                 Ctrm: 4
22
23                                              Honorable Richard Seeborg
24                                         Filing Date:        September 17, 2007
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................5

II. SUMMARY OF FACTS ........................................................................6

    A.  The Federally Registered and Common Law Protected Trademarks. ..............................................................................6

    B.  Defendants' Violation of the Federally Registered and Common Law Trademarks..............................................................9

    C.  BPWCP and ARCO Demand that Defendants Stop Any Display or Sales of Products Bearing Trademarks, Trade Names or Any Other Infringing Marks..................................................................10

    D.  Scope of the Injunction. ..........................................................11

III. BPWCP AND ARCO ARE ENTITLED TO INJUNCTIVE RELIEF AND AS SUCH, A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE SHOULD ISSUE HERE ...................................12

    A.  Standard for Granting Injunctive Relief......................................12

    B.  BPWCP and ARCO Are Likely to Prevail on the Merits. .......................13

    C.  BPWCP and ARCO Have Suffered and Will Suffer Immediate and Irreparable Harm if Defendants are Not Restrained from Violating the Protected Marks..................................................................14

    D.  The Balance Of Hardships Weighs In Favor Of BPWCP and ARCO. ..............................................................................15

IV. CONCLUSION........................................................................15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Arcamuzi v. Continental Air Lines, Inc.,*
   819 F.2d 935 (9th Cir. 1987) ...................................................................... 12

*Atari Corp. v. Nintendo of America, Inc.,*
   897 F.2d 1572 (9th Cir. 1990) ..................................................................... 12

*Fong v. Lawn,*
   851 F.2d 1559 (9th Cir. 1988) ..................................................................... 12

*Johanna Farms, Inc. v. Citrus Bowl, Inc.,*
   468 F.Supp. 866 (E.D.N.Y. 1978) ............................................................... 13

*Metro Brokers, Inc. v. Tann,*
   815 F.Supp. 377 (D.Colo. 1993) .................................................................. 12

*Pfizer, Inc. v. Miles, Inc.,*
   868 F.Supp. 437 (D.Conn. 1994) ................................................................. 13

*Second Earth Enterprises, Inc. v. Allstar Product Marketing Co.,*
   717 F.Supp. 302 (E.D. Pa. 1989) ................................................................. 13

## STATUTES

15 U.S.C. § 1125(a) ............................................................................................ 13

15 U.S.C. § 1125(c) ............................................................................................ 13

15 U.S.C. §§ 2801, et seq. ................................................................................... 11

## RULES

F.R.C.P. Rule 65(b) ............................................................................................ 12

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

1061150.1

1    TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD

2    HEREIN:

3    PLEASE TAKE NOTICE that Plaintiffs BP West Coast Products LLC

4    ("BPWCP") and Atlantic Richfield Company ("ARCO") hereby apply *ex parte* to this

5    Court for an order restraining and enjoining defendants STTN Enterprises, Inc.,

6    Nazim Faquiryan, Sayed Faquiryan, Maghul Faquiryan, and AVA Global Enterprise,

7    LLC (collectively, "Defendants") from the use and display of the following items

8    which bear federally registered and common law protected trademarks ("Protected

9    Marks"):

10    (a)    "ARCO" Logo contained on pay station screen near the gasoline

11    pumps:  Registration Number 1495419;

12    (b)    "ARCO" typed words as in "Thank You for Choosing ARCO"

13    contained on pay station screen near the gasoline pumps:    Registration Number

14    1496212;

15    (c)    "am/pm" logo contained on fountain beverage cups: Registration

16    Number 2821396;

17    (d)    "am/pm" logo contained on nachos wrappers:    Registration

18    Number 1459431;

19    (e)    "Thirst Oasis" logo contained on fountain beverage cups:

20    Registration Number 313357.

21    The following designs and marks are proprietary and exclusive to

22    BPWCP's franchises and BPWCP must authorize their use:

23    •    "Fill Smart" words depicted on pay station screen near the gasoline

24        pumps.;

25    •    Soda Machine Graphics "Crunch Cube" depicted;

26    •    am/pm Coffee Graphics;

27    •    am/pm Coffee Menu;

28    •    am/pm Hamburger Graphics;

1

1           •   ARCO Blue Neon Illuminated Light Stripe on Fuel Canopy; and

2           •   am/pm Orange Neon Illuminated Light Stripe on Mini Market.

