1 | John G. Michael    #106107
**BAKER MANOCK & JENSEN, PC**
2 | 5260 North Palm Avenue, Fourth Floor
Fresno, California 93704
3 | Telephone: 559.432.5400
Facsimile: 559.432.5620
4 |
Attorneys for Defendants
5 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP WEST COAST PRODUCTS LLC, a Delaware Limited Liability Company; and ATLANTIC RICHFIELD COMPANY, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STTN ENTERPRISES, INC., a California Corporation; NAZIM FAQUIRYAN, an individual; SAYED FAQUIRYAN, an individual; and MAGHUL FAQUIRYAN, an individual; and AVA GLOBAL ENTERPRISE, LLC, a California limited liability company,<br><br>Defendants. | Case No.: C07 04808 RS<br><br>**MOTION TO STRIKE PLAINTIFFS'** *EX PARTE* **APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION.**<br><br>ACTION FILED:   September 17, 2007<br>TRIAL DATE:      None<br>HEARING DATE: To Be Scheduled<br>TIME:<br>DEPARTMENT:   4<br>JUDGE:               Hon. Richard Seeborg |

On October 18, 2007, Plaintiffs BP WEST COAST PRODUCTS LLC ("BP") and the ATLANTIC RICHFIELD COMPANY ("ARCO"), filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re Issuance of Preliminary Injunction. Specifically, Plaintiffs ask this Court to prevent Defendants from displaying certain marks that Plaintiffs claim are proprietary marks. Defendants deny the allegations of Plaintiffs *Ex Parte* application and further deny that Plaintiffs are entitled to the relief requested therein.

However, Plaintiffs failed to comply with the relevant Local Rules of court when they filed their *Ex Parte* application, and as such, their *Ex Parte* application cannot be properly

1
**MOTION TO STRIKE PLAINTIFFS'** *EX PARTE* **APPLICATION FOR TEMPORAR RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION**

considered by the Court in its current form. Local Rule 7-10 of the United States District Court for the Northern District of California governs *Ex Parte* Motions and establishes the requirements that must be satisfied to effectively file an *Ex Parte* Motion. Local Rule 7-10 is unequivocal in stating:

> Unless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, <u>only</u> if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. <u>The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought</u>. (emphasis added)

Plaintiffs' *Ex Parte* Application clearly fails to satisfy the requirements of Local Rule 7-10. The rule is clear in stating that the motion can be filed "only" if permitted by statute, rule, or standing order, and then only if the moving party has satisfied the applicable provisions governing *ex parte* motions. Moreover, the motion is to specifically state which statute, rule or order permits the *ex parte* motion. Plaintiffs' *Ex Parte* Application does not state what statute, rule or standing order permits the filing of such a motion. Since they have not complied with Local Rule 7-10, they cannot file the motion on an *ex parte* basis. As such, the *Ex Parte* Application was not been properly filed under the Local Rules and should be stricken for failure to comply with Local Rule 7-10, if the court has not already done so.

Moreover, Plaintiffs' *Ex Parte* Application fails to comply with Local Rule 65-1. Local Rule 65-1 governs temporary restraining orders and specifically requires certain documentation to accompany each and every such application. In its relevant portions, Local Rule 65-1(a) reads "[a]n *ex parte* motion for a temporary restraining order <u>must</u> be accompanied by…(3) The proposed temporary restraining order…" (emphasis added)

Again, despite the clear language of the Local Rules, Plaintiffs have simply failed to file

2

1  their *Ex Parte* Application in the appropriate form. There is no proposed order attached to the *ex*
2  *parte* application. As noted above, Local Rule 7-10 requires the moving party to comply with all
3  applicable rules before it can file an *ex parte* motion. Here, Plaintiffs have clearly not complied
4  with Local Rule 65-1. As the Court well knows, Local Rules are not mere suggestions or
5  recommendations, but carry the same weight as the Federal Rules of Civil Procedure and the
6  Federal Rules of Evidence. <u>Hicks v. Bekins Moving & Storage Co.</u>, 115 F.2d 406 (9th Cir.
7  1940). As the *Ex Parte* Application was not filed in compliance with Local Rules 7-10 and 65-1,
8  it cannot be properly considered by the Court. Likewise, Defendants cannot respond to a motion
9  that was not properly filed in the first place. Accordingly, Defendants request that Plaintiffs' *Ex*
10 *Parte* Motion be stricken for failure to comply with Local Rule 65-1 as well.

11       Accordingly, Defendants request that Plaintiffs' *Ex Parte* Application for Temporary
12 Restraining Order and Order to Show Cause re Issuance of Preliminary Injunction be stricken for
13 failure to comply with Local Rules 7-10 and 65-1. In the alternative, and to the extent that this
14 Court should grant Plaintiffs leave to file the *Ex Parte* Application in its current form,
15 Defendants request similar leave to file a response in opposition to the *Ex Parte* Application.

16       DATED: October 24, 2007.

17                      BAKER MANOCK & JENSEN, PC

19                      By:  s/John G. Michael
                             John G. Michael
20                           Attorneys for Defendants

DMS: 572696_1
15678.0003