KURT OSENBAUGH (State Bar No. 106132)
E-Mail: kosenbaugh@wbcounsel.com
DEBORAH YOON JONES (State Bar No. 178127)
E-Mail: djones@wbcounsel.com
SAYAKA KARITANI (State Bar No. 240122)
E-Mail: skaritani@wbcounsel.com
**WESTON, BENSHOOF, ROCHEFORT,
   RUBALCAVA & MacCUISH LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
kosenbaugh@wbcounsel.com
djones@wbcounsel.com
skaritani@wbcounsel.com

Attorneys for Plaintiffs and Counter-Defendants
BP WEST COAST PRODUCTS LLC and
ATLANTIC RICHFIELD COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BP WEST COAST PRODUCTS LLC, a Delaware Limited Liability Company; and ATLANTIC RICHFIELD COMPANY, a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STTN ENTERPRISES, INC., a California Corporation; NAZIM FAQUIRYAN, an individual; SAYED FAQUIRYAN, an individual; and MAGHUL FAQUIRYAN, an individual; and AVA GLOBAL ENTERPRISE, LLC, a California limited liability company,<br><br>　　　　　Defendants.<br><br>STTN ENTERPRISES, INC., a California Corporation; NAZIM FAQUIRYAN, an individual; SAYED FAQUIRYAN, an individual; and MAGHUL FAQUIRYAN, an individual; and AVA GLOBAL ENTERPRISE, LLC, a California limited liability company,<br><br>　　　　　Counterclaimants,<br>v.<br><br>BP WEST COAST PRODUCTS LLC, a Delaware Limited Liability Company; and ; and ATLANTIC RICHFIELD COMPANY, a Delaware Corporation,<br><br>　　　　　Counter-Defendants. | Case No.: C07 04808 JF<br><br>**ANSWER TO COUNTERCLAIM**<br><br>　　Honorable Jeremy Fogel<br><br>Filing Date:　　September 17, 2007<br>Trial Date:　　None<br>Discovery Cut-off: None<br>Motion Cut-off:　None |

1093750.1

ANSWER TO COUNTERCLAIM

# ANSWER

Plaintiffs and Counter-Defendants BP West Coast Products LLC ("BPWCP") and Atlantic Richfield Company ("ARCO") (BPWCP and ARCO collectively referred to as "Plaintiffs" or "Counter-Defendants") answer the Counterclaim of Defendants and Counterclaimants STTN Enterprises, Inc. ("STTN"), Nazim Faquiryan, Maghul Faquiryan, Sayed Faquiryan, and AVA Global Enterprises ("AVA") (all defendants collectively referred to as "Defendants" or "Counterclaimants") as follows:

## JURISDICTIONAL STATEMENT

1.  Paragraph 160 of the Counterclaim contains statements and/or conclusions of law for which no answer or response is required. However, BPWCP admits that this Court has jurisdiction over the subject matter of this action.

## STATEMENT OF FACTS

2.  Answering paragraph 161 of the Counterclaim, BPWCP lacks sufficient information or belief to answer the allegations contained in this paragraph and, based upon such lack of information or belief, denies said allegations.

3.  Answering paragraph 162 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

4.  Answering paragraph 163 of the Counterclaim, BPWCP admits that it entered into a franchise relationship with STTN, effective July 11, 2007, whereby the Station would be re-branded as an ARCO-branded service station. BPWCP further admits that it sent a letter to STTN, dated March 9, 2007, and which summarizes the terms of a proposed Loan that BPWCP considered making to STTN ("March 9 Letter"). BPWCP further contends that the March 9 Letter speaks for itself. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 163.

5. Answering paragraph 164 of the Counterclaim, BPWCP admits that it sent the March 9 Letter to STTN. BPWCP further contends that the March 9 Letter speaks for itself. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 164.

6. Answering paragraph 165 of the Counterclaim, BPWCP admits that it entered into two franchise agreements, a Contract Dealer Gasoline Agreement and an am/pm Mini Market Agreement, with STTN. BPWCP further admits that these two franchise agreements referenced in this response were both effective as of July 11, 2006. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 165.

7. Answering paragraph 166 of the Counterclaim, BPWCP admits that it knew the Station was a re-brand, not a new, ground-up facility. BPWCP further admits that it worked closely with STTN in the pre-construction phase by approving site plans, contractors, and architects and by informing STTN of deficiencies, including missing documentation. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 166.

