KURT OSENBAUGH (State Bar No. 106132)
DEBORAH YOON JONES (State Bar No. 178127)
SAYAKA KARITANI (State Bar No. 240122)
**WESTON, BENSHOOF, ROCHEFORT,**
  **RUBALCAVA & MacCUISH LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
kosenbaugh@wbcounsel.com
djones@wbcounsel.com
skaritani@wbcounsel.com

Attorneys for Plaintiff and Counter-Defendant
BP WEST COAST PRODUCTS LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP WEST COAST PRODUCTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>STTN ENTERPRISES, INC., a California Corporation; NAZIM FAQUIRYAN, an individual; SAYED FAQUIRYAN, an individual; and MAGHUL FAQUIRYAN, an individual; and AVA GLOBAL ENTERPRISE, LLC, a California limited liability company,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | Case No.: C07 04808 JF<br><br>**DECLARATION OF CECILE MCDONNELL IN SUPPORT OF BP WEST COAST PRODUCTS LLC'S:**<br><br>**(1) MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT; AND**<br><br>**(2) MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE COUNTERCLAIM**<br><br>[Filed concurrently with Notices and Motions; Memoranda of Points and Authorities; Declaration of Brad Christensen, Deborah Yoon Jones, and Thomas Reeder; Appendix of Non-Federal Authorities; and [Proposed] Orders.]<br><br>Date:   August 8, 2008 (reserved)<br>Time:   9:00 a.m.<br>Crtrm: 3<br><br>Honorable Jeremy Fogel<br><br>Filing Date:   September 17, 2007 |

1213045.1

DECLARATION OF CECILE MCDONNELL IN SUPPORT OF BP WEST COAST PRODUCTS LLC'S
MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
PARTIAL SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT AND COUNTERCLAIM

## DECLARATION OF CECILE MCDONNELL

I, Cecile McDonnell, declare and state as follows:

1. This declaration is made in support BP West Coast Products LLC's ("BPWCP"): (1) Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment as to the Second Amended Complaint; and (2) Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment as to the Counterclaim, in the matter entitled *BP West Coast Products, et al., v. STTN Enterprises, Inc. et al.*, United States District Court, Case No. C07 04808 JF. BPWCP is the franchisor for ARCO-branded service stations, including the station at issue in this litigation. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. I am currently in the Fund Control Department of BPWCP.

3. As an Analyst for the Fund Control Department, I am responsible for reviewing loan documentation obtained from franchisee dealers by the Assets/Portfolio Management Group of BPWCP. I am also responsible for processing the funding of the loan and disbursing the loan funds to the franchisee borrowers.

## DEALINGS WITH STTN ENTERPRISES, INC.

4. I am familiar with defendants and counterclaimants in this case, STTN Enterprises, Inc. ("STTN"), Sayed Faquiryan and Nazim Faquiryan. I was involved in processing and disbursing funds pertaining to two loan agreements (a Store Loan Agreement and Gasoline Loan Agreement), whereby BPWCP agreed to loan STTN the total sum of $475,000 to be used toward BPWCP-approved capital improvements for the former ARCO-branded gasoline station and am/pm mini market that used to be located at 631 San Felipe Road, Hollister, California 95035 ("Station").

5. In March 2007, I received the loan documents and other loan processing documents from the Assets/Portfolio Management Group. I immediately started my review of these documents to begin the process of funding and disbursement of the loan proceeds. Many of these documents contained erroneous information and had to be corrected:

- <u>Incomplete Budget Worksheet</u>: BPWCP had requested STTN submit a

1

DECLARATION OF CECILE MCDONNELL IN SUPPORT OF BP WEST COAST PRODUCTS LLC'S
MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL
SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT AND COUNTERCLAIM

1213045.1

1  completed budget worksheet detailing the way it would be allocating the funds to different contractors and items. STTN submitted a budget worksheet several times, but the worksheet continued to contain errors. As of March 22, 2008, the required budget worksheet was still incorrect, despite my numerous attempts to have Sayed correct it.

