KURT OSENBAUGH (State Bar No. 106132)
DEBORAH YOON JONES (State Bar No. 178127)
SAYAKA KARITANI (State Bar No. 240122)
**WESTON, BENSHOOF, ROCHEFORT,**
  **RUBALCAVA & MacCUISH LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
kosenbaugh@wbcounsel.com
djones@wbcounsel.com
skaritani@wbcounsel.com

Attorneys for Plaintiff and Counter-Defendant
BP WEST COAST PRODUCTS LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP WEST COAST PRODUCTS LLC, a Delaware Limited Liability Company,<br><br>            Plaintiff,<br><br>    v.<br><br>STTN ENTERPRISES, INC., a California Corporation; NAZIM FAQUIRYAN, an individual; SAYED FAQUIRYAN, an individual; and MAGHUL FAQUIRYAN, an individual; and AVA GLOBAL ENTERPRISE, LLC, a California limited liability company,<br><br>            Defendants. | Case No.: C07 04808 JF<br><br>**DECLARATION OF BRAD CHRISTENSEN IN SUPPORT OF BP WEST COAST PRODUCTS LLC'S:**<br><br>**(1) MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT; AND**<br><br>**(2) MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE COUNTERCLAIM**<br><br>[Filed concurrently with Notices and Motions; Memoranda of Points and Authorities; Declaration of Thomas Reeder, Deborah Yoon Jones, and Cecile McDonnell; Appendix of Non-Federal Authorities; and [Proposed] Orders.]<br><br>Date:   August 8, 2008 (reserved)<br>Time:   9:00 a.m.<br>Crtrm:  3<br><br>            Honorable Jeremy Fogel<br><br>Filing Date:   September 17, 2007 |
| AND RELATED CROSS-ACTION. | |

DECLARATION OF BRAD CHRISTENSEN IN SUPPORT OF BP WEST COAST PRODUCTS LLC'S MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT AND COUNTERCLAIM

1213046.1

# DECLARATION OF BRAD CHRISTENSEN

I, Brad Christensen, declare and state as follows:

1. This declaration is made in support BP West Coast Products LLC's ("BPWCP"): (1) Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment as to the Second Amended Complaint; and (2) Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment as to the Counterclaim, in the matter entitled *BP West Coast Products, et al., v. STTN Enterprises, Inc. et al.,* United States District Court, Case No. C07 04808 JF. BPWCP is the franchisor for ARCO-branded service stations and am/pm Mini Markets, including the station at issue in this litigation. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. I am currently a Senior Franchise Business Consultant for BPWCP for the territory which includes a former ARCO-branded gasoline station and am/pm mini market located at 631 San Felipe Road, Hollister, California 95035 ("Station"). As a franchise business consultant, my responsibilities include making sure that the dealer-franchisees in my territory are purchasing and paying for gasoline delivered, as well as selling, and generally making available, ARCO-branded gasoline to the public, pursuant to their franchise agreements with BPWCP.

3. At all times relevant to this lawsuit, I was the Senior Franchise Business Consultant for the Station and interacted regularly with the franchisee STTN Enterprises, Inc. and its shareholders, Sayed Faquiryan and Nazim Faquiryan (collectively, "STTN").

4. As of January 2007, payments for delivered gasoline product by BPWCP to STTN was accomplished by way of an Electronic Funds Transfer ("EFT"), which automatically drew from STTN's account at the time the gasoline was delivered. Starting in July 2006, BPWCP delivered gasoline to STTN pursuant to its franchise agreements with BPWCP.

5. Throughout January 2007, STTN ordered but refused to pay BPWCP for gasoline deliveries as follows:

(a) On January 8, 2007, STTN's bank returned an EFT in the amount of $21,078.93 to BPWCP due to a stop payment order by STTN;

1

DECLARATION OF BRAD CHRISTENSEN IN SUPPORT OF BP WEST COAST PRODUCTS LLC'S MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT AND COUNTERCLAIM

1213046.1

        (b)    On January 16, 2007, STTN's bank returned an EFT in the amount of $20,859.48 to BPWCP for insufficient funds in STTN's account;

        (c)    On January 19, 2007, STTN's bank returned an EFT in the amount of $20,866.68 due to a stop payment order by STTN;

        (d)    On January 26, 2007, STTN's bank returned an EFT in the amount of $20,938.66 due to a stop payment order by STTN; and

        (e)    On January 31, 2007, STTN's bank returned an EFT in the amount of $20,836.93 due to a stop payment order by STTN.

As of the end of January 2007, STTN was delinquent on gasoline balances due to BPWCP to the sum of $104,580.68.

6.    Shortly thereafter, BPWCP began requiring STTN to present a cashier's check to the driver of the gasoline delivery truck in order to receive gasoline product. Despite this change in procedure, STTN continued to be delinquent on the payment for gasoline deliveries. For example:

        (a)    On February 2, 2007, BPWCP delivered another load of gasoline, but STTN did not pay for the gasoline;

        (b)    On February 6, 2007, I discussed STTN's failure to pay for the February 2 gasoline load, and reached an agreement with Sayed Faquiryan that Sayed would prepare and make available at the time of the next gasoline delivery, a cashier's check for $44,000, which includes the $22,000 owed for the February 2 gasoline delivery as well as $22,000 for that next delivery;

        (c)    On February 7, 2007, BPWCP delivered another load of gasoline but STTN only had paid $22,500; and

        (d)    On March 5, 2007, STTN's bank returned a cashier's check in the amount of $20,851.09 for payment of gasoline due to a stop payment order by STTN.

As of March 2007, the net due to BPWCP given the gasoline balance delinquencies had risen to $164,950.81.

2
DECLARATION OF BRAD CHRISTENSEN IN SUPPORT OF BP WEST COAST PRODUCTS LLC'S
MOTIONS FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL
SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT AND COUNTERCLAIM

1213046.1

7. On May 4, 2007, I met with Sayed Faquiryan and Nazim Faquiryan and discussed with them a payment plan for paying down the outstanding balance on the accumulated invoices for gasoline delivered by BPWCP. At that time, the outstanding balance was One Thousand Eighty-Four Hundred Seventy-Five Dollars and Fifty Cents ($184,075.50). During this meeting, Sayed and Nazim acknowledged the amounts they owed BPWCP and agreed to a payment plan where they would pay an additional $30,000 per month for past gasoline deliveries on top of the invoice for that particular month's gasoline delivery. I drafted a letter agreement from Sayed and Nazim to Tom Reeder, Regional Sales Manager ("Payment Plan Agreement"), based on this discussion, in which Sayed and Nazim agreed to pay an additional $30,000 by certified check payable to BPWCP on or before the 15th day of each month. I witnessed Sayed Faquiryan and Nazim Faquiryan execute the Payment Plan Agreement. A true and correct **Payment Plan Agreement** is attached hereto as **Exhibit A** and is incorporated herein as though fully set forth at length.

8. Despite executing this Payment Plan Agreement, as of September 5, 2007, STTN, has not paid for these gasoline deliveries based on the Payment Plan Agreement. The then-current outstanding balance for the gasoline product that STTN has failed to reimburse BPWCP for gasoline product delivered was One Hundred Twenty-Six Thousand, One Hundred Ninety-Four Dollars and Seventy-Seven Cents ($126,194.77).

9. To date, STTN has not paid for the gasoline. The current outstanding balance is One Hundred Twenty-Six Thousand, One Hundred Ninety-Four Dollars and Seventy-Seven Cents ($126,194.77) plus interest.

10. Based upon my observations, STTN did not sell any gasoline on beginning the evening of August 23 through at least September 4, 2007. During this time, I observed that STTN's dispensers were taped off with yellow caution tape preventing the use of the dispensers by customers. On two of those occasions, I tried to pump gasoline from a dispenser that was located on the exterior of the pump station islands, where the dispenser was not enclosed by the yellow caution tape. Although I was able to set up the pump, no gasoline or diesel fuel came out. Based on my

1  experience, this indicated to me that either the fuel level was below the siphon or the fuel tank
2  turbines were turned off so that no gasoline could flow out.

3      11.    In addition, I also had several telephone conversations with Sayed Faquiryan
4  during which I informed him that STTN is required to sell ARCO-branded motor fuel. During each
5  of my telephone conversations with Sayed on August 23, 24, 27, 28, 30, and 31, and on September 1
6  and 4, 2007, I recommended that he order (and pay for) fuel so that he stayed in compliance with his
7  Gasoline Agreement with BPWCP. However, STTN did not order any fuel from BPWCP during
8  this time. Based on my experience, if STTN was not ordering any gasoline from BPWCP during
9  this time period, STTN could not have had enough gasoline to sell to his customers.

10      12.    When a franchisee is found to be in violation of its franchise agreements,
11  BPWCP issues a written "Default Notice" describing the violation ("Default"). The Default is then
12  sent to the franchisee via certified mail, giving the franchisee an opportunity to cure the violation.
13  Based on my observations of STTN's failure to pay for gasoline delivered, as detailed above in
14  Paragraph 4, I created several Default Notices that were signed and issued by Thomas Reeder,
15  Regional Sales Manager with responsibilities over STTN. True and correct copies of these **Default**
16  **Notices** pertaining to STTN's failure to pay for gasoline deliveries, failure to operate the Station, and
17  failure to make all grades of gasoline available, are collectively attached hereto as **Exhibit B** and are
18  incorporated herein as though fully set forth at length.

19      13.    On September 6, 2007, I hand delivered a Notice of Termination to STTN
20  ("Termination Notice"). As of September 6, 2007, STTN had not paid the gasoline balance due of
21  over $126,000, was still not operating the Station (i.e., selling gasoline), and was not making all
22  grades of gasoline available for sale to the public. A true and correct copy of the **Termination**
23  **Notice** is attached hereto as **Exhibit C**.

24      I declare under penalty of perjury under the laws of the State of California that the
25  foregoing is true and correct.

26      Executed on July 2, 2008, at Gilroy, California.

27
28  *Brad Christensen*
    BRAD CHRISTENSEN

                                    4