# EXHIBIT A

5/4/2007

BP West Coast Products
4 Centerpointe Dr.
La Palma, Ca. 90623


Mr. Tom Reeder:

We, Nazim Faquiryan & Sayed Faquiryan, agree to pay an additional
$30,000.00 by certified check payable to BPWCP on or before the 15th day
of each month beginning June 20, 2007 until total sums of balance due are
paid in full per BP credit dept.

These separate monthly payments will continue until all outstanding
balances due BPWCP, currently, $184,075.50 have been paid.

We further agree that our BPWCP account will not increase in delinquent
amounts due.

Sincerely,

Nazim Faquiryan          5-4-2007

Sayed Faquiryan          5-4-2007

WITNESS          5-4-2007

BRAD CHRISTENSEN

BP 00593

# EXHIBIT B



**BP West Coast ~ .oducts LLC**

4 Centerpointe Drive
La Palma, CA 90623-1066

Mailing Address: Box 5077
Buena Park, CA 90622-5077

NOTICE OF DEFAULT

Facility Number <u>82461</u>

☐ Certified Mail - Return Receipt Requested (7005 1160 0000 4099 2107)
☐ Personal Delivery

STTN Enterprises Inc.
631 San Felipe Road
Hollister, CA 95035

**You are hereby notified** that you are in default of your obligations under the terms and conditions of the foregoing Agreement in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said default was observed on the date and at the approximate time shown below.

| |
|---|
| Title of Agreement:<br>Contract Dealer Gasoline Agreement |
| Violation of Articles/Sections:<br>Article/Section: 2 - Orders<br>Buyer will order and make available for retail sale all grades of Gasoline which BPWCP offers to Buyer (hereinafter collectively, "Product"), in amounts sufficient to satisfy all foreseeable retail customer demand for Product at the Premises and will at all times have available for sale some of each grade of Product, subject only to allocation of Product by BPWCP in a manner determined in BPWCP's sole discretion in Buyer's geographic area. |
| Details of Violation: (If applicable)<br><br>Franchisee refused to accept first ARCO gas load. |
| |
| |
| Date default was observed: October 11, 2006<br><br>Approximate Time Default was observed: 11:30 a.m.<br>By: Brad Christensen<br><br>Date Default to be cured: |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this <u>12</u>th day of October, 2006.
BP West Coast Products LLC

By: _____
    Tom Reeder – Regional Sales Manager

cc: B. Christensen
    Dealer File

BP 01631

**bp**

BP West Coast Products LLC

4 Centerpointe Drive
La Palma, CA 90623-1066

Mailing Address: Box 5077
Buena Park, CA 90622-5077

NOTICE OF DEFAULT

Facility Number <u>82461</u>

☐    Certified Mail - Return Receipt Requested (7005 1160 0000 4099 2145)
☐    Personal Delivery

STTN Enterprises Inc.
631 San Felipe Road
Hollister, CA 95035

**You are hereby notified** that you are in default of your obligations under the terms and conditions of the foregoing Agreement in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said default was observed on the date and at the approximate time shown below.

| |
|---|
| Title of Agreement:<br>Contract Dealer Gasoline Agreement |
| Violation of Articles/Sections:<br>Article/Section: 2 - Orders<br>Buyer will order and make available for retail sale all grades of Gasoline which BPWCP offers to Buyer (hereinafter collectively, "Product"), in amounts sufficient to satisfy all foreseeable retail customer demand for Product at the Premises and will at all times have available for sale some of each grade of Product, subject only to allocation of Product by BPWCP in a manner determined in BPWCP's sole discretion in Buyer's geographic area. |
| Details of Violation: (If applicable)<br><br>Franchisee refused to accept this morning's fuel delivery. |
| |
| |
| Date default was observed: October 16, 2006<br><br>Approximate Time Default was observed: 6:00 a.m.<br>By: Brad Christensen<br><br>Date Default to be cured: October 19, 2006 |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this <u>18th</u> day of <u>October, 2006</u>.
BP West Coast Products LLC

By: _____
     Tom Reeder – Regional Sales Manager

cc: D. Strenk
    B. Christensen
    Dealer File

BP 01630

 **BP West Coast Products LLC**

Default Notice

Facility Number: **82461**

**Certified Mail**
Return Receipt Requested #: 7005 1160 0000 4099 2541

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA 95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| Title of Agreement: **Contract Dealer Gasoline Agreement** |
|---|
| Violation of Articles/Sections:<br>am/pm:                    Gas: 5, 6                         System Manual: |
| Description:<br>Pay for products prior to their delivery in U.S. dollars. |

| Details of Violation: (if applicable) |
|---|
| Franchise did not have sufficient funds (NSF) available to pay for gas loads.  Check was  returned on 1/8/07. |

| Date Default was observed:<br>**January 08, 2007** | Approximate Time Default was observed:<br>**15:17:00    by: CHRISTENSN** | Date Default to be cured:<br>**January 30, 2007** |
|---|---|---|

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 23 day of January, 2007.
BP West Coast Products LLC

By: _Thomas Reeder_

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
    STRENK
    DEALER FILE

Document Number: 02497848
APPC-440-B-PC Version (9-94)

BP 01632

 **BP West Coast Products LLC**

Default Notice

Facility Number: 82461

**Certified Mail**
Return Receipt Requested #: 7005 1160 0000 4099 2565

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA 95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

Title of Agreement:
**Contract Dealer Gasoline Agreement**

Violation of Articles/Sections:
**am/pm:**                    Gas: 5, 6                              System Manual: .

Description:
Pay for products prior to their delivery in U.S. dollars.

Details of Violation: (if applicable)
Failure to pay for fuel loads.

| Date Default was observed: | Approximate Time Default was observed: | Date Default to be cured: |
|---|---|---|
| January 26, 2007 | 20:42:00   by: CHRISTENSN | February 01, 2007 |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 29 day of January, 2007.
BP West Coast Products LLC

By:    _Thomas Reeder_

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
STRENK
DEALER FILE

Document Number: 02497857
APPC-440-B-PC Version (9-94)

BP 01633

9

 **BP West Coast Products LLC**

Default Notice

Facility Number: **82461**

**Certified Mail**
**Return Receipt Requested #:**

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA  95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| Title of Agreement: |
|---|
| **Contract Dealer Gasoline Agreement** |

| Violation of Articles/Sections: | | |
|---|---|---|
| am/pm: | Gas: 5, 6 | System Manual: |

Description:

Pay for products prior to their delivery in U.S. dollars.

Details of Violation: (if applicable)

Franchisee is being defaulted for non payment of gasoline.

Note:  One 2/2/07, fuel load was brought to the site and there was no Cashier's check available for load payment. Load was dropped anyway.  On 2/6/07, Franchise Consultant (Brad Christensen made an agreement with Franchisee that Franchisee would put extra for $22K in with next delivery (paying a total of $44K).  On the next delivery only one check was included in payment for $22,500 on 2/7/07.  Refer to inv. #3022358998 and 3022375842.

| Date Default was observed: | Approximate Time Default was observed: | Date Default to be cured: |
|---|---|---|
| **February 15, 2007** | **10:27:00**  by:  **CHRISTENSN** | **February 20, 2007** |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 20 day of February, 2007.
BP West Coast Products LLC

By: _Thomas Reeder_

**Tom Reeder - Regional Sales Manager**

Document Number: 02498486
APPC-440-B-PC Version (9-94)

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7005 1160 0000 4099 2718

BP 01636



**BP West Coast Products LLC**

Default Notice

Facility Number: **82461**

Certified Mail
Return Receipt Requested #: 7005 1160 0000 4099 2817

**STTN ENTERPRISES INC.
631 SAN FELIPE ROAD
HOLLISTER, CA  95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| Title of Agreement: |
| --- |
| **Contract Dealer Gasoline Agreement** |

| Violation of Articles/Sections: | | |
| --- | --- | --- |
| am/pm: | Gas: 5, 6 | System Manual: |

Description:

Pay for products prior to their delivery in U.S. dollars.

Details of Violation: (if applicable)

Failure to pay for gasoline.  Franchisee's payment was returned due to non sufficient funds.
Check #1220 returned due to Franchisee putting a stop payment,

| Date Default was observed: | Approximate Time Default was observed: | Date Default to be cured: |
| --- | --- | --- |
| **March 05, 2007** | **14:28:00**  by: CHRISTENSN | **March 22, 2007** |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 15 day of March, 2007.
BP West Coast Products LLC

By: _____

**Tom Reeder - Regional Sales Manager**

Document Number: 02499113
APPC-440-B-PC Version (9-94)



BP 01637

 **BP West Coast Products LLC**

Default Notice

Facility Number: **82461**

**Certified Mail**
Return Receipt Requested #: 7005 1160 0000 4099 2817

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA  95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

Title of Agreement:
**Contract Dealer Gasoline Agreement**

| Violation of Articles/Sections: | | |
|---|---|---|
| am/pm: | Gas: 5, 6 | System Manual: |

Description:

Pay for products prior to their delivery in U.S. dollars.

Details of Violation: (If applicable)

Failure to pay sums due on account as of 3/5/07. Amount due - $164,950.81.

Doc. date Doc. no.      Amount    BOL Date  BOL #   Text
1/1/2007  3022056233  $21,078.93  12/31/06  0556080  returned on 1/08/07 due to stop payment
1/8/2007  3022120003  $20,859.48  1/7/07    0559505  returned NSF on 1/16/07
1/14/2007 3022159335  $20,866.68  1/11/07   0561573  returned on 1/19&1/25 due to stop payment  1/15/2007
3022178299 $21,472.44  1/13/07   0562666  inv. held per fc site has issues due to power outage
1/21/2007 3022213698  $20,938.66  1/19/2007 0565619  returned on 1/26/07 due to stop payment
SEE ATTACHMENT FOR MORE INFORMATION

| Date Default was observed: | Approximate Time Default was observed: | Date Default to be cured: |
|---|---|---|
| **January 30, 2007** | **14:28:00**   by:  **CHRISTENSN** | **March 22, 2007** |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 15 day of March, 2007.
BP West Coast Products LLC

By: *Thomas Reeder*

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
      STRENK
      DEALER FILE

Document Number: 02499116
APPC-440-B-PC Version (9-94)

BP 01634

| Doc. date | Doc. no. | Amount | BOL Date | BOL # | Text |
|---|---|---|---|---|---|
| 1/24/2007 | 3022253575 | $20,836.93 | 1/23/2007 | 0567848 | returned on 1/31/07 due to stop payment |
| 1/31/2007 | 3022309234 | $20,851.09 | 1/30/2007 | 0571519 | first COD invoice |
| | | | | | **check #1220 returned due to dlr putting stop payment** |
| 2/5/2007 | 3022358998 | $21,338.16 | 2/2/2007 | 0573078 | |
| 2/7/2007 | 3022375842 | $21,897.50 | 2/7/2007 | 0575276 | |
| 2/12/2007 | 3022414847 | $21,252.22 | 2/10/2007 | 0576943 | |
| | | | | | dlr gave driver $1,800 in cash - Scott Murdock converted to CCHK |
| 2/14/2007 | 3022432918 | $21,084.27 | 2/14/2007 | 0578900 | check not yet posted |
| 2/19/2007 | 3022468658 | $22,136.36 | 2/17/2007 | 0580700 | check not yet posted |
| 2/21/2007 | 3022487185 | $21,563.53 | 2/20/2007 | 0582187 | check not yet posted |
| 2/25/2007 | 3022513117 | $22,138.70 | 2/24/2007 | 0584166 | check not yet posted |
| 2/26/2007 | 3022525674 | $22,167.59 | 2/26/2007 | 0585118 | check not yet posted |
| 3/4/2007 | 3022579291 | $22,968.27 | 3/2/2007 | 0587337 | check not yet posted |

Total due bp:     **$343,450.81**

Net due bp:     **$164,950.81**

BP 01635

 **BP West Coast Products LLC**

Default Notice

Facility Number: **82461**

**Certified Mail**
Return Receipt Requested #: 7005 1160 0000 410 6971

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA  95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

Title of Agreement:
**Contract Dealer Gasoline Agreement**

| Violation of Articles/Sections:<br>**am/pm:** | **Gas: 15.1,17.1(k), Exh.A** | System Manual: |
|---|---|---|

Description:

Operate premises accordance with all applicable federal, state and local laws (health,safety,etc.)

Details of Violation: (if applicable)

Failure to operate in accordance with laws.
Facility operator left fuel dispensing equipment turned on so customers could pump gasoline without an employee attendant present for safety measures, as prescribed by law.  On Friday, March 30, 2007, at 6:16 a.m., a BP employee witnessed and confirmed a fueling purchase when no employee was present on site.  Facility was closed and customer could access PIC for fueling transaction.  A PIC printed receipt was generated as evidence of fuel purchase.  This facility's dispensing permit does not allow for fueling without a station employee present.

Cure date: Immediately

| Date Default was observed:<br>**March 30, 2007** | Approximate Time Default was observed:<br>**06:16:00**  by:  **CHRISTENSN** | Date Default to be cured: |
|---|---|---|

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 5 day of April, 2007.
BP West Coast Products LLC

By: _~Thomas Reeder~_

**Tom Reeder - Regional Sales Manager**

cc:  CHRISTENSN
     STRENK
     DEALER FILE

Document Number: 02499914
APPC-440-B-PC Version (9-94)

BP 01638

 **BP West Coast Products LLC**

Default Notice

Facility Number: **82461**

**Certified Mail**
Return Receipt Requested #: 7006 3450 0000 3879 4174

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA  95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| Title of Agreement: |
| --- |
| **Contract Dealer Gasoline Agreement** |

| Violation of Articles/Sections: | | |
| --- | --- | --- |
| am/pm: | Gas: 2 | System Manual: |
| Description: | | |
| Have all grades of motor fuels available for sale to the public | | |

Details of Violation: (if applicable)

All motor fuels available.   Failure to have all grades of Motor Fuels available for sale to the public.   On 5/10 & 5/14/2007, Franchise Consultant, CMS, and Regional Sales Manager  observed that no diesel fuel was available for customers.

Cure date: Immediately

| Date Default was observed: | Approximate Time Default was observed: | Date Default to be cured: |
| --- | --- | --- |
| **May 14, 2007** | **11:00:00**   by:  **CHRISTENSN** | |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 17 day of May, 2007.
BP West Coast Products LLC

By: _Thomas Reeder_

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
    STRENK
    DEALER FILE

Document Number: 02501379
APPC-440-B-PC Version (9-94)

BP 01639

 BP West Coast Products LLC

Default Notice

Facility Number: 82461

**Certified Mail**
Return Receipt Requested #: 7007 0710 0004 4236 3239

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA 95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| Title of Agreement: |
|---|
| **Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement** |

| Violation of Articles/Sections: | | |
|---|---|---|
| am/pm: | Gas: 2 | System Manual: Sec. 1 |

| Description: |
|---|
| Have all grades of Motor Fuels available for sale to the public |

Details of Violation: (if applicable)

1. Pay for gasoline. PMPA 6. Gasoline must be paid for at time of delivery in U.S. Dollars. STTN, Inc. owes BP $114,000.88. for delivered fuel loads. STTN. Inc. put bank Stop Payments on 4 multiple fuel invoices and 2 Williams Fuel Delivery Driver's were not given cashiers checks, but had already dropped the fuel into STTN Inc. tanks. 2. Insufficient Working Capital. Franchises Sayed F. told FC he does not have enough money. He cannot gather enough fund to pay for gas inventory. He has not purchased ARCO Branded Motor Fuel on any day since August 17, 2007. 3. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility has not sold gasoline any of the following days:
Fri. 8/24, Sat. 8/25, Sun. 8/26, Mon. 8/27, Tues. 8/28
No 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers. FC has had several phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to my recommending he order fuel. Talked Thursday 8/23, Fri. 8/24, Mon. 8/27. (message left Wed. 8/29). Cure date: 1. day. Immediately

| | | | Date Default to be cured: |
|---|---|---|---|
| August 24, 2007 | 17:00:00 | by: CHRISTENSN | |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 31 day of August, 2007.
BP West Coast Products LLC

By: _Thomas Reeder_

Tom Reeder - Regional Sales Manager

cc: CHRISTENSN
    STRENK
    DEALER FILE

Document Number: 02504294
APPC-440-B-PC Version (9-94)

BP 03560

 BP West Coast Products LLC

Default Notice

Facility Number: 82461

**Certified Mail**
Return Receipt Requested #: 7007 0710 0004 4236 3246

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA  95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

Title of Agreement:
**Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement**

Violation of Articles/Sections:
am/pm:                    Gas: 2                              System Manual: Sec. 1

Description:
Have all grades of Motor Fuels available for sale to the public

Details of Violation: (if applicable)

1. Pay for gasoline. PMPA 6. Gasoline must be paid for at time of delivery in U.S. Dollars. STTN, Inc. owes BP $114,000.88. for delivered fuel loads.  STTN. Inc. put bank Stop Payments on 4 multiple fuel invoices and 2 Williams Fuel Delivery Driver's were not given cashiers checks, but had already dropped the fuel into STTN Inc. tanks.  2.  Insufficient Working Capital. Franchises Sayed F. told FC he does not have enough money. He cannot gather enough fund to pay for gas inventory.  He has not purchased ARCO Branded Motor Fuel on any day since August 17, 2007. 3. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility has not sold gasoline any of the following days:
Fri. 8/24, Sat. 8/25, Sun. 8/26, Mon. 8/27, Tues. 8/28
No 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers.  FC has had several phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to my recommending he order fuel. Talked Thursday 8/23, Fri. 8/24, Mon. 8/27. (message left Wed. 8/29). Cure date: 1. day. Immediately

| August 25, 2007 | 17:00:00    by: CHRISTENSN | Date Default to be cured: |
| --- | --- | --- |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 31 day of August, 2007.
BP West Coast Products LLC

By:  *Thomas Reeder*

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
    STRENK
    DEALER FILE

Document Number: 02504295
APPC-440-B-PC Version (9-94)

BP 03561

 **BP West Coast Products LLC**

Default Notice

Facility Number: 82461

**Certified Mail**
Return Receipt Requested #: 7007 0710 0004 4236 3253

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA  95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

Title of Agreement:
**Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement**

| Violation of Articles/Sections: | | | |
|---|---|---|---|
| am/pm: | Gas: 2 | | System Manual: Sec. 1 |

Description:
Have all grades of Motor Fuels available for sale to the public

Details of Violation: (If applicable)

1. Pay for gasoline. PMPA 6. Gasoline must be paid for at time of delivery in U.S. Dollars. STTN, Inc. owes BP $114,000.88. for delivered fuel loads. STTN, Inc. put bank Stop Payments on 4 multiple fuel invoices and 2 Williams Fuel Delivery Driver's were not given cashiers checks, but had already dropped the fuel into STTN Inc. tanks. 2. Insufficient Working Capital. Franchises Sayed F. told FC he does not have enough money. He cannot gather enough fund to pay for gas inventory. He has not purchased ARCO Branded Motor Fuel on any day since August 17, 2007. 3. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility has not sold gasoline any of the following days:
Fri. 8/24, Sat. 8/25, Sun. 8/26, Mon. 8/27, Tues. 8/28
No 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers. FC has had several phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to my recommending he order fuel. Talked Thursday 8/23, Fri. 8/24, Mon. 8/27. (message left Wed. 8/29). Cure date: 1. day. Immediately

| August 26, 2007 | 13:15:00   by: CHRISTENSN | Date Default to be cured: |
|---|---|---|

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 31 day of August, 2007.
BP West Coast Products LLC

By: *Thomas Reeder*

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
    STRENK
    DEALER FILE

Document Number:  02504296
APPC-440-B-PC Version (9-94)

BP 03562

 **BP West Coast Products LLC**

Default Notice

Facility Number: 82461

**Certified Mail**
Return Receipt Requested #: 7007 0710 0004 4236 3260

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA  95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

Title of Agreement:
**Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement**

| Violation of Articles/Sections: | | | |
|---|---|---|---|
| am/pm: | Gas: 2 | | System Manual: Sec. 1 |

Description:
Have all grades of Motor Fuels available for sale to the public

Details of Violation: (if applicable)

1. Pay for gasoline. PMPA 6. Gasoline must be paid for at time of delivery in U.S. Dollars. STTN, Inc. owes BP $114,000.88. for delivered fuel loads. STTN. Inc. put bank Stop Payments on 4 multiple fuel invoices and 2 Williams Fuel Delivery Driver's were not given cashiers checks, but had already dropped the fuel into STTN Inc. tanks. 2. Insufficient Working Capital. Franchisee Sayed F. told FC he does not have enough money. He cannot gather enough fund to pay for gas inventory.  He has not purchased ARCO Branded Motor Fuel on any day since August 17, 2007. 3. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility has not sold gasoline any of the following days:
Fri. 8/24, Sat. 8/25, Sun. 8/26, Mon. 8/27, Tues. 8/28
No 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers.  FC has had several phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to my recommending he order fuel. Talked Thursday 8/23, Fri. 8/24, Mon. 8/27. (message left Wed. 8/29). Cure date: 1. day. Immediately

| August 27, 2007 | 17:00:00   by: CHRISTENSN | Date Default to be cured: |
|---|---|---|

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 31 day of August, 2007.
BP West Coast Products LLC

By: *Thomas Reeder*

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
   STRENK
   DEALER FILE

Document Number: 02504297
APPC-440-8-PC Version (9-94)

BP 03563

 BP West.Coast Products LLC

Default Notice

Facility Number: 82461

**Certified Mail**
Return Receipt Requested #: 7007 0710 0004 4236 3277

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA  95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| | |
|---|---|
| Title of Agreement: | |
| **Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement** | |

| Violation of Articles/Sections: | | |
|---|---|---|
| am/pm: | Gas: 2 | System Manual: Sec. 1 |

Description:
Have all grades of Motor Fuels available for sale to the public

Details of Violation: (if applicable)
1. Pay for gasoline. PMPA 6. Gasoline must be paid for at time of delivery in U.S. Dollars. STTN; Inc. owes BP $114,000.88. for delivered fuel loads.  STTN. Inc. put bank Stop Payments on 4 multiple fuel invoices and 2 Williams Fuel Delivery Driver's were not given cashiers checks, but had already dropped the fuel into STTN Inc. tanks.  2.  Insufficient Working Capital. Franchises Sayed F. told FC he does not have enough money. He cannot gather enough fund to pay for gas inventory.  He has not purchased ARCO Branded Motor Fuel on any day since August 17, 2007. 3. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels Available for sale to the public. Facility has not sold gasoline any of the following days:
Fri. 8/24, Sat. 8/25, Sun. 8/26, Mon. 8/27, Tues. 8/28
No 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers.  FC has had several phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to my recommending he order fuel. Talked Thursday 8/23, Fri. 8/24, Mon. 8/27. (message left Wed. 8/29).  Cure date: 1 day. Immediately

| Date Default was observed: | Approximate time Default was observed: | Date Default to be cured: |
|---|---|---|
| August 28, 2007 | 17:00:00    by:  CHRISTENSN | |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 31 day of August, 2007.
BP West Coast Products LLP

By: *Thomas Reeder*

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
    STRENK
    DEALER FILE

Document Number: 02504298
APPC-440-B-PC Version (9-94)

BP 03564

 BP West Coast Products LLC

Default Notice

Facility Number: 82461

**Certified Mail**
Return Receipt Requested #: 7007 0710 0004 4236 3284

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA 95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| Title of Agreement: |
|---|
| Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement |

| Violation of Articles/Sections: | | |
|---|---|---|
| am/pm: | Gas: 2 | System Manual: Sec. 1 |

| Description: |
|---|
| Have all grades of Motor Fuels available for sale to the public |

Details of Violation: (if applicable)

1. Pay for gasoline. PMPA 6. Gasoline must be paid for at time of delivery in U.S. Dollars. STTN, Inc. owes BP $114,000.88. for delivered fuel loads.  STTN. Inc. put bank Stop Payments on 4 multiple fuel invoices and 2 Williams Fuel Delivery Driver's were not given cashiers checks, but had already dropped the fuel into STTN Inc. tanks. 2.  Insufficient Working Capital. Franchises Sayed F. told FC he does not have enough money. He cannot gather enough fund to pay for gas inventory.  He has not purchased ARCO Branded Motor Fuel on any day since August 17, 2007. 3. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility has not sold gasoline any of the following days:
Fri. 8/24, Sat. 8/25, Sun. 8/26, Mon. 8/27, Tues. 8/28
No 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers.  FC has had several phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to my recommending he order fuel. Talked Thursday 8/23, Fri. 8/24, Mon. 8/27. (message left Wed. 8/29)  Cure date:  1. day. Immediately

| | | Date Default to be cured: |
|---|---|---|
| August 29, 2007 | 16:30:00    by: CHRISTENSN | |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 31 day of August, 2007.
BP West Coast Products LLC

By: _Thomas Reeder_

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
    STRENK
    DEALER FILE

Document Number: 02504299
APPC-440-B-PC Version (8-94)

BP 03565

 BP West Coast Products LLC

Default Notice

Facility Number: 82461

Certified Mail
Return Receipt Requested #: 7007 0710 0004 4236 3291

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA 95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| Title of Agreement: Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement |
|---|

| Violation of Articles/Sections: am/pm: | Gas: 2 | System Manual: Sec. 1 |
|---|---|---|

Description:
Have all grades of Motor Fuels available for sale to the public

Details of Violation: (if applicable)

1. Pay for gasoline. PMPA 6. Gasoline must be paid for at time of delivery in U.S. Dollars. STTN, Inc. owes BP $114,000.88. for delivered fuel loads.  STTN. Inc. put bank Stop Payments on 4 multiple fuel invoices and 2 Williams Fuel Delivery Driver's were not given cashiers checks, but had already dropped the fuel into STTN Inc. tanks.  2.  Insufficient Working Capital. Franchises Sayed F. told FC he does not have enough money. He cannot gather enough fund to pay for gas inventory.  He has not purchased ARCO Branded Motor Fuel on any day since August 17, 2007. 3. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility has not sold gasoline any of the following days:
Fri. 8/24, Sat. 8/25, Sun. 8/26, Mon. 8/27, Tues. 8/28
No 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers.  FC has had several phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to my recommending he order fuel. Talked Thursday 8/23, Fri. 8/24, Mon. 8/27. (message left Wed. 8/29). Cure date: 1. day. Immediately

| August 30, 2007 | 17:00:00 | by: CHRISTENSN | Date Default to be cured: |
|---|---|---|---|

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 31 day of August, 2007.
BP West Coast Products LLC

By: _Thomas Reeder_
_____
**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
STRENK
DEALER FILE

Document Number: 02504300
APPC-440-B-PC Version (9-94)

BP 03566

 BP West Coast Products LLC

Default Notice

Facility Number: 82461

Certified Mail
Return Receipt Requested #: 7007 0710 0004 4236 3345

STTN ENTERPRISES INC.
631 SAN FELIPE ROAD
HOLLISTER, CA 95035

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| Title of Agreement: |
| --- |
| **Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement** |

| Violation of Articles/Sections: | | |
| --- | --- | --- |
| am/pm: | Gas: 2 | System Manual: Sec. 1 |

Description:

Have all grades of Motor Fuels available for sale to the public

Details of Violation: (if applicable)

1. Pay for gasoline. PMPA 6. Gasoline must be paid for at time of delivery in U.S. Dollars. STTN, Inc. owes BP $114,000.88. for delivered fuel loads. STTN Inc. put bank Stop Payments on 4 multiple fuel invoices and 2 Williams Fuel Delivery Driver's were not given cashiers checks, but had already dropped the fuel into STTN Inc. tanks.
2. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility has not sold required gallons of gasoline any of the following days: Friday, 8/31/07. No. 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers.  FC has had several phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to FC recommending he orders fuel. Talked Thursday 8/23, Fri. 8/24, Mon. 8/27. (message left Wed. 8/29)

Cure date: Immediately

| Date Default was observed: | Approximate Time Default was observed: | Date Default to be cured: |
| --- | --- | --- |
| August 31, 2007 | 18:30:00  by: CHRISTENSN | |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 4 day of September, 2007.
BP West Coast Products LLC

By: _Thomas Reeder_

Tom Reeder - Regional Sales Manager

cc: CHRISTENSN
STRENK
DEALER FILE

Document Number: 02504405
APPC-440-B-PC Version (9-94)

BP 03567

 BP West Coast Products LLC

Default Notice

Facility Number: 82461

**Certified Mail**
Return Receipt Requested #: 7007 0710 0004 4236 3352

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA 95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| Title of Agreement: |
| --- |
| **Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement** |

| Violation of Articles/Sections: | | |
| --- | --- | --- |
| am/pm: | Gas: 2 | System Manual: Sec. 1 |

Description:
Have all grades of Motor Fuels available for sale to the public

Details of Violation: (if applicable)

1. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility continues to operate without Diesel Fuel Sales since 8/2/2007. STTN Inc. continues to operate the facility without fuel sales to Arco customers for 13 days. Termination is possible without fuel sales for any 7 day period. Effective today 9/4/07 facility has not sold required gallons of gasoline any of the following days: No fuel grades 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers. FC has had multiple phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to FC recommending he order fuel. FC explained this default directly to Sayed on Thurs 8/23, Fri. 8/24, Mon. 8/27, Tues 8/28, Thur 8/29, Fri 8/30, Sat 9/1, Tues 9/4. On Fri 8/30 RSM convened a conference call with Sayed and FC to confirm and clarify Sayed was, again, aware of his continued violation of BP Agreements.

Cure date: Immediately

| Date Default was observed: | Approximate Time Default was observed: | Date Default to be cured: |
| --- | --- | --- |
| September 01, 2007 | 12:00:00    by: CHRISTENSN | |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 4 day of September, 2007.
BP West Coast Products LLC

By: _Thomas Reeder_
     **Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
     STRENK
     DEALER FILE

Document Number: 02504406
APPC-440-B-PC Version (9-94)

BP 03568

 **BP West Coast Products LLC**

Default Notice

Facility Number: 82461

**Certified Mail**
Return Receipt Requested #: 7007 0710 0004 4236 3369

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA 95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

| Title of Agreement: |
|---|
| **Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement** |

| Violation of Articles/Sections: | | |
|---|---|---|
| **am/pm:** | **Gas: 2** | **System Manual: Sec. 1** |

| Description: |
|---|
| Have all grades of Motor Fuels available for sale to the public |

Details of Violation: (if applicable)

1. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility continues to operate without Diesel Fuel Sales since 8/2/2007. STTN Inc. continues to operate the facility without fuel sales to Arco customers for 13 days. Termination is possible without fuel sales for any 7 day period. Effective today 9/4/07 facility has not sold required gallons of gasoline any of the following days: No fuel grades 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers. FC has had multiple phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to my recommending he order fuel. FC explained this default directly to Sayed on Thurs 8/23, Fri. 8/24, Mon. 8/27, Tues 8/28, Thur 8/29, Fri 8/30, Sat 9/1, Tues 9/4. On Fri 8/30 RSM convened a conference call with Sayed and FC to confirm and clarify Sayed was, again, aware of his continued violation of BP Agreements.

Cure date: Immediately

| Date Default was observed: | Approximate Time Default was observed: | | Date Default to be cured: |
|---|---|---|---|
| **September 02, 2007** | **12:00:00** | **by: CHRISTENSN** | |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 4 day of September, 2007.
BP West Coast Products LLC

By: *Thomas Reeder*

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
    STRENK
    DEALER FILE

Document Number: 02504409
APPC-440-B-PC Version (9-94)

BP 03569

25

 **BP West Coast Products LLC**

Default Notice

Facility Number: 82461

**Certified Mail**
Return Receipt Requested #: 7007 0710 0004 4236 3383

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA  95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

Title of Agreement:
**Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement**

Violation of Articles/Sections:
am/pm:                   Gas: 2                          System Manual: Sec. 1

Description:
Have all grades of Motor Fuels available for sale to the public

Details of Violation: (if applicable)

1. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility continues to operate without Diesel Fuel Sales since 8/2/2007. STTN Inc. continues to operate the facility without fuel sales to Arco customers for 13 days. Termination is possible without fuel sales for any 7 day period. Effective today 9/4/07 facility has not sold required gallons of gasoline any of the following days: No fuel grades 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers. FC has had multiple phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to my recommending he order fuel. FC explained this default directly to Sayed on Thurs 8/23, Fri. 8/24, Mon. 8/27, Tues 8/28, Thur 8/29, Fri 8/30, Sat 9/1, Tues 9/4. On Fri 8/30 RSM convened a conference call with Sayed and FC to confirm and clarify Sayed was, again, aware of his continued violation of BP Agreements.

Cure date:  Immediately

| Date Default was observed: | Approximate Time Default was observed: | Date Default to be cured: |
|---|---|---|
| September 03, 2007 | 12:00:00    by: CHRISTENSN | |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 4 day of September, 2007.
BP West Coast Products LLC

By:

**Tom Reeder - Regional Sales Manager**

cc: CHRISTENSN
     STRENK
     DEALER FILE

Document Number: 02504410
APPC-440-B-PC Version (9-94)

BP 03570

26

 **BP West Coast Products LLC**

Default Notice

Facility Number: 82461

**Certified Mail**
**Return Receipt Requested #:**

**STTN ENTERPRISES INC.**
**631 SAN FELIPE ROAD**
**HOLLISTER, CA 95035**

You are hereby notified that you are in default of your obligations under the terms and conditions of the foregoing Agreements in effect on the date of the default between BP West Coast Products LLC, which Agreements relates to the business activity conducted by you at the address shown above.

Said Default was observed on the date and at the approximate time shown below.

Title of Agreement:
**Non-Lessee - am/pm Mini Market Agreement, Contract Dealer Gasoline Agreement**

Violation of Articles/Sections:
am/pm:                    Gas: 2                    System Manual: Sec. 1

Description:
Have all grades of Motor Fuels available for sale to the public

Details of Violation: (if applicable)

1. All Motor Fuels Available. PMPA 2. SYSMAN Sec. 1. Have all grades of Motor Fuels available for sale to the public. Facility continues to operate without Diesel Fuel Sales since 8/2/2007. STTN Inc. continues to operate the facility without fuel sales to Arco customers for 13 days. Termination is possible without fuel sales for any 7 day period. Effective today 9/4/07 facility has not sold required gallons of gasoline any of the following days: No fuel grades 87, 89, 91, or Diesel fuel sales since night of 8/23/07. All dispensers are cautioned taped off from any use by customers. FC has had multiple phone discussions informing Sayed he is required to sell Arco Fuel. Each conversation led to my recommending he order fuel. FC explained this default directly to Sayed on Thurs 8/23, Fri. 8/24, Mon. 8/27, Tues 8/28, Thur 8/29, Fri 8/30, Sat 9/1, Tues 9/4. On Fri 8/30 RSM convened a conference call with Sayed and FC to confirm and clarify Sayed was, again, aware of his continued violation of BP Agreements.

Cure date: .Immediately

| Date Default was observed: | Approximate Time Default was observed: | Date Default to be cured: |
|---|---|---|
| September 04, 2007 | 12:00:00   by: CHRISTENSN | |

You are hereby further notified to correct said default within the period specified by and in accordance with the provisions of the Agreement.

Dated this 5 day of September, 2007.
BP West Coast Products LLC

By: _Thomas Reeder_

**Tom Reeder - Regional Sales Manager**

Document Number: 02504445
APPC-440-B-PC Version (9-94)

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
**For delivery information visit our website at www.usps.com®**

**O F F I C I A L   U S E**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

7007  0710  0004  4236  3376

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

BP 03571

# EXHIBIT C

**bp**

**bp West Coast Products LLC**
4 Centerpointe Drive
LaPalma, CA 90623

September 6, 2007

**HAND DELIVERY AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED
#7007 0710 0004 4233 2815**

STTN ENTERPRISES INC.
631 SAN FELIPE ROAD
HOLLISTER, CA 95035

Re:    Facility No. 82461

## NOTICE OF TERMINATION

You are currently a party to an am/pm Mini Market Agreement and Contract Dealer Gasoline Agreement both dated July 11, 2006 and various related agreements (the "Agreement"), with BP West Coast Products LLC ("BPWCP"), concerning the above facility located at 631 San Felipe Road, Hollister, CA. (the "Facility").

**Please take notice** that the Agreements and the am/pm mini market and the petroleum franchise created thereunder shall terminate **immediately** for the reasons set forth below:

You have failed to have any gasoline products available for sale to the motoring public for at least 7 consecutive days. In fact, the Facility has not sold gasoline since the evening of August 23rd and your dispensers have been cautioned taped off from any use by customers. You have been sent a total of twelve (12) defaults for failure to offer all grades of gasoline for sale. Although the period to cure the defaults has passed, as of today, none of the defaults have been cured.

Under these circumstances it would not be reasonable for BPWCP to furnish notification of 90 days prior to the date of termination because of the risk of confusion to the public as well as possible safety risks.

In addition, you have failed to timely pay BP for gasoline products in a timely manner. You currently have an outstanding balance of $126,394.77 for gasoline product deliveries that are due and payable at the time of delivery. Your payment history reflects numerous returned items that were "bounced" by your bank for non-sufficient funds. You are also responsible for any outstanding royalty charges due and payable to BPWCP.

Section 17.1 of the Agreement provides for termination of that Agreement upon the occurrence of the following triggering events:

(a) Buyer fails to exert good faith efforts to carry out the provisions of the Agreement following written notice and opportunity to cure;

BP 03180

28

(h) Buyer fails to timely pay all sums due to which BPWCP is legally entitled;

(i) Buyer fails to operate the Premises for seven (7) consecutive calendar days, or lesser period, which constitutes an unreasonable period of time.

(o) Buyer breaches any material provision of this Agreement, including without limitation, "Buyer's failure to order and make available for sale quantities of each grade of Product which are sufficient to satisfy foreseeable customer demand."

Furthermore, the above stated conduct constitutes grounds for termination of the am/pm Mini Market Agreement and franchise. The relevant provision providing for termination is Article 18.05, "In case of Concurrent Operations at the Premises, BPWCP may terminate this Agreement upon termination of any one other franchise agreement."

Article 19.01(d) of the am/pm Mini Market Agreement provides: "Operator shall pay to BPWCP at the time of termination, as liquidated damages and not as a penalty, the greater of (a) the total minimum royalty fee which would have been payable under the Agreement from the date of termination of the Agreement through the end of the term provided for in the Agreement; or (b) for each month from the date of termination of the Agreement through the end of the term provided in the Agreement, the actual average royalty fee paid but not less than the minimum royalty fee for any months that the Store was operational prior to the termination of the Agreement." The amount owed to BPWCP is $235,000.00. This sum shall be immediately due and payable. You shall also be held answerable for all other damages due BPWCP under the Agreements and applicable law.

In addition, you are a party to certain loan agreements (the "Loan Agreements"). As of September 5, 2007, there remains an outstanding balance on the Loan Agreements of $150,000.00. The termination of the Agreements is an Event of Default under the Loan Agreements. The Loan Agreements require that you repay the outstanding balance of the Loans within 30 days of the occurrence of an Event of Default. The termination of the Agreements is an Event of Default.

<u>**YOU ARE HEREBY NOTIFIED THAT YOU ARE OBLIGATED TO PAY THE FULL AMOUNT OF THE UNPAID LOANS WITHIN 30 DAYS OF THE TERMINATION OF THE AGREEMENTS.**</u>

These are all provisions that are both reasonable and of material significance to the franchise relationship. In addition, failing to offer any gasoline for sale and failure to pay sums due under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §2801 *et seq.*, specifically, §2802(b)(2)(C) and (c)(9).n. A Summary Statement of the PMPA is attached to this Notice.

Additional provisions of the PMPA relevant to this termination are: 1) failure by the franchisee to comply with a provision of the franchise, which is both reasonable and material significance to the franchise relationship [§2802(b)(2)(A)]; and 2) occurrence of an event which is relevant to the franchise relationship and as a result of which termination of the franchise relationship is reasonable [§2802(b)(2)(C)], specifically, failure by the franchisee to pay to the franchisor in a timely manner when due all sums

BP 03181

to which the franchisor is legally entitled.   As well as your failure to operate the marketing premises for 7 consecutive days, or a shorter period of time which, taking in to account facts and circumstances, amounts to an unreasonable time not to operate, are enumerated events forming the basis for termination under §2802(b)(2)(C).

Accordingly, upon the above-stated effective date of this Notice of Termination, you are to cease selling ARCO-branded gasoline and cease using the ARCO names, trademarks, or trade names and cease holding yourself out as an authorized dealer of ARCO-branded motor fuel at the facility. You will be required to comply with the procedures on expiration or termination described the Agreements.  Furthermore, you are required to permit BPWCP to enter upon the premises to remove or de-identify all of ARCO's trademarks and property at the premises.  You must also return to BPWCP all materials bearing ARCO service marks or trademarks.   You must pay BPWCP any sums due and owing to BPWCP as a result of your operation of the Facility.

By giving this Notice of Termination, BPWCP neither waives nor surrenders any of its rights under the Agreements or at law, including but not limited to:   (1) its right to advance the effective date of the termination for similar or dissimilar acts or conduct constituting a breach of the Agreements or other legal grounds for such action; (2) its rights to provide by supplementary notice that the termination set for the above date also be based on other grounds; and (3) its rights to receive any sums due and owing to BPWCP.  Such sums should be forwarded to BPWCP upon their due date.

BP West Coast Products LLC

By: _____
        Thomas Reeder
        Regional Sales Manager

cc:    Facility File
        Brad Christensen

BP 03182

30

FEDERAL REGISTER
Vol. 61, No. 123

Notices

DEPARTMENT OF ENERGY (DOE)

Revised Summary of Title I of the Petroleum Marketing Practices Act

61 FR 32786

DATE: Tuesday, June 25, 1996

ACTION: Notice.

------------------------------------------------------------------------ To view the next page, type .np* TRANSMIT.
To view a specific page, transmit p* and the page number, e.g. p*1
------------------------------------------------------------------[*32786]

   SUMMARY: This notice contains a summary of Title I of the Petroleum Marketing Practices Act, as amended (the Act). The Petroleum Marketing Practices Act was originally enacted on June 19, 1978, and was amended by the Petroleum Marketing Practices Act Amendments of 1994, enacted on October 19, 1994. On August 30, 1978, the Department of Energy published in the Federal Register a summary of the provisions of Title I of the 1978 law, as required by the Act. The Department is publishing this revised summary to reflect key changes made by the 1994 amendments.

   The Act is intended to protect franchised distributors and retailers of gasoline and diesel motor fuel against arbitrary or discriminatory termination or nonrenewal of franchises. This summary describes the reasons for which a franchise may be terminated or not renewed under the law, the responsibilities of franchisors, and the remedies and relief available to franchisees. The Act requires franchisors to give franchisees copies of the summary contained in this notice whenever notification of termination or nonrenewal of a franchise is given.

FOR FURTHER INFORMATION CONTACT: Carmen Difiglio, Office of Energy Efficiency, Alternative Fuels, and Oil Analysis (PO-62), U.S. Department of Energy, Washington, D.C. 20585, Telephone (202) 586-4444; Lawrence Leiken, Office of General Counsel (GC-73), U.S. Department of Energy, Washington, D.C. 20585, Telephone (202) 586-6978.

SUPPLEMENTARY INFORMATION: Title I of the Petroleum Marketing Practices Act, as amended, *15 U.S.C. §§ 2801*-2806, provides for the protection of franchised distributors and retailers of motor fuel by establishing minimum Federal standards governing the termination of franchises and the nonrenewal of franchise relationships by the franchisor or distributor of such fuel.

   Section 104(d)(1) of the Act required the Secretary of Energy to publish in the Federal Register a simple and concise summary of the provisions of Title I, including a statement of the respective   [*32787]   responsibilities of, and the remedies and relief available to, franchisors and franchisees under that title. The Department published this summary in the Federal Register on August 30, 1978. *43 F.R. 38743 (1978).*

   In 1994 the Congress enacted the Petroleum Marketing Practices Act Amendments to affirm and clarify certain key provisions of the 1978 statute. Among the key issues addressed in the 1994 amendments are: (1) termination or nonrenewal of franchised dealers by their franchisors for purposes of conversion to "company" operation; (2) application of state law; (3) the rights and obligations of franchisors and franchisees in third-party lease situations; and (4) waiver of rights limitations. See H.R. REP. NO. 737, 103rd Cong., 2nd Sess. 2 (1994), reprinted in 1994 U.S.C.C.A.N. 2780. Congress intended to: (1) make explicit that upon renewal a franchisor may not insist on changes to a franchise agreement where the purpose of such changes is to prevent renewal in order to convert a

BP 03183

franchisee-operated service station into a company-operated service station; (2) make clear that where the franchisor has an option to continue the lease or to purchase the premises but does not wish to do so, the franchisor must offer to assign the option to the franchisee; (3) make clear that no franchisor may require, as a condition of entering or renewing a franchise agreement, that a franchisee waive any rights under the Petroleum Marketing Practices Act, any other Federal law, or any state law; and (4) reconfirm the limited scope of Federal preemption under the Act. Id.

The summary which follows reflects key changes to the statute resulting from the 1994 amendments. The Act requires franchisors to give copies of this summary statement to their franchisees when entering into an agreement to terminate the franchise or not to renew the franchise relationship, and when giving notification of termination or nonrenewal. This summary does not purport to interpret the Act, as amended, or to create new legal rights.

In addition to the summary of the provisions of Title I, a more detailed description of the definitions contained in the Act and of the legal remedies available to franchisees is also included in this notice, following the summary statement.

Summary of Legal Rights of Motor Fuel Franchisees

This is a summary of the franchise protection provisions of the Federal Petroleum Marketing Practices Act, as amended in 1994 (the Act), *15 U.S.C. §§ 2801-2806*. This summary must be given to you, as a person holding a franchise for the sale, consignment or distribution of gasoline or diesel motor fuel, in connection with any termination or nonrenewal of your franchise by your franchising company (referred to in this summary as your supplier).

You should read this summary carefully, and refer to the Act if necessary, to determine whether a proposed termination or nonrenewal of your franchise is lawful, and what legal remedies are available to you if you think the proposed termination or failure to renew is not lawful. In addition, if you think your supplier has failed to comply with the Act, you may wish to consult an attorney in order to enforce your legal rights.

The franchise protection provisions of the Act apply to a variety of franchise agreements. The term "franchise" is broadly defined as a license to use a motor fuel trademark which is owned or controlled by a refiner, and it includes secondary arrangements such as leases of real property and motor fuel supply agreements which have existed continuously since May 15, 1973, regardless of a subsequent withdrawal of a trademark. Thus, if you have lost the use of a trademark previously granted by your supplier but have continued to receive motor fuel supplies through a continuation of a supply agreement with your supplier, you are protected under the Act.

Any issue arising under your franchise which is not governed by this Act will be governed by the law of the State in which the principal place of business of your franchise is located.

Although a State may specify the terms and conditions under which your franchise may be transferred upon the death of the franchisee, it may not require a payment to you (the franchisee) for the goodwill of a franchise upon termination or nonrenewal.

The Act is intended to protect you, whether you are a distributor or a retailer, from arbitrary or discriminatory termination or nonrenewal of your franchise agreement. To accomplish this, the Act first lists the reasons for which termination or nonrenewal is permitted. Any notice of termination or nonrenewal must state the precise reason, as listed in the Act, for which the particular termination or nonrenewal is being made. These reasons are described below under the headings "Reasons for Termination" and "Reasons for Nonrenewal."

The Act also requires your supplier to give you a written notice of termination or intention not to renew the franchise within certain time periods. These requirements are summarized below under the heading "Notice Requirements for Termination or Nonrenewal."

The Act also provides certain special requirements with regard to trial and interim franchise agreements, which are described below under the heading "Trial and Interim Franchises."

BP 03184

The Act gives you certain legal rights if your supplier terminates or does not renew your franchise in a way that is not permitted by the Act. These legal rights are described below under the heading "Your Legal Rights."

The Act contains provisions pertaining to waiver of franchisee rights and applicable State law. These provisions are described under the heading "Waiver of Rights and Applicable State Law."

This summary is intended as a simple and concise description of the general nature of your rights under the Act. For a more detailed description of these rights, you should read the text of the Petroleum Marketing Practices Act, as amended in 1994 *(15 U.S.C. §§ 2801*-2806). This summary does not purport to interpret the Act, as amended, or to create new legal rights.

I. Reasons for Termination

If your franchise was entered into on or after June 19, 1978, the Act bars termination of your franchise for any reasons other than those reasons discussed below. If your franchise was entered into before June 19, 1978, there is no statutory restriction on the reasons for which it may be terminated. If a franchise entered into before June 19, 1978, is terminated, however, the Act requires the supplier to reinstate the franchise relationship unless one of the reasons listed under this heading or one of the additional reasons for nonrenewal described below under the heading "Reasons for Nonrenewal" exists.

A. Non-Compliance with Franchise Agreement

Your supplier may terminate your franchise if you do not comply with a reasonable and important requirement of the franchise relationship. However, termination may not be based on a failure to comply with a provision of the franchise that is illegal or unenforceable under applicable Federal, State or local law. In order to terminate for non-compliance with the franchise agreement, your supplier must have learned of this non-compliance recently. The Act limits the time period within which your supplier must have learned of your non-compliance to various periods, the longest of which is 120  [*32788]  days, before you receive notification of the termination.

B. Lack of Good Faith Efforts

Your supplier may terminate your franchise if you have not made good faith efforts to carry out the requirements of the franchise, provided you are first notified in writing that you are not meeting a requirement of the franchise and you are given an opportunity to make a good faith effort to carry out the requirement. This reason can be used by your supplier only if you fail to make good faith efforts to carry out the requirements of the franchise within the period which began not more than 180 days before you receive the notice of termination.

C. Mutual Agreement To Terminate the Franchise

A franchise can be terminated by an agreement in writing between you and your supplier if the agreement is entered into not more than 180 days before the effective date of the termination and you receive a copy of that agreement, together with this summary statement of your rights under the Act. You may cancel the agreement to terminate within 7 days after you receive a copy of the agreement, by mailing (by certified mail) a written statement to this effect to your supplier.

D. Withdrawal From the Market Area

Under certain conditions, the Act permits your supplier to terminate your franchise if your supplier is withdrawing from marketing activities in the entire geographic area in which you operate. You should read the Act for a more detailed description of the conditions under which market withdrawal terminations are permitted. See *15 U.S.C. § 2802*(b)(E).

BP 03185

33

E. Other Events Permitting a Termination

If your supplier learns within the time period specified in the Act (which in no case is more than 120 days prior to the termination notice) that one of the following events has occurred, your supplier may terminate your franchise agreement:

(1) Fraud or criminal misconduct by you that relates to the operation of your marketing premises.

(2) You declare bankruptcy or a court determines that you are insolvent.

(3) You have a severe physical or mental disability lasting at least 3 months which makes you unable to provide for the continued proper operation of the marketing premises.

(4) Expiration of your supplier's underlying lease to the leased marketing premises, if: (a) your supplier gave you written notice before the beginning of the term of the franchise of the duration of the underlying lease and that the underlying lease might expire and not be renewed during the term of the franchise; (b) your franchisor offered to assign to you, during the 90-day period after notification of termination or nonrenewal was given, any option which the franchisor held to extend the underlying lease or to purchase the marketing premises (such an assignment may be conditioned on the franchisor receiving from both the landowner and the franchisee an unconditional release from liability for specified events occurring after the assignment); and (c) in a situation in which the franchisee acquires possession of the leased marketing premises effective immediately after the loss of the right of the franchisor to grant possession, the franchisor, upon the written request of the franchisee, made a bona fide offer to sell or assign to the franchisee the franchisor's interest in any improvements or equipment located on the premises, or offered the franchisee a right of first refusal of any offer from another person to purchase the franchisor's interest in the improvements and equipment.

(5) Condemnation or other taking by the government, in whole or in part, of the marketing premises pursuant to the power of eminent domain. If the termination is based on a condemnation or other taking, your supplier must give you a fair share of any compensation which he receives for any loss of business opportunity or good will.

(6) Loss of your supplier's right to grant the use of the trademark that is the subject of the franchise, unless the loss was because of bad faith actions by your supplier relating to trademark abuse, violation of Federal or State law, or other fault or negligence.

(7) Destruction (other than by your supplier) of all or a substantial part of your marketing premises. If the termination is based on the destruction of the marketing premises and if the premises are rebuilt or replaced by your supplier and operated under a franchise, your supplier must give you a right of first refusal to this new franchise.

(8) Your failure to make payments to your supplier of any sums to which your supplier is legally entitled.

(9) Your failure to operate the marketing premises for 7 consecutive days, or any shorter period of time which, taking into account facts and circumstances, amounts to an unreasonable period of time not to operate.

(10) Your intentional adulteration, mislabeling or misbranding of motor fuels or other trademark violations.

(11) Your failure to comply with Federal, State, or local laws or regulations of which you have knowledge and that relate to the operation of the marketing premises.

(12) Your conviction of any felony involving moral turpitude.

(13) Any event that affects the franchise relationship and as a result of which termination is reasonable.

BP 03186

## II. Reasons for Nonrenewal

If your supplier gives notice that he does not intend to renew any franchise agreement, the Act requires that the reason for nonrenewal must be either one of the reasons for termination listed immediately above, or one of the reasons for nonrenewal listed below.

### A. Failure To Agree on Changes or Additions To Franchise

If you and your supplier fail to agree to changes in the franchise that your supplier in good faith has determined are required, and your supplier's insistence on the changes is not for the purpose of converting the leased premises to a company operation or otherwise preventing the renewal of the franchise relationship, your supplier may decline to renew the franchise.

### B. Customer Complaints

If your supplier has received numerous customer complaints relating to the condition of your marketing premises or to the conduct of any of your employees, and you have failed to take prompt corrective action after having been notified of these complaints, your supplier may decline to renew the franchise.

### C. Unsafe or Unhealthful Operations

If you have failed repeatedly to operate your marketing premises in a clean, safe and healthful manner after repeated notices from your supplier, your supplier may decline to renew the franchise.

### D. Operation of Franchise is Uneconomical

Under certain conditions specified in the Act, your supplier may decline to renew your franchise if he has determined that renewal of the franchise is likely to be uneconomical. Your supplier may also decline to renew your franchise if he has decided to convert your marketing premises to a use other than for the sale of motor fuel, to sell the premises, or to materially alter, add to, or replace the premises.  [*32789]

## III. Notice Requirements for Termination or Nonrenewal

The following is a description of the requirements for the notice which your supplier must give you before he may terminate your franchise or decline to renew your franchise relationship. These notice requirements apply to all franchise terminations, including franchises entered into before June 19, 1978 and trial and interim franchises, as well as to all nonrenewals of franchise relationships.

### A. How Much Notice Is Required

In most cases, your supplier must give you notice of termination or non-renewal at least 90 days before the termination or nonrenewal takes effect.

In circumstances where it would not be reasonable for your supplier to give you 90 days notice, he must give you notice as soon as he can do so. In addition, if the franchise involves leased marketing premises, your supplier may not establish a new franchise relationship involving the same premises until 30 days after notice was given to you or the date the termination or nonrenewal takes effect, whichever is later. If the franchise agreement permits, your supplier may repossess the premises and, in reasonable circumstances, operate them through his employees or agents.

If the termination or nonrenewal is based upon a determination to withdraw from the marketing of motor fuel in the area, your supplier must give you notice at least 180 days before the termination or nonrenewal takes effect.

BP 03187

## B. Manner and Contents of Notice

To be valid, the notice must be in writing and must be sent by certified mail or personally delivered to you. It must contain:

(1) A statement of your supplier's intention to terminate the franchise or not to renew the franchise relationship, together with his reasons for this action;

(2) The date the termination or non-renewal takes effect; and

(3) A copy of this summary.

## IV. Trial Franchises and Interim Franchises

The following is a description of the special requirements that apply to trial and interim franchises.

## A. Trial Franchises

A trial franchise is a franchise, entered into on or after June 19, 1978, in which the franchisee has not previously been a party to a franchise with the franchisor and which has an initial term of 1 year or less. A trial franchise must be in writing and must make certain disclosures, including that it is a trial franchise, and that the franchisor has the right not to renew the franchise relationship at the end of the initial term by giving the franchisee proper notice.

The unexpired portion of a transferred franchise (other than as a trial franchise, as described above) does not qualify as a trial franchise.

In exercising his right not to renew a trial franchise at the end of its initial term, your supplier must comply with the notice requirements described above under the heading "Notice Requirements for Termination or Nonrenewal."

## B. Interim Franchises

An interim franchise is a franchise, entered into on or after June 19, 1978, the duration of which, when combined with the terms of all prior interim franchises between the franchisor and the franchisee, does not exceed three years, and which begins immediately after the expiration of a prior franchise involving the same marketing premises which was not renewed, based on a lawful  determination by the franchisor to withdraw from marketing activities in the geographic area in which the franchisee operates.

An interim franchise must be in writing and must make certain disclosures, including that it is an interim franchise and that the franchisor has the right not to renew the franchise at the end of the term based upon a lawful determination to withdraw from marketing activities in the geographic area in which the franchisee operates.

In exercising his right not to renew a franchise relationship under an interim franchise at the end of its term, your supplier must comply with the notice requirements described above under the heading "Notice Requirements for Termination or Nonrenewal."

## V. Your Legal Rights

Under the enforcement provisions of the Act, you have the right to sue your supplier if he fails to comply with the requirements of the Act. The courts are authorized to grant whatever equitable relief is necessary to remedy the effects of your supplier's failure to comply with the requirements of the Act, including declaratory judgment, mandatory or prohibitive injunctive relief, and interim equitable relief. Actual damages, exemplary (punitive) damages under certain circumstances, and reasonable attorney and expert witness fees are also authorized. For a more detailed description of these legal remedies you should read the text of the Act. *15 U.S.C. §§ 2801-2806.*

BP 03188

## VI. Waiver of Rights and Applicable State Law

Your supplier may not require, as a condition of entering into or renewing the franchise relationship, that you relinquish or waive any right that you have under this or any other Federal law or applicable State law. In addition, no provision in a franchise agreement would be valid or enforceable if the provision specifies that the franchise would be governed by the law of any State other than the one in which the principal place of business for the franchise is located.

## Further Discussion of Title I--Definitions and Legal Remedies

## I. Definitions

Section 101 of the Petroleum Marketing Practices Act sets forth definitions of the key terms used throughout the franchise protection provisions of the Act. The definitions from the Act which are listed below are of those terms which are most essential for purposes of the summary statement. (You should consult section 101 of the Act for additional definitions not included here.)

### A. Franchise

A "franchise" is any contract between a refiner and a distributor, between a refiner and a retailer, between a distributor and another distributor, or between a distributor and a retailer, under which a refiner or distributor (as the case may be) authorizes or permits a retailer or distributor to use, in connection with the sale, consignment, or distribution of motor fuel, a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the distributor which authorizes or permits such use.

The term "franchise" includes any contract under which a retailer or distributor (as the case may be) is authorized or permitted to occupy leased marketing premises, which premises are to be employed in connection with the sale, consignment, or distribution of motor fuel under a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the distributor which authorizes or permits such occupancy. The term also includes any contract pertaining to the supply of motor fuel which is to be sold, consigned or distributed under a trademark owned or controlled by a refiner, or under a contract which has existed continuously since May 15, 1973, and pursuant to which, on May 15, 1973, motor fuel was sold, consigned or distributed under a        [*32790] trademark owned or controlled on such date by a refiner. The unexpired portion of a transferred franchise is also included in the definition of the term.

### B. Franchise Relationship

The term "franchise relationship" refers to the respective motor fuel marketing or distribution obligations and responsibilities of a franchisor and a franchisee which result from the marketing of motor fuel under a franchise.

### C. Franchisee

A "franchisee" is a retailer or distributor who is authorized or permitted, under a franchise, to use a trademark in connection with the sale, consignment, or distribution of motor fuel.

### D. Franchisor

A "franchisor" is a refiner or distributor who authorizes or permits, under a franchise, a retailer or distributor to use a trademark in connection with the sale, consignment, or distribution of motor fuel.

### E. Marketing Premises

BP 03189

"Marketing premises" are the premises which, under a franchise, are to be employed by the franchisee in connection with the sale, consignment, or distribution of motor fuel.

## F. Leased Marketing Premises

"Leased marketing premises" are marketing premises owned, leased or in any way controlled by a franchisor and which the franchisee is authorized or permitted, under the franchise, to employ in connection with the sale, consignment, or distribution of motor fuel.

## G. Fail to Renew and Nonrenewal

The terms "fail to renew" and "nonrenewal" refer to a failure to reinstate, continue, or extend a franchise relationship (1) at the conclusion of the term, or on the expiration date, stated in the relevant franchise, (2) at any time, in the case of the relevant franchise which does not state a term of duration or an expiration date, or (3) following a termination (on or after June 19, 1978) of the relevant franchise which was entered into prior to June 19, 1978 and has not been renewed after such date.

## II. Legal Remedies Available to Franchisee

The following is a more detailed description of the remedies available to the franchisee if a franchise is terminated or not renewed in a way that fails to comply with the Act.

## A. Franchisee's Right to Sue

A franchisee may bring a civil action in United States District Court against a franchisor who does not comply with the requirements of the Act. The action must be brought within one year after the date of termination or nonrenewal or the date the franchisor fails to comply with the requirements of the law, whichever is later.

## B. Equitable Relief

Courts are authorized to grant whatever equitable relief is necessary to remedy the effects of a violation of the law's requirements. Courts are directed to grant a preliminary injunction if the franchisee shows that there are sufficiently serious questions, going to the merits of the case, to make them a fair ground for litigation, and if, on balance, the hardship which the franchisee would suffer if the preliminary injunction is not granted will be greater than the hardship which the franchisor would suffer if such relief is granted.

Courts are not required to order continuation or renewal of the franchise relationship if the action was brought after the expiration of the period during which the franchisee was on notice concerning the franchisor's intention to terminate or not renew the franchise agreement.

## C. Burden of Proof

In an action under the Act, the franchisee has the burden of proving that the franchise was terminated or not renewed. The franchisor has the burden of proving, as an affirmative defense, that the termination or nonrenewal was permitted under the Act and, if applicable, that the franchisor complied with certain other requirements relating to terminations and nonrenewals based on condemnation or destruction of the marketing premises.

## D. Damages

A franchisee who prevails in an action under the Act is entitled to actual damages and reasonable attorney and expert witness fees. If the action was based upon conduct of the franchisor which was in willful disregard of the Act's requirements or the franchisee's rights under the Act, exemplary (punitive) damages may be awarded where appropriate. The court, and not the jury, will decide whether to award exemplary damages and, if so, in what amount.

BP 03190

On the other hand, if the court finds that the franchisee's action is frivolous, it may order the franchisee to pay reasonable attorney and expert witness fees.

E. Franchisor's Defense to Permanent Injunctive Relief

Courts may not order a continuation or renewal of a franchise relationship if the franchisor shows that the basis of the non-renewal of the franchise relationship was a determination made in good faith and in the normal course of business:

(1) To convert the leased marketing premises to a use other than the sale or distribution of motor fuel;

(2) To materially alter, add to, or replace such premises;

(3) To sell such premises;

(4) To withdraw from marketing activities in the geographic area in which such premises are located; or

(5) That the renewal of the franchise relationship is likely to be uneconomical to the franchisor despite any reasonable changes or additions to the franchise provisions which may be acceptable to the franchisee.

In making this defense, the franchisor also must show that he has complied with the notice provisions of the Act.

This defense to permanent injunctive relief, however, does not affect the franchisee's right to recover actual damages and reasonable attorney and expert witness fees if the nonrenewal is otherwise prohibited under the Act.

Issued in Washington, D.C. on June 12, 1996.

Marc W. Chupka,

Acting Assistant Secretary for Policy.

[FR Doc. 96-16124 Filed 6-24-96; 8:45 am]

BILLING CODE 6450-01-P

4673 words

BP 03191