1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP WEST COAST PRODUCTS LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>STTN ENTERPRISES, INC., a California Corporation; NAZIM FAQUIRYAN, an individual; SAYED FAQUIRYAN, an individual; and MAGHUL FAQUIRYAN, an individual; and AVA GLOBAL ENTERPRISE, LLC, a California limited liability company,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTION. | Case No.: C07 04808 JF<br><br>**[PROPOSED] ORDER GRANTING BP WEST COAST PRODUCTS LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT**<br><br>[Filed concurrently with Notice and Motion; Memorandum of Points and Authorities; Declarations of Deborah Yoon Jones, Thomas Reeder, Brad Christensen, and Cecile McDonnell; Appendix of Non-Federal Authorities.]<br><br>Date:    August 8, 2008 (reserved)<br>Time:    9:00 a.m.<br>Crtrm: 3<br><br>    Honorable Jeremy Fogel<br><br>Filing Date:    September 17, 2007 |

[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT

1132573.1

This action came on for hearing before the Court, on August 8, 2008, the Honorable Jeremy Fogel, United States District Court Judge Presiding, on Plaintiff BP West Coast Products LLC's ("BPWCP") Motion for Summary Judgment, Or In the Alternative, Partial Summary Judgment as to the Second Amended Complaint. Deborah Yoon Jones, Esq. of Weston, Benshoof, Rochefort, Rubalcava and MacCuish, LLP appeared on behalf of BPWCP, and John G. Michael, Esq. of Baker Manock & Jensen appeared for Defendants STTN Enterprises, Inc., Sayed Faquiryan, Nazim Faquiryan, Maghul Faquiryan, and AVA Global Enterprises, LLC (hereinafter collectively "Defendants"). The evidence presented having been fully considered, the issues having been duly heard and a decision having been duly rendered, the Court hereby ORDERS as follows:

After considering all of the evidence, both oral and documentary, filed in connection with this Motion and introduced at the hearing thereon, being fully advised in the premises and good cause appearing therefore, the Court hereby GRANTS BPWCP's Motion for Summary Judgment on the Second Amended Complaint, as follows:

The Court adopts and incorporates BPWCP's Statement of Uncontroverted Facts, and finds that there are no triable issues of material fact in this action as to the First through Ninth Causes of Action asserted by BPWCP against Defendants. BPWCP is entitled to a judgment in its favor as a matter of law for the following reasons:

1. <u>BPWCP Is Entitled to Summary Judgment Against STTN On BPWCP's First Cause of Action for Declaratory Relief Under the PMPA Because, As a Matter of Law, BPWCP Properly Terminated STTN's Franchise</u>: BPWCP's decision to terminate was proper under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et seq.* ("PMPA") because STTN materially breached the franchise relationship by failing to pay BPWCP for over $126,000 worth of gasoline delivered, failing to sell gasoline for more than seven consecutive days, failing to have all grades of gasoline available for sale to the public, and defaulting on the Store Loan Agreement. Each of these grounds are specifically enumerated and proper under the PMPA [see Sections 2802(c)(8) and 2802(c)(9)], the franchise agreements, and the applicable legal authority.

1
[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT

1132573.1

2. <u>BPWCP Is Entitled to Summary Judgment Against STTN, Nazim Faquiryan, Sayed Faquiryan, and Maghul Faquiryan On BPWCP's Second Cause of Action for Breach of the Gasoline Franchise Agreement</u>: Defendants breached the Gasoline Agreement, by failing to pay BPWCP for gasoline delivered, failing to sell gasoline for more than seven consecutive days, and failing to have all grades of gasoline available for sale to the public;

3. <u>BPWCP Is Entitled to Summary Judgment Against STTN, Nazim Faquiryan, Sayed Faquiryan, and Maghul Faquiryan On BPWCP's Third Cause of Action for Breach of the Mini Market Franchise Agreement</u>: Defendants breached the Mini Market Agreement because they did not pay BPWCP within 30 days of termination of the franchise relationship the amounts owed under the Store Loan Agreement, which is an Event of Default under the Mini Market Agreement. In addition, Defendants breached the Mini Market Agreement and related Franchise Guaranties by failing to operate all of its concurrent businesses at the Station (i.e., failures to sell gasoline).

4. <u>BPWCP Is Entitled to Summary Judgment Against STTN, Nazim Faquiryan, Sayed Faquiryan, and Maghul Faquiryan On BPWCP's Fourth Cause of Action for Breach of the Franchise Guaranties</u>: By virtue of the breaches of the Franchise Agreements, STTN, Nazim Faquiryan, Sayed Faquiryan, and Maghul Faquiryan have breached the related Franchise Guaranties.

5. <u>BPWCP Is Entitled to Summary Judgment Against STTN, Nazim Faquiryan and Sayed Faquiryan On BPWCP's Fifth Cause of Action for Goods Sold and Delivered</u>: BPWCP is entitled to summary judgment for goods sold and delivered because Defendants agreed to purchase gasoline products from BPWCP, which they received from BPWCP, but Defendants failed to make payments upon delivery of the gasoline product by BPWCP. To date, Defendants still have not paid any portion of the outstanding balance of over $126,000 due and owing to BPWCP for the gasoline deliveries.

6. <u>BPWCP Is Entitled to Summary Judgment Against STTN, Nazim Faquiryan and Sayed Faquiryan On BPWCP's Sixth Cause of Action for Unjust Enrichment</u>: Defendants have been unjustly enriched because they obtained a benefit at BPWCP's expense (i.e., received and sold for profit ARCO-branded gasoline delivered by BPWCP) and must restore BPWCP to its former

position by returning the total balance of money equivalent to the amount of gasoline delivered to Defendants but not paid for.

7. <u>BPWCP Is Entitled to Summary Judgment Against STTN, Nazim Faquiryan, Sayed Faquiryan, and Maghul Faquiryan On BPWCP's Seventh and Eighth Causes of Action for Breach of the Loan Agreements and Guaranties:</u> Defendants breached the Gasoline Agreement and related Franchise Guaranties, by failing to pay BPWCP for gasoline delivered, failing to sell gasoline for more than seven consecutive days, and failing to have all grades of gasoline available for sale to the public; Defendants breached the Store Loan Agreement and the related personal loan guaranties because they did not pay BPWCP within 30 days of termination of the franchise relationship, which is an Event of Default under the Store Agreement; and Defendants breached the Mini Market Agreement and related Franchise Guaranties by failing to operate all of its concurrent businesses at the Station (i.e., failures to sell gasoline).

8. <u>BPWCP Is Entitled to Summary Judgment Against STTN and AVA Global Enterprises, LLC On BPWCP's Ninth Cause of Action for Unified Judicial Foreclosure:</u> BPWCP is entitled to summary judgment for an unified judicial foreclosure because STTN and AVA Global, as the owner of the Real Property, are in default by failing to make payments on the promissory note secured by the Deed of Trust and UCC-1.

IT IS ORDERED AND ADJUDGED that BPWCP's Motion for Summary Judgment on the Second Amended Complaint of BPWCP is granted, and judgment be entered in favor of BPWCP on these claims by BPWCP.

DATED: _____

Hon. Jeremy Fogel
United States District Court

Respectfully submitted,

DATED: July 3, 2008

KURT OSENBAUGH
DEBORAH YOON JONES
SAYAKA KARITANI
**WESTON, BENSHOOF, ROCHEFORT, RUBALCAVA & MacCUISH LLP**

_____
Deborah Yoon Jones
Attorneys for Plaintiff and Counter-Defendant
BP WEST COAST PRODUCTS LLC

1132573.1

4

[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE SECOND AMENDED COMPLAINT