1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP WEST COAST PRODUCTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>STTN ENTERPRISES, INC., a California Corporation; NAZIM FAQUIRYAN, an individual; SAYED FAQUIRYAN, an individual; and MAGHUL FAQUIRYAN, an individual; and AVA GLOBAL ENTERPRISE, LLC, a California limited liability company,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | Case No.: C07 04808 JF<br><br>**[PROPOSED] ORDER GRANTING BP WEST COAST PRODUCTS LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE COUNTERCLAIM**<br><br>[Filed concurrently with Notice and Motion; Memorandum of Points and Authorities; Declarations of Deborah Yoon Jones, Thomas Reeder, Brad Christensen, and Cecile McDonnell; Appendix of Non-Federal Authorities.]<br><br>Date:    August 8, 2008 (reserved)<br>Time:    9:00 a.m.<br>Crtrm: 3<br><br>Honorable Jeremy Fogel<br><br>Filing Date:    September 17, 2007 |

[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE COUNTERCLAIM

1215433.1

This action came on for hearing before the Court, on August 8, 2008, the Honorable Jeremy Fogel, United States District Court Judge Presiding, on Plaintiff and Counter-Defendant BP West Coast Products LLC's ("BPWCP") Motion for Summary Judgment, Or In the Alternative, Partial Summary Judgment as to the Counterclaim. Deborah Yoon Jones, Esq. of Weston, Benshoof, Rochefort, Rubalcava and MacCuish, LLP appeared for BPWCP, and John G. Michael, Esq. of Baker Manock & Jensen appeared for Defendant and Counterclaimants STTN Enterprises, Inc.; Sayed Faquiryan; Nazim Faquiryan; Maghul Faquiryan; and AVA Global Enterprises, LLC (hereinafter collectively "Counterclaimants"). The evidence presented having been fully considered, the issues having been duly heard and a decision having been duly rendered, the Court hereby ORDERS as follows:

After considering all of the evidence, both oral and documentary, filed in connection with this motion and introduced at the hearing thereon, being fully advised in the premises and good cause appearing therefore, the Court hereby GRANTS BPWCP's motion for summary judgment as follows:

The Court adopts and incorporates BPWCP's Statement of Uncontroverted Facts, and finds that there are no triable issues of material fact in this action as to the First through Eighth Causes of Action asserted by the Counterclaimants. BPWCP is entitled to a judgment in its favor as a matter of law for the following reasons:

1. <u>BPWCP Is Entitled to Summary Judgment On STTN's First Counterclaim for Wrongful Termination/Violation of the PMPA</u>: BPWCP's decision to terminate was properly based upon enumerated grounds in the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et seq.* ("PMPA") [see Sections 2802(c)(8) and 2802(c)(9)], the franchise agreements, and the applicable legal authority.

2. <u>BPWCP Is Entitled to Summary Judgment On STTN's Second Counterclaim for Breach of the Conditional Commitment Letter</u>: STTN cannot maintain a cause of action for breach of the Conditional Commitment Letter ("CCL") because the CCL is not an enforceable contract.

3. <u>BPWCP Is Entitled to Summary Judgment On STTN's Third Counterclaim for Breach of the Store Loan Agreement</u>: BPWCP did not breach the Store Loan Agreement because BPWCP fully funded the $150,000 contemplated in that loan (which has yet to be repaid even though repayment is owed) and did so pursuant to the terms and conditions of the loan.

4. <u>BPWCP Is Entitled to Summary Judgment On STTN's Fourth and Fifth Counterclaims for Breach of the Gasoline Loan Agreement and Disbursement Agreement</u>: BPWCP did not breach the Gasoline Loan Agreement or Disbursement Agreement because STTN (1) was in default of the loan agreement and disbursement agreement terms, and never met all the requisite conditions to funding; and (2) was and continues to owe BPWCP over $126,000 for unpaid gasoline deliveries.

5. <u>BPWCP Is Entitled to Summary Judgment On Counterclaimants' Sixth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing</u>: BPWCP is entitled to summary judgment against STTN on defendants' claim for Breach of the Implied Covenant of Good Faith and Fair Dealing because (1) the parties' relationship is governed by detailed written agreements and a tort claim cannot be assert in this commercial setting where no independent fiduciary relationship exists; (2) the franchise and lender relationships are not special relationships under which tort liability attaches when there is a contract; and (3) the covenant does not apply to rights expressly provided for in the contract.

6. <u>BPWCP Is Entitled to Summary Judgment On Counterclaimants' Seventh Cause of Action for Fraud</u>: BPWCP is entitled to summary judgment against STTN on defendants' counterclaims for Fraud because (1) the parties' relationship is governed by detailed written agreements and a tort claim cannot be assert in this commercial setting where no independent fiduciary relationship exists; and (2) STTN has no evidence supporting fraud by BPWCP.

7. <u>BPWCP Is Entitled to Summary Judgment On Counterclaimants' Eighth Cause of Action for Negligent Misrepresentation</u>: BPWCP is entitled to summary judgment against STTN on defendants' counterclaims for Negligent Misrepresentation because (1) the parties' relationship is governed by detailed written agreements and a tort claim cannot be assert in this

2
[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO THE COUNTERCLAIM

1215433.1

commercial setting where no independent fiduciary relationship exists; and (2) STTN has no evidence supporting negligent misrepresentation by BPWCP.

        IT IS ORDERED AND ADJUDGED that BPWCP's Motion for Summary Judgment on the Counterclaim is granted, and judgment be entered in favor of BPWCP on these claims by the Counterclaimants.

DATED: _____

                                            Hon. Jeremy Fogel
                                            United States District Court

Respectfully submitted,

DATED: July 3, 2008

                              KURT OSENBAUGH
                              DEBORAH YOON JONES
                              SAYAKA KARITANI
                              **WESTON, BENSHOOF, ROCHEFORT,**
                                  **RUBALCAVA & MacCUISH LLP**

                              _/s/ Deborah Yoon Jones_
                              Deborah Yoon Jones
                              Attorneys for Plaintiff and Counter-Defendant
                              BP WEST COAST PRODUCTS LLC