3         Defendants are utilizing these Protected Marks at their gasoline station

4 and convenience store located at 631 San Felipe Road, Hollister, California 95035 (the

5 "Station").    Indeed, the pay machines at the gasoline pumps continue to indicate

6 "Thank you for choosing ARCO."   In addition, Defendants continue to display and

7 sell cups for fountain beverages and food wrappers bearing am/pm trademarked

8 designs.

9         This *Ex Parte* Application is made on the grounds that Defendants are

10 unauthorized to utilize the Protected Marks.   Defendants are not ARCO dealers or

11 BPWCP franchisees and do not sell ARCO-branded motor fuels or am/pm mini

12 market convenience store products and services.   Although STTN Enterprises, Inc.

13 ("STTN"), is a former BPWCP franchisee and previously enjoyed the right to display

14 and use the Protected Marks, BPWCP terminated the franchise relationship due to a

15 number of breaches and defaults by STTN as set forth more specifically in the First

16 Amended Complaint.  Thus, Defendants are no longer authorized to use or display any

17 of the Protected Marks.

18         Defendants' ongoing use of products and materials bearing the Protected

19 Marks is likely to confuse, mislead or deceive customers, purchasers and members of

20 the general public as to the origin, source, sponsorship or affiliation of Defendants'

21 products and is likely to cause such people to erroneously believe that Defendants'

22 motor fuel and convenience store products and services have been manufactured,

23 authorized, sponsored, approved or licensed by BPWCP and/or ARCO, or that

24 Defendants are in some way affiliated with BPWCP or ARCO.  This is especially so

25 since there used to be an ARCO-branded gasoline station and am/pm mini market at

26 the 631 San Felipe Road, Hollister, California location, which increases the likelihood

27 of confusion to the public.  As set forth more fully in the First Amended Complaint

28 filed in this action, the Memorandum of Points and Authorities attached hereto, and

1   the Declarations of Brad Christiansen and Deborah Yoon Jones filed concurrently

2   herewith, Defendants are in violation of Sections 32 and 43 of the Lanham Act, 15

3   U.S.C. §§ 1114 and 1125, are liable under common law unfair competition principles,

4   and are in violation of California *Business & Professions Code* §§ 14320, 14330,

5   17200 *et seq.*, and 17500 *et seq.* by continuing to utilize, without authorization, the

6   Protected Marks.

7         Defendants' continued use and display of the Protected Marks will result

8   in continued and irreparable injury to BPWCP, ARCO and the public before this

9   matter may be heard on a fully noticed motion. Although Defendants are on notice of

10   their violations, Defendants have refused to immediately remedy the situation. As

11   such, BPWCP and ARCO apply to this Court for a Temporary Restraining Order that:

12         (1)   Requires Defendants to immediately remove all products and

13               materials bearing the Protected Marks from the Station; and

14         (2)   Restrains Defendants from any future use of the Protected Marks.

15         BPWCP and ARCO also apply *ex parte* for an Order to Show Cause re

16   Issuance of Preliminary Injunction enjoining and restraining Defendants from further

17   acts of trademark infringement. Specifically, BPWCP and ARCO seek an order that

18   requires:

19         (1)   Defendants to show cause why they should not be enjoined from

20               displaying or otherwise using the federally registered trademarks

21               and trademark names pending the outcome of trial of this action;

22               and

23         (2)   Defendants, their agents, servants, employees and attorneys and all

24               those in active concert or participation with them to be restrained

25               and enjoined from the violations described above and herein.

26         This *Ex Parte* Application is based upon the First Amended Complaint

27   filed on October 17, 2007, the Memorandum of Points and Authorities filed herewith,

28

1   the Declarations of Brad Christensen and Deborah Yoon Jones filed herewith, and

2   upon such oral argument as may be made to the Court.

3

4   DATED:  October 18, 2007              Respectfully submitted,

5                                        KURT OSENBAUGH
                                         DEBORAH YOON JONES
6                                        SAYAKA KARITANI
                                         **WESTON, BENSHOOF, ROCHEFORT,**
7                                        **RUBALCAVA & MacCUISH LLP**

8

9                                        _____
                                                   Deborah Yoon Jones
10                                       Attorneys for Plaintiff
                                         BP WEST COAST PRODUCTS LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

1061150.1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3          Without the consent, approval, authorization or permission from BPWCP

4 or ARCO to use products and materials that bear federally registered trademarks, trade

5 names, and service marks, Defendants continue to use food and beverage containers

6 and other materials at their non-ARCO-branded gasoline station and non-am/pm

7 convenience store. Defendants were previously BPWCP franchisees but due to their

8 numerous breaches of the franchise agreements, BPWCP terminated the franchise and

9 debranded the gasoline station and convenience store. However, Defendants continue

10 to use paper products, cups, and other materials which contain federally registered

11 trademarks, trade names, and service marks that are federally registered or recognized

12 as proprietary under common law. Furthermore, the pay machine at the gasoline

13 pumps go so far as to indicate "Thank you for choosing ARCO." The station is no

14 longer an ARCO-branded station or am/pm mini market. BPWCP and ARCO (the

15 registered owner of the trademarks) have notified Defendants of their violations.

16 Defendants refuse to stop their infringement and dilution.

17          Dealers and franchisees of BPWCP pay a royalty for the use of "ARCO"

18 and am/pm signage and displays in marketing motor fuel and convenience store

19 products and services sold at BPWCP's ARCO-branded gasoline stations and am/pm

20 mini markets. But, Defendants have not paid any such royalties as they are no longer

21 franchisees nor do they have any agreement with BPWCP or ARCO to sell motor fuel

22 and convenience store products and services under the ARCO or am/pm brand names.

23 Furthermore, BPWCP and ARCO do not supply any motor fuel or convenience store

24 products to Defendants. Thus, as set forth herein and in the First Amended Complaint

25 filed by BPWCP and ARCO, Defendants are trying to gain an unfair advantage by

26 their unauthorized use of the Protected Marks in violation of both Federal and State

27 trademark and unfair competition authorities.

28          Because BPWCP and ARCO are suffering continued and irreparable

harm as each day goes by with Defendants selling motor fuel and convenience store products and services under the guise of an ARCO-branded gasoline station and am/pm mini market, BPWCP and ARCO seek *ex parte* relief from this Court. Besides the confusion and mistake created by Defendants' acts to the consumers and public, other ARCO-branded gasoline stations and am/pm mini markets in the area will suffer as result of Defendants' actions. Accordingly, BPWCP and ARCO respectfully request that this Court issue a Temporary Restraining Order and Order to Show Cause re Issuance of Preliminary Injunction requiring Defendants to immediately remove all products and materials bearing the Protected Marks and refrain from further actions that violate and infringe upon the trademarked rights.

## II.    SUMMARY OF FACTS

### A.    The Federally Registered and Common Law Protected Trademarks.

Plaintiff BPWCP is engaged in the marketing and distribution of motor fuel in the State of California and elsewhere in the United States. BPWCP currently has ARCO-branded gasoline stations with am/pm mini market conveniences stores located throughout the Western States. Among its activities, BPWCP sells ARCO-branded motor fuels to franchisees and, at certain of its properties, provides franchisees with products for am/pm mini market convenience stores to be operated concurrently on the same properties. Pursuant to franchise agreements, BPWCP has the authority to grant its franchisee dealers the right to use trade names, trademarks, and service marks in connection with the resale of ARCO-branded motor fuels and the operation of the am/pm mini market convenience stores. Franchisee dealers must pay BPWCP a royalty for use of the trade names, trademarks, and service marks. [See Declaration of Brad Christensen ("Christensen Decl."), ¶ 13.]

ARCO is the registered owner of federally registered trademarks on the following items, which have registration numbers as indicated:

(a)    "ARCO" Logo depicted in photograph number 1 in Exhibit C to Christensen Decl.: Registration Number 1495419;

6

(b)    "ARCO" typed words as in "Thank You for Choosing ARCO" depicted in photograph number 2 in <u>Exhibit C</u> to Christensen Decl.:    Registration Number 1496212;

(c)    "am/pm" logo contained on fountain beverage cups depicted in photograph number 3 in <u>Exhibit C</u> to Christensen Decl.: Registration Number 2821396; and

(d)    "am/pm" logo contained on nachos wrappers depicted in photograph number 5 in <u>Exhibit C</u> to Christensen Decl.:    Registration Number 1459431.  (See Christensen Decl., ¶ 8.)

BP Products North America, Inc. is the registered owner of the "Thirst Oasis" logo contained on fountain beverage cups and depicted in photograph numbers 4 and 13 in <u>Exhibit C</u> to Christensen Decl; the relevant registration number for this logo is 313357.  (Christensen Decl., ¶ 11.)

The following designs and marks are proprietary and exclusive to BPWCP's franchises and BPWCP must authorize their use:

(a)    "Fill Smart" words depicted in photograph number 1 in <u>Exhibit C</u> to Christensen Decl.;

(b)    Soda Machine Graphics "Crunch Cube" depicted in photograph number 6 in <u>Exhibit C</u> to Christensen Decl.;

(c)    am/pm Coffee Graphics depicted in photograph numbers 7 and 8 in <u>Exhibit C</u> to Christensen Decl.;

(d)    am/pm Coffee Menu depicted in photograph number 9 in <u>Exhibit C</u> to Christensen Decl.;

(e)    am/pm Hamburger Graphics depicted in photograph number 10 in <u>Exhibit C</u> to Christensen Decl.;

(f)    ARCO Blue Neon Illuminated Light Stripe on Fuel Canopy depicted in photograph number 11 in <u>Exhibit C</u> to Christensen Decl.; and

(g)    am/pm Orange Neon Illuminated Light Stripe on Mini Market

7

1    depicted in photograph number 12 in <u>Exhibit C</u> to Christensen Decl.

2         BP Products North America, Inc. is the registered owner of the "Thirst

3    Oasis" logo contained on fountain beverage cups and depicted in photograph numbers

4    4 and 13 in <u>Exhibit C</u>; the relevant registration number for this logo is 313357.

5    BPWCP has the right to utilize these trademarks in connection with its ARCO-

6    branded gasoline station and am/pm mini market franchises, has a cognizable interest

7    in the infringed upon mark, and therefore has a right to bring the trademark

8    infringement action. [Christensen Decl., ¶ 11.]

9         In addition, these Protected Marks have been used continuously since

10   they were first used in commerce in connection with ARCO-branded gasoline stations

11   and am/pm mini market/convenience stores throughout the Western United States in

12   California, Nevada, Washington, Oregon, and Arizona (the "Western States").

13   [Christensen Decl., ¶ 12 and <u>Exhibit B</u> and <u>Exhibit C</u>.] These Protected Marks have

14   been used to identify for consumers the products available at ARCO-branded gasoline

15   stations and am/pm mini market convenience stores.

16        Furthermore, BPWCP and ARCO have made a significant investment to

17   advertise and market the Protected Marks in connection with the sale of high quality

18   motor fuels and mini market convenience store products and services, and have

19   developed considerable good will in the Protected Marks among the consumers of

20   motor fuels and mini market convenience store products and services. The Protected

21   Marks are prominently displayed at ARCO-branded gasoline stations and am/pm mini

22   market convenience stores throughout the Western States. [Christensen Decl., ¶ 12.]

23   BPWCP and ARCO rely heavily on the name, color and design scheme recognition

24   and good will that it has developed over the years in these Protected Marks to attract

25   customers and to make sales of ARCO-branded motor fuels and am/pm mini market

26   convenience store products and services. [*Id.*]

27

28

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

1061150.1

**B.**     **Defendants' Violation of the Federally Registered and Common Law Trademarks.**

Prior to BPWCP terminating its franchise relationship with STTN, the Station was an ARCO-branded gasoline station and am/pm mini market.  As discussed above, the Station was an ARCO gasoline station and am/pm mini market, however, BPWCP terminated the franchise effective September 6, 2007.  BPWCP "de-branded" the Station on September 17 and 18, 2007, and advised Defendants to remove all products bearing trademarked and proprietary displays and products.  As of September 11, 2007, the Station was still improperly displaying these Protected Marks while, at the same time, offering non-ARCO branded gasoline for sale.

Defendants have and continue to violate Federally-registered trademarks, trade names and service marks and use proprietary materials as follows:

- Defendants have not altered the Pay Island Cashier Machine screen such that the screen statement displays "ARCO" and "bp" logos, and states "Fill Smart," and "Thank you for choosing ARCO";

- Defendants continue to sell beverages in fountain cups bearing "am/pm" and "thirst oasis" logos;

- Defendants continue to sell Nacho Chips that are contained in "am/pm" food wrappers;

- Defendants continue to display the am/pm soda fountain "CRUNCH CUBE" machine graphics above the soda dispenser heads;

- Defendants continue to display the am/pm coffee graphics above the coffee machine;

- Defendants continue to display the am/pm coffee price menu board that are exclusive to am/pm mini markets;

- Defendants continue to display a hamburger graphic that is exclusive to am/pm mini markets;

- Defendants continue to utilize the ARCO neon blue illuminated

9

1061150.1

light band on the fuel canopy;

- Defendants continue to utilize the am/pm neon orange illuminated light band in the mini market exterior; and

- Defendants have not altered the store cash registers such that the printed receipts state "Thirst Oas" for a purchase of fountain beverages.

[Christensen Decl., ¶¶ 6, 8, 9 and 11.]

### C. BPWCP and ARCO Demand that Defendants Stop Any Display or Sales of Products Bearing Trademarks, Trade Names or Any Other Infringing Marks

In a letter dated September 12, 2007, Plaintiffs advised Defendants that they must immediately discontinue the use of all the Protected Marks. [Jones Decl., ¶2, Exhibit D.]

Defendants sent a letter dated September 12, 2007 which notably failed to address any of the trademark violations and threatened BPWCP with litigation. [Jones Decl., ¶3, Exhibit E.]

In a letter dated September 13, 2007, BPWCP and ARCO demanded that Defendants immediately cease the trademark and trade name violations and stop using proprietary items. [Jones Decl., ¶ 4, Exhibit F.] As of October 12, 2007, Defendants were continuing to violate BPWCP's and ARCO's trademark-protected and proprietary interests. [Christensen Decl., ¶¶ 6, 8, and 9, Exhibit C.]

On October 8, 2007, BPWCP's counsel contacted Defendants' to advise that BPWCP would be filing a First Amended Complaint to include claims for trademark violation and moreover, would be filing a Temporary Restraining Order to restrain Defendants from their continued trademark violations. [Jones Decl., ¶ 6.] BPWCP's counsel agreed to hold off on its filings to determine whether Defendants' had any interest with an informal mediation. As of today's date BPWCP's counsel

10

*EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

1    has not heard from Mr. Michael and it is my understanding that Defendants'

2    trademark infringement persists.

3         Although BPWCP and ARCO have made informal attempts to resolve

4    the dispute prior to filing this First Amended Complaint, Defendants refused to cease

5    their violations.    Indeed, to date, Defendants continue to use the famous and

6    trademarked ARCO and am/pm names, trademarked products, and proprietary

7    materials in connection with the promotion, distribution, and sale of motor fuels and

8    convenience store products.

9    **D.**    **Scope of the Injunction.**

10        In view of the foregoing facts, on October 18, 2007, BPWCP and ARCO

11   filed a First Amended Complaint for: (1) declaratory relief under the Petroleum

12   Marketing Practices Act [15 U.S.C. §§ 2801, et seq.]; (2) breach of contract – gasoline

13   agreement; (3) breach of contract – mini market agreement; (4) breach of franchise

14   guaranties; (5) common count – goods sold and delivered; (6) unjust enrichment; (7)

15   breach of contract – mini market loan agreement; (8) breach of mini market loan

16   guaranties; (9) judicial foreclosure; (10) federal trademark, trade name, and service

17   mark infringement; (11) common law unfair competition; (12) trademark infringement

18   under California Business & Professions Code § 14320 and § 14330; and

19   (13) violation of California Business & Professions Code §§ 17200 et seq. & 17500 et

20   seq.[1] BPWCP and ARCO believe that during the pendency of the action BPWCP and

21   ARCO will be irreparably harmed if Defendants are allowed to continue operating the

22   Station and provide motor fuel and convenience store products and services under the

23   guise of the Protected Marks.    Defendants are now a competitor of BPWCP and

24   ARCO, and because they are using the Protected Marks to sell motor fuel and

25   convenience store products and services in direct competition with BPWCP and

26

27

28   [1] At the time BPWCP filed the original complaint it was uncertain whether
     Defendants would be voluntarily removing all products bearing the Protected Marks.

11

1  ARCO, BPWCP and ARCO seek immediate relief from this Court to have the

2  Protected Marks removed pending the outcome of this lawsuit.

3          For the reasons set forth below, by this application for a temporary

4  restraining order and order to show cause re issuance of preliminary injunction,

5  BPWCP and ARCO respectfully request that this Court order Defendants to

6  immediately remove all products, the color material, designs and displays that are in

7  violation of the federally registered trademarks and refrain from using any Protected

8  Marks in any way, shape or form in the future.

9  **III.   BPWCP AND ARCO ARE ENTITLED TO INJUNCTIVE RELIEF AND**

10 **AS SUCH, A TEMPORARY RESTRAINING ORDER AND ORDER TO**

11 **SHOW CAUSE SHOULD ISSUE HERE**

12 **A.   Standard for Granting Injunctive Relief.**

13          In order to obtain preliminary relief (TRO or preliminary injunction), a

14 movant must show: "(1) a strong likelihood of success on the merits, (2) the

15 possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3)

16 the balance of hardships favoring the plaintiff, and (4) advancement of the public

17 interest." *See* F.R.C.P. Rule 65(b); *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d

18 935, 937 (9th Cir. 1987); *Atari Corp. v. Nintendo of America, Inc.*, 897 F.2d 1572,

19 1575 (9th Cir. 1990) (citations omitted).  A party may meet the burden under these

20 four factors by demonstrating either: (1) a combination of probable success on the

21 merits and the possibility of irreparable injury, or (2) that serious questions of law are

22 raised and the balance of hardships tips sharply in its favor. *Id.*; *Fong v. Lawn*, 851

23 F.2d 1559, 1561 (9th Cir. 1988).

24          When there is a high probability of confusion between trade names for

25 purposes of the Lanham Act false designation of origin claim and common law, there

26 is a presumed likelihood of damage to reputation and good will which entitles a

27 plaintiff to preliminary relief. *Metro Brokers, Inc. v. Tann*, 815 F.Supp. 377 (D.Colo.

28 1993).  The balance of equities in an action for trade dress infringement action under

1   the Lanham Act is in favor of the movant.  *See Second Earth Enterprises, Inc. v.*
2   *Allstar Product Marketing Co.*, 717 F.Supp. 302 (E.D. Pa. 1989); *Johanna Farms,*
3   *Inc. v. Citrus Bowl, Inc.*, 468 F.Supp. 866 (E.D.N.Y. 1978).  In addition, the
4   irreparable harm necessary for preliminary injunctive relief may be presumed once the
5   Lanham Act plaintiff has demonstrated that the defendant has made a false and
6   misleading comparison of its product to that of the plaintiff/competitor. *Pfizer, Inc. v.*
7   *Miles, Inc.*, 868 F.Supp. 437 (D.Conn. 1994).

8       BPWCP and ARCO have met their burden of showing to warrant the
9   granting of injunctive relief here and as the balance of equities are in favor of BPWCP
10  and ARCO, this *ex parte* application should be granted.  Moreover, injunctive relief is
11  necessary as money damages will be inadequate.

12      **B.    BPWCP and ARCO Are Likely to Prevail on the Merits.**

13      In this case, on both the facts and the law, it is probable and "likely" that
14  BPWCP and ARCO will succeed on the merits, and BPWCP and ARCO have raised
15  questions serious enough to require litigation.  Indeed, BPWCP and ARCO have filed
16  a First Amended Complaint against Defendants on the following grounds:

17      •    Section 43(a) of the Lanham Act imposes civil liability upon
18  "[a]ny person who, on or in connection with any goods or services, . . . uses in
19  commerce any word, term, name, symbol, or device, or any combination thereof, or
20  any false designation of origin, false or misleading description of fact, or false or
21  misleading representation of fact, which  -- (A) is likely to cause confusion, or to
22  cause mistake, or to deceive . . . , or (B) . . . misrepresents the nature, characteristics,
23  qualities, or geographic origin of his or her or another person's goods, services, or
24  commercial activities.. . ."  15 U.S.C. § 1125(a).  Again, Defendants' use of the
25  Protected Marks at the Station is more than likely to cause confusion or mistake or to
26  deceive.

27      •    Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) provides
28  protection against dilution of famous marks, such as the Protected Marks.   The

13

1061150.1

1  products and materials bearing the Protected Marks used by Defendants at their non-
2  ARCO gasoline station either blurs the Protected Marks' identification or tarnishes
3  BPWCP's and ARCO's reputation and associations.

4          •       California authority under common law and statutory law also
5  provide relief to BPWCP and ARCO under state actions for unfair competition,
6  trademark infringement, and trademark dilution.  These actions are based essentially
7  upon the same facts already discussed above.  Given the unequivocal nature of
8  Defendants' trademark infringement and improper use of the Protected Marks,
9  BPWCP and ARCO are more than likely to prevail on the merits.

10         BPWCP and ARCO have more than a fair chance of succeeding on the
11 merits in its trademark action against the Defendants given Defendants' blatant
12 infringement.  Unless Defendants are temporarily restrained until the trial in this
13 action, BPWCP and ARCO will suffer continued and irreparable harm.  Accordingly,
14 BPWCP and ARCO respectfully request this Court grant the *ex parte* application and
15 issue a temporary restraining order that requires Defendants to remove all products
16 and materials bearing the Protected Marks from the Station and refrain from use of
17 these products and materials in the future.

18 **C.    BPWCP and ARCO Have Suffered and Will Suffer Immediate and**
19 **Irreparable Harm if Defendants are Not Restrained from Violating**
20 **the Protected Marks.**

21         Defendants refuse to remove and cease using the products and materials
22 with the Protected Marks from the Station.  Defendants have made it clear that they
23 will not recognize BPWCP's and ARCO's trademark rights and will continue to
24 violate BPWCP's and ARCO's rights unless otherwise refrained.  If Defendants
25 continue to sell motor fuel and convenience store products and services under these
26 violating acts, BPWCP and ARCO will be irreparably injured.  Consumers may be
27 confused into purchasing motor fuel or convenience store goods or products from
28 Defendants' Station under the misguided belief that they are doing so from an ARCO-

branded gasoline station and am/pm mini market. Other ARCO-branded stations and am/pm mini market stores will also lose business as a result of Defendants' use of the Protected Marks at the Station. Thus, BPWCP and ARCO are threatened with actual and significant irreparable injury if a temporary restraining order and preliminary injunction are denied.

### D.      The Balance Of Hardships Weighs In Favor Of BPWCP and ARCO.

If a temporary restraining order is issued, the only detriment suffered by Defendants would be the expense to remove the current infringing products. BPWCP and ARCO have provided sufficient notice to Defendants concerning its intent to file this motion. [Jones Decl., ¶ 6.] Defendants refused to immediately remove the infringing design thereby forcing BPWCP and ARCO to move forward with the action and these proceedings. [Jones Decl., ¶ 6.]

Thus, in light of the potential and actual harm to BPWCP and ARCO which was directly caused by Defendants' infringement, it is clear that the balance of hardships weigh in favor of BPWCP and ARCO, and that the requested relief is appropriate. Moreover, as set forth above, in actions involving violations of the Lanham Act, the balance of equities for purposes of determining injunctive relief should be in favor of the moving parties BPWCP and ARCO.

## IV.    CONCLUSION

Based upon all of the foregoing, as well as the First Amended Complaint on file herein and the Declarations of Brad Christensen and Deborah Yoon Jones, BPWCP and ARCO respectfully request that a temporary restraining order be issued

1  which requires Defendants to immediately remove any and all infringing products and

2  materials bearing the Protected Marks at the Station and that the Court set an Order to

3  Show Cause re a preliminary injunction.

4

5  DATED:  October 18, 2007          Respectfully submitted,

6                                    KURT OSENBAUGH
                                      DEBORAH YOON JONES

7                                     SAYAKA KARITANI
                                      **WESTON, BENSHOOF, ROCHEFORT,**

8                                        **RUBALCAVA & MacCUISH LLP**

9

10                                    _____
                                              Deborah Yoon Jones

11                                    Attorneys for Plaintiff
                                      BP WEST COAST PRODUCTS LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                    *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

1061150.1

## DECLARATION OF PERSONAL SERVICE

I am employed in the County of Fresno, State of California, and my business address is Fresno Legal Services, 2115 Kern Street, Suite 250, Fresno, California 93721. I am over the age of eighteen years and not a party to the action in which this service is made.

On October 18, 2007, I served the document(s) described as *EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF* on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

[Check one of the following:]

☐   I personally delivered the documents to: [specify name]: _____

☒   I personally left the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served:

    ☒   with a receptionist or with a person having charge thereof

    ☐   in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon

☐   I personally left the documents at the attorney's residence with some person of not less than 18 years of age

☐   I personally left the documents at the party's residence, between the hours of eight in the morning and six in the evening, with some person of not less than 18 years of age

☐   [State]        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   [Federal]      I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2007, at Los Angeles, California.

*Virsilila Tiges*
[Name – Please Print]                    [Signature]

1

2

3

**BP WEST COAST PRODUCTS LLC v. STTN ENTERPRISES, et al.**
**United States District Court, Northern District**
**Case No. C07 04808 RS**

### SERVICE LIST

4

5

6

7

John G. Michael, Esq.
Baker Manock & Jensen
5260 North Palm Avenue
Fourth Floor
Fresno, CA  93704

Attorney for Defendants, STTN
ENTERPRISES, INC.; NAZIM
FAQUIRYAN; and SAYED FAQUIRYAN

Tel:  (559) 432-5400
Fax:  (559) 432-5620

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1052855.1