8. Answering paragraph 167 of the Counterclaim, BPWCP lacks sufficient information or belief to answer the allegations contained in this paragraph and, based upon such lack of information or belief, denies said allegations.

9. Answering paragraph 168 of the Counterclaim, BPWCP admits that it and STTN entered into two loan agreements, effective February 12, 2007, whereby BPWCP agreed to loan STTN a total of $475,000 to be used toward BPWCP-approved capital improvements to the Station. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 168.

10. Answering paragraph 169 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

11. Answering paragraph 170 of the Counterclaim, BPWCP responds that this paragraph contains statements to which it lacks sufficient information or belief to answer the allegations contained in this paragraph and, based upon such lack of information or belief, denies said allegations. BPWCP further denies that it breached its obligations under the loan agreements or that it refused to comply with loan agreements.

12. Answering paragraph 171 of the Counterclaim, BPWCP lacks sufficient information or belief to answer the allegations contained in this paragraph and, based upon such lack of information or belief, denies said allegations.

13. Answering paragraph 172 of the Counterclaim, BPWCP admits that, as of May 29, 2007, BPWCP funded and disbursed the full amount of $150,000 for STTN's benefit under the Store Loan Agreement. BPWCP further admits that, as a result of STTN's failures to abide by the terms of the Gasoline Loan Agreement and related Disbursement Agreement (as more fully explained in the First Amended Complaint), BPWCP has not disbursed any monies under the Gasoline Loan to STTN. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 172.

14. Answering paragraph 173 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

15. Answering paragraph 174 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

16. Answering paragraph 175 of the Counterclaim, BPWCP admits that, pursuant to the Contract Dealer Gasoline Agreement, STTN was obligated to continue purchasing gasoline for the Station, while STTN was making improvements to the Station. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph.

17. Answering paragraph 176 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

18. Answering paragraph 177 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

19. Answering paragraph 178 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

20. Answering paragraph 179 of the Counterclaim, BPWCP admits that it sent a total of twelve Defaults for failure to offer all grades of gasoline for sale, to STTN, between August 24, 2007 and September 4, 2007. BPWCP further contends that the Default notices speak for themselves. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 179.

21. Answering paragraph 180 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

22. Answering paragraph 181 of the Counterclaim, BPWCP contends that the Notice of Termination dated September 6, 2007 speaks for itself. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 181.

23. Answering paragraph 182 of the Counterclaim, BPWCP contends that the Notice of Termination dated September 6, 2007 speaks for itself. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 182.

24. Answering paragraph 183 of the Counterclaim, BPWCP admits that its agents "de-branded" the Station on September 17 and 18, 2007. BPWCP further advised Defendants to remove all products bearing trademarked and proprietary displays and products, which Defendants failed to do, thus prompting BPWCP and ARCO to file suit for trademark infringement related actions. Except as

expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 183.

25. Answering paragraph 184 of the Counterclaim, BPWCP admits that, as part of the de-branding process, BPWCP's agents removed, or covered up, the registered trademark and proprietary information from the Station to ensure that the Station could no longer be identified as an ARCO-branded gasoline station or am/pm mini-market. BPWCP further advised Defendants to remove all products bearing trademarked and proprietary displays and products, which Defendants failed to do, thus prompting BPWCP and ARCO to file suit for trademark infringement related actions. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 184.

26. Answering paragraph 185 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

## COUNTERCLAIM I – WRONGFUL TERMINATION/VIOLATION OF PMPA

27. Answering paragraph 186 of the Counterclaim, BPWCP incorporates by reference paragraphs 1 through 26 above.

28. Paragraph 187 of the Counterclaim contains statements and/or conclusions of law for which no answer or response is required.

29. Paragraph 188 of the Counterclaim contains statements and/or conclusions of law for which no answer or response is required.

30. Answering paragraph 189 of the Counterclaim, BPWCP admits the allegations of said paragraph.

31. Answering paragraph 190 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

32. Answering paragraph 191 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

ANSWER TO COUNTERCLAIM

1093750.1

33. Answering paragraph 192 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

34. Answering paragraph 193 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

35. Answering paragraph 194 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

36. Answering paragraph 195 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

## COUNTERCLAIM II – BREACH OF CONTRACT
## CONDITIONAL COMMITMENT LETTER

37. Answering paragraph 196 of the Counterclaim, BPWCP incorporates by reference paragraphs 1 through 36 above.

38. Answering paragraph 197 of the Counterclaim, BPWCP admits that it sent the March 9 Letter to STTN, which summarizes the terms of a proposed Loan that BPWCP considered making to STTN. BPWCP also admits that STTN, by and through its officers Nazim Faquiryan and Sayed Faquiryan, signed its acceptance of the terms and conditions contained in the March 9 Letter. BPWCP further contends that this March 9 Letter speaks for itself. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 197.

39. Answering paragraph 198 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

40. Answering paragraph 199 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

41. Answering paragraph 200 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

ANSWER TO COUNTERCLAIM

1093750.1

42. Answering paragraph 201 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

43. Answering paragraph 202 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

## COUNTERCLAIM III – BREACH OF CONTRACT
## STORE LOAN AGREEMENT

44. Answering paragraph 203 of the Counterclaim, BPWCP incorporates by reference paragraphs 1 through 43 above.

45. Answering paragraph 204 of the Counterclaim, BPWCP admits the allegations of said paragraph.

46. Answering paragraph 205 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

47. Answering paragraph 206 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

48. Answering paragraph 207 of the Counterclaim, BPWCP responds that the Store Loan Agreement speaks for itself. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 207.

49. Answering paragraph 208 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

50. Answering paragraph 209 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

51. Answering paragraph 210 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

52. Answering paragraph 211 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

53. Answering paragraph 212 of the Counterclaim, BPWCP denies each and every allegation of this paragraph

1   54.   Answering paragraph 213 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

55.   Answering paragraph 214 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

## COUNTERCLAIM IV – BREACH OF CONTRACT
## GASOLINE LOAN AGREEMENT

56.   Answering paragraph 215 of the Counterclaim, BPWCP incorporates by reference paragraphs 1 through 55 above.

57.   Answering paragraph 216 of the Counterclaim, BPWCP admits the allegations of said paragraph.

58.   Answering paragraph 217 of the Counterclaim, BPWCP responds that the Gasoline Loan Agreement speaks for itself. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 217.

59.   Answering paragraph 218 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

60.   Answering paragraph 219 of the Counterclaim, BPWCP responds that the Gasoline Loan Agreement speaks for itself. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 219.

61.   Answering paragraph 220 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

62.   Answering paragraph 221 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

63.   Answering paragraph 222 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

64.   Answering paragraph 223 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

65. Answering paragraph 224 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

66. Answering paragraph 225 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

67. Answering paragraph 226 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

## COUNTERCLAIM V – BREACH OF CONTRACT
## DISBURSEMENT AGREEMENT

68. Answering paragraph 227 of the Counterclaim, BPWCP incorporates by reference paragraphs 1 through 67 above.

69. Answering paragraph 228 of the Counterclaim, BPWCP admits the allegations of said paragraph.

70. Answering paragraph 229 of the Counterclaim, BPWCP responds that the Disbursement Agreement speaks for itself. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 229.

71. Answering paragraph 230 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

72. Answering paragraph 231 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

73. Answering paragraph 232 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

74. Answering paragraph 233 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

75. Answering paragraph 234 of the Counterclaim, BPWCP admits the allegations of said paragraph.

76. Answering paragraph 235 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

77. Answering paragraph 236 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

78. Answering paragraph 237 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

## COUNTERCLAIM VI – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

79. Answering paragraph 238 of the Counterclaim, BPWCP incorporates by reference paragraphs 1 through 78 above.

80. Answering paragraph 239 of the Counterclaim, BPWCP admits that it entered into various contracts with STTN, as alleged in the First Amended Complaint. BPWCP further admits that Sayed Faquiryan and Nazim Faquiryan each signed a Guaranty Agreement and individually guaranteed the obligations owed by STTN to BPWCP under the Mini-Market Agreement and the Gasoline Contract Dealer Agreement. In addition, BPWCP admits that Sayed Faquiryan, Maghul Faquiryan, and Nazim Faquiryan each signed a Guaranty Agreement and individually guaranteed the obligations owed by STTN to BPWCP under the Gasoline Loan Agreement and the Store Loan Agreement. BPWCP also admits that it, AVA Global Enterprises, LLC, and STTN entered into an agreement entitled, "Consent to Encumbrance of Tenant's Interest," dated March 2, 2007 and recorded March 9, 2007. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 239.

81. Answering paragraph 240 of the Counterclaim, BPWCP admits that each contract specified in BPWCP's response to paragraph 239 of the Counterclaim was executed in the State of California. Except as expressly admitted

1  herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 240.

82. Paragraph 241 of the Counterclaim contains statements and/or conclusions of law for which no answer or response is required.

83. Answering paragraph 242 of the Counterclaim, BPWCP denies each and every allegation of this paragraph including each and every one of its subparts.

84. Answering paragraph 243 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

## COUNTERCLAIM VII – ACTUAL FRAUD (CAL. CIV, § 1572)

85. Answering paragraph 244 of the Counterclaim, BPWCP incorporates by reference paragraphs 1 through 84 above.

86. Answering paragraph 245 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

87. Answering paragraph 246 of the Counterclaim, BPWCP contends that the loan agreements entered into by BPWCP and STTN speak for themselves. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 246.

88. Answering paragraph 247 of the Counterclaim, BPWCP admits the allegations of said paragraph.

89. Answering paragraph 248 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

90. Answering paragraph 249 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

91. Answering paragraph 250 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

92. Answering paragraph 251 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

93. Answering paragraph 252 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

94. Answering paragraph 253 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

95. Answering paragraph 254 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

## COUNTERCLAIM VIII – NEGLIGENT MISREPRESENTATION

96. Answering paragraph 255 of the Counterclaim, BPWCP incorporates by reference paragraphs 1 through 95 above.

97. Answering paragraph 256 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

98. Answering paragraph 257 of the Counterclaim, BPWCP contends that the loan agreements entered into by BPWCP and STTN speak for themselves. Except as expressly admitted herein, BPWCP denies, generally and specifically, each and every remaining allegation set forth in paragraph 257.

99. Answering paragraph 258 of the Counterclaim, BPWCP admits the allegations of said paragraph.

100. Answering paragraph 259 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

101. Answering paragraph 260 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

102. Answering paragraph 261 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

103. Answering paragraph 262 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

1      104. Answering paragraph 263 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

105. Answering paragraph 264 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

106. Answering paragraph 265 of the Counterclaim, BPWCP denies each and every allegation of this paragraph.

107. BPWCP further alleges that STTN is not entitled to recover any of the damages, monies, or relief in paragraphs 1 through 5 of STTN's prayer for judgment from its Counterclaim for Wrongful Termination/Violation of PMPA against BPWCP.

108. BPWCP further alleges that STTN is not entitled to recover any of the damages, monies, or relief in paragraphs 1 through 4 of STTN's prayer for judgment from its Counterclaim for Breach of Contract – Conditional Commitment Letter against BPWCP.

109. BPWCP further alleges that STTN is not entitled to recover any of the damages, monies, or relief in paragraphs 1 through 4 of STTN's prayer for judgment from its Counterclaim for Breach of Contract – Store Loan Agreement against BPWCP.

110. BPWCP further alleges that STTN is not entitled to recover any of the damages, monies, or relief in paragraphs 1 through 4 of STTN's prayer for judgment from its Counterclaim for Breach of Contract – Gasoline Loan Agreement against BPWCP.

111. BPWCP further alleges that STTN is not entitled to recover any of the damages, monies, or relief in paragraphs 1 through 4 of STTN's prayer for judgment from its Counterclaim for Breach of Contract – Disbursement Agreement against BPWCP.

112. BPWCP further alleges that Defendants are not entitled to recover any of the damages, monies, or relief in paragraphs 1 through 4 of Defendants' prayer

for judgment from its Counterclaim for Breach of Implied Covenant of Good Faith and Fair Dealing against BPWCP.

113. BPWCP further alleges that Defendants are not entitled to recover any of the damages, monies, or relief in paragraphs 1 through 5 of Defendants' prayer for judgment from its Counterclaim for Actual Fraud against BPWCP.

114. BPWCP further alleges that Defendants are not entitled to recover any of the damages, monies, or relief in paragraphs 1 through 4 of Defendants' prayer for judgment from its Counterclaim for Negligent Misrepresentation against BPWCP.

### DEMAND FOR JURY

115. Defendants have not suffered actual damages and under the PMPA are not entitled to a jury trial. *See Chevron U.S.A., Inc. v. El-Khoury*, 2002 WL 31256160, at *3 (C.D. Cal. Sept. 23, 2002).

### AFFIRMATIVE DEFENSES

116. Further answering the Counterclaim, and as separate and affirmative defenses thereto, BPWCP and ARCO allege as follows:

### FIRST AFFIRMATIVE DEFENSE

117. Counterclaimants are not entitled to recover punitive or exemplary damages because the Counterclaim fails to allege facts sufficient to state a claim for punitive damages and because at no time did BPWCP act with willful disregard of the requirements of the PMPA or Counterclaimant's rights thereunder.

### SECOND AFFIRMATIVE DEFENSE

118. Counterclaimants' claims are barred because BPWCP's actions were reasonable, proper, and lawful, were undertaken with complete business justification, and complied with the requirements of the PMPA as well as all

applicable federal and state statutes, common law, and the agreements between the parties.

### THIRD AFFIRMATIVE DEFENSE

119. All acts taken or decisions made by BPWCP with respect to the franchise relationship with Counterclaimants, including the termination, were based on legitimate, non-discriminatory grounds and complied with all statutes, regulations, and other laws in effect, and constituted legitimate, business-related reasons.

### FOURTH AFFIRMATIVE DEFENSE

120. The Counterclaim and all of the claims contained therein are barred because Counterclaimants are estopped by their conduct from seeking any relief from BPWCP.

### FIFTH AFFIRMATIVE DEFENSE

121. The Counterclaim and all of the claims contained therein are barred because Counterclaimants have unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

122. Counterclaimants are not entitled to equitable relief or relief under the PMPA because their purported claims are barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE

123. The Counterclaim and all of the claims contained therein are barred because BPWCP's conduct was not the proximate cause of any damage or injury alleged to have been suffered by Counterclaimants.

## EIGHTH AFFIRMATIVE DEFENSE

124. BPWCP performed all conditions, covenants, and promises required by them on its part to be performed in accordance with the terms and conditions of the agreements between the parties.

## NINTH AFFIRMATIVE DEFENSE

125. Counterclaimants failed to perform all conditions, covenants, and promises required by them to be performed in accordance with the terms and conditions of the agreements between the parties.

## TENTH AFFIRMATIVE DEFENSE

126. Counterclaimants failed to name ARCO as a "cross-defendant" under any of the counterclaims. As a result, Counterclaimants' Counterclaim and all of the causes of action contained therein fail to state facts sufficient to constitute a cause of action against ARCO.

WHEREFORE, BPWCP and ARCO pray that judgment be entered in their favor as follows:

1. That the Counterclaim be dismissed with prejudice;
2. That Counterclaimants take nothing by their Counterclaim herein;
3. That BPWCP and ARCO recover its costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 2805(d)(3); and

4. That BPWCP and ARCO recover such other and further relief as the Court deems appropriate.

DATED: December 26, 2007

KURT OSENBAUGH
DEBORAH YOON JONES
SAYAKA KARITANI
**WESTON, BENSHOOF, ROCHEFORT, RUBALCAVA & MacCUISH LLP**

_____
Deborah Yoon Jones
Attorneys for Plaintiffs and Counter-Defendants
BP WEST COAST PRODUCTS LLC and
ATLANTIC RICHFIELD COMPANY

# PROOF OF SERVICE

I, Heather Thai, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On December 26, 2007, I served the document(s) described as **ANSWER TO COUNTERCLAIM** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY FEDERAL EXPRESS    ☐ UPS NEXT DAY AIR    ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS    ☐ UPS    ☐ Overnight Delivery [specify name of service:  ] with delivery fees fully provided for or delivered the envelope to a courier or driver of    ☐ FEDERAL EXPRESS    ☐ UPS    ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ [State]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal]    I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 26, 2007, at Los Angeles, California.

*Heather Thai*
Heather Thai

1093750.1

**BP WEST COAST PRODUCTS LLC v. STTN ENTERPRISES, et al.**
United States District Court, Northern District
Case No. C07 04808 RS

## SERVICE LIST

| | |
|---|---|
| John G. Michael, Esq.<br>Baker Manock & Jensen<br>5260 North Palm Avenue<br>Fourth Floor<br>Fresno, CA 93704 | Attorney for Defendants and Counterclaimants, STTN ENTERPRISES, INC., NAZIM FAQUIRYAN, SAYED FAQUIRYAN, MAGHUL FAQUIRYAN, and AVA GLOBAL ENTERPRISE, LLC<br><br>Tel: (559) 432-5400<br>Fax: (559) 432-5620 |

1093750.1