- <u>Tax and Mechanics Liens</u>: Before BPWCP could fund the loans, the title on the real property at which the Station was located ("Real Property") had to be clear of all encumbrances. As of April 9, 2007, there was still a mechanics lien for $92,974 and a Franchise Tax Board lien for $9,429 on the Real Property. As of April 11, 2007, new liens were filed on the property for $46,400 for the Board of Equalization and a $14,011 mechanics lien. As of April 16, 2007, there were still liens on the Real Property totaling $158,941.51.

- <u>Incomplete Corporate Documents</u>: In April 2007, issues arose concerning the proper corporate designee of STTN - - Sayed Faquiryan had been acting as the representative of STTN, but as he was only the minority (49%) shareholder, certain documentation needed to be provided to BPWCP.

- <u>Negotiation of Disbursement Agreement Terms</u>: Pursuant to the loan agreements, disbursement of loan proceeds are sent directly to contractors and sub-contractors who provide proof of completed work. To ensure that all conditions for disbursement are met, STTN, BPWCP and each of STTN's contractors entered into a Disbursement Agreement that sets forth the terms and conditions governing disbursements of funding. Throughout April 2007, I negotiated various changes to the Disbursement Agreement with STTN's general contractor, who was insisting that changes be made to BPWCP's form Disbursement Agreement.

- <u>Other Missing Documentation</u>: As of May 2, 2007, BPWCP was still missing a number of documents from STTN, including a signed promissory note, the amended corporate documents naming Sayed as the corporate designee, and the revised Disbursement Agreement from STTN's general contractor.

6.  On or about May 29, 2007, conditions allowing the funding of the Store Loan Agreement had been met. Typically, it is BPWCP's policy and practice to fund both the Gasoline

2
DECLARATION OF CECILE MCDONNELL IN SUPPORT OF BP WEST COAST PRODUCTS LLC'S
MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL
SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT AND COUNTERCLAIM

1213045.1

1  Loan and Store Loan at the same time if both loans are offered to the franchisee dealer. However, in
2  this case, the Gasoline Loan could not be funded as of May 29, 2007. Under the Gasoline Loan
3  Agreement, BPWCP is not required to disburse funds if there is a default of the "Loan Documents."
4  The Gasoline Agreement is considered to be one of the "Loan Documents." Under the parties'
5  Gasoline Agreement, STTN was required to pay for all gasoline deliveries, and failure to pay for all
6  gasoline deliveries is listed as a default of the Gasoline Agreement. As of May 29, 2007, STTN still
7  owed over $126,000 in outstanding balances for gasoline that STTN ordered, that BPWCP delivered
8  to STTN, and that STTN sold (and made a profit). Given that BPWCP could not disburse monies
9  contemplated in the Gasoline Loan Agreement, in May 2007, BPWCP had to process an "exception
10 to the policy" in order to fund the Store Loan prior to the Gasoline Loan as it was not a usual
11 practice to fund only one of the two loans offered.

    7.  Once the "exception to the policy" was approved, I released the funds into escrow in the full amount of $150,000 for STTN's benefit pursuant to the Store Loan Agreement. The first check was issued to STTN's general contract on June 5, 2007. Additional checks were issued in June, July and August 2007, once proper documents including, but not limited to, detailed invoices, releases, and lien releases, were provided by STTN. It is my understanding that by August 07, 2007, the full amount of $150,000 was paid out to STTN's various contractors, for STTN's benefit, for work performed at the Station.

    8.  No monies were disbursed under the Gasoline Loan Agreement because STTN was in default of the Gasoline Loan Agreement terms - - by its failure to pay for over $126,000 of gasoline deliveries - - and BPWCP was under no obligation to fund the Gasoline Loan.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on July 05, 2008, at La Palma, California.

                                    _____
                                         CECILE MCDONNELL

3
DECLARATION OF CECILE MCDONNELL IN SUPPORT OF BP WEST COAST PRODUCTS LLC'S
MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL
SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT AND COUNTERCLAIM