1  KURT OSENBAUGH (State Bar No. 106132)
   DEBORAH YOON JONES (State Bar No. 178127)
2  SAYAKA KARITANI (State Bar No. 240122)
   **WESTON, BENSHOOF, ROCHEFORT,**
3  **  RUBALCAVA & MacCUISH LLP**
   333 South Hope Street, Sixteenth Floor
4  Los Angeles, California 90071
   Telephone:  (213) 576-1000
5  Facsimile:  (213) 576-1100
   kosenbaugh@wbcounsel.com
6  djones@wbcounsel.com
   skaritani@wbcounsel.com
7
   Attorneys for Plaintiff and Counter-Defendant
8  BP WEST COAST PRODUCTS LLC

9

10                    **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12  BP WEST COAST PRODUCTS LLC, a Delaware       Case No.: C07 04808 JF
    Limited Liability Company,
13                                                **EVIDENTIARY OBJECTIONS TO**
                      Plaintiffs,                 **DECLARATION OF SAYED FAQUIRYAN**
14
         v.                                       [Filed concurrently herewith Reply Briefs in
15                                                Support of Motions for Summary Judgment as
    STTN ENTERPRISES, INC., a California          to   Second   Amended   Complaint   and
16  Corporation; NAZIM FAQUIRYAN, an individual;  Counterclaim; Declaration of Elizabeth Chang;
    SAYED FAQUIRYAN, an individual; and           Additional   Declaration   of   Deborah   Jones;
17  MAGHUL FAQUIRYAN, an individual; and AVA       Evidentiary Objections to Declaration of John
    GLOBAL ENTERPRISE, LLC, a California limited  Michael; and Appendix of Authorities.]
18  liability company,
                                                  Date:       August 3, 2008 (reserved)
19                    Defendants.                 Time:       9:00 a.m.
                                                  Crtrm:      3
20
                                                     Honorable Jeremy Fogel
21
                                                  Filing Date:       September 17, 2007
22

23  AND RELATED CROSS-ACTION.

24

25

26

27

28

1225802.1
                        EVIDENTIARY OBJECTIONS TO DECLARATION OF SAYED FAQUIRYAN

Plaintiff and Counter-Defendant BP West Coast Products, LLC ("BPWCP") hereby submits the following evidentiary objections to the Declaration of Sayed Faquiryan, submitted in connection with Defendants STTN Enterprises, Inc. ("STTN"), Nazim Faquiryan, Sayed Faquiryan, Maghul Faquiryan and AVA Global Enterprise, LLC's (collectively, "Defendants") opposition to: (1) BPWCP's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment as to the Second Amended Complaint, and (2) BPWCP's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment as to the Counterclaim. Evidence offered in support of a motion for summary judgment must be in the form of affidavits or declarations based upon personal knowledge, and must constitute admissible evidence. Fed.R.Civ.Proc. 56(e).

Accordingly, BPWCP objects to, and moves to strike, Defendants' testimony that fails to meet the requisite standards for admissibility on the following grounds:

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| 1. ¶ 5, p. 3 lines 4-6. "Because the Station already had this equipment, the gas station portion of the remodel would be much less expensive than the store portion." | 1. BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion (FRE § 701). |
| 2. ¶ 5, p. 3 lines 6-7. "BP was aware of this because both Ken Wickerham and Tom Reeder had visited me at the Station and we had discussed the remodel." | 2. BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion (FRE § 701); and (5) declarant lacks personal knowledge (FRE § 602). |

1

1225802.1

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| 3. ¶ 5, p. 3 lines 7-8. "Despite this knowledge, BP allocated the loans $150,000 to the store portion of the remodel and $250,000 to the gas station portion." | 3. BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion (FRE § 701); and (5) declarant lacks personal knowledge (FRE § 602). |
| 4. ¶ 7, p. 4 lines 1-2: "From that point forward, STTN was forced to pay for gasoline with a cashier's check for each load delivered." | 4. BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion (FRE § 701). |
| 5. ¶ 8, p. 4 and lines 7-9: "Despite the fact that BP was aware that the store remodel would cost far more than the gasoline station remodel, the loan agreements allocated only $150,000 to the store remodel and $250,000 to the gasoline station construction." | 5. BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701); (5) violates the Best Evidence Rule (FRE §§ 1001, 1002); and (6) declarant lacks personal knowledge (FRE § 602). |
| 6. ¶ 8, p. 4 line 11: "In addition, many of the categories of construction expenses were | 6. BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); |

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| vague . . . .” | (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion (FRE § 701); and (5) violates the Best Evidence Rule (FRE §§ 1001, 1002). |
| 7.      ¶ 8, p. 4 lines 13-16: “By this time, I had already expended approximately $387,500 of STTN’s and my own funds on the construction and re-branding and had no choice but to rely upon the representations of Ken Wirkerham that they would work with me on the allocation of the funds." | 7.      BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion (FRE § 701). |
| 8.      ¶ 9, p. 4 lines 20-22: “The budget that BP provided to STTN at the same time was for a new ‘ground up’ facility, even though all parties understood that this was a re-brand, not new construction.” | 8.      BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701); (5) violates the Best Evidence Rule (FRE §§ 1001, 1002); and (6) declarant lacks personal knowledge (FRE § 602). |
| 9.      ¶ 11, p. 4 line 28: “As a result of the delay by BP in funding the loans, STTN ran out of money.” | 9.      BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) |

3

1225802.1

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
|  | is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 10.   ¶ 11, p. 5 line 1: "The general contractor and his subs walked off the job because they were no longer being paid." | 10.   BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) declarant lacks personal knowledge (FRE § 602). |
| 11.   ¶ 11, p. 5 lines 3-6: "AVA Global Enterprise, Inc., a related company to STTN (which is owned 50% by my son, Nazim), refinanced the real property on which the station was located to generate funds to be used by STTN to clear the liens, pay the subcontractors and general contractor and get work started." | 11.   BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) declarant lacks personal knowledge (FRE § 602). |
| 12.   ¶ 11, p. 5 lines 6-8: "The refinancing process delayed the project even further because BP required a new subordination agreement to be signed and the preparation, review and approval of the new loan took time." | 12.   BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701); and (5) declarant lacks personal knowledge (FRE § 602). |

EVIDENTIARY OBJECTIONS TO DECLARATION OF SAYED FAQUIRYAN

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| 13.  ¶ 12, p. 5 lines 9-10: "Long after the loans should have been funded, in May, 2007, BP required STTN to sign a Disbursement Agreement." | 13.  BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 14.  ¶ 12, p. 5: lines 11-13: "BP had the option under ¶ 7.3 of the Disbursement Agreement to pay the mechanics lien from loan proceeds, but although BP caused the problems by failing to timely fund the loans, it would not pay the liens from loan proceeds." | 14.  BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701); (5) violates the Best Evidence Rule (FRE §§ 1001, 1002); and (6) declarant lacks personal knowledge (FRE § 602). |
| 15.  ¶ 13, p. 5 lines 13-15: "Even after the liens had been cleared, BP held up loan funding while gathering documents that were not conditions to funding." | 15.  BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 16.  ¶ 13, p. 5 lines 16-17: "BP required changes to STTN's corporate documents and requested other documents that were not listed | 16.  BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient |

EVIDENTIARY OBJECTIONS TO DECLARATION OF SAYED FAQUIRYAN

1225802.1

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| in the CCL." | facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701); and (5) violates the Best Evidence Rule (FRE §§ 1001, 1002). |
| 17.    ¶ 16, p. 6 lines 2-4: "Although included in STTN's broad first request for production of documents propounded to BP in April, 2008, BP has failed to produce any documents related to gasoline deliveries." | 17.    BPWCP objects to this statement on the ground that it is irrelevant and immaterial. To be clear, STTN waived its rights to seek such documents by not conducting a meet-and-confer and/or moving to compel production. |
| 18.    ¶ 16, p. 6 lines 4-5: "STTN recently sent a second, more specific request for production regarding this issue and is awaiting BP's response." | 18.    BPWCP objects to this statement on the ground that it is irrelevant and immaterial. To be clear, STTN propounded its Requests for Production on June 30, 2008 and BPWCP's responses are not due until August 2, 2008. |
| 19.    ¶ 17, p. 6 lines 9-10: "Because STTN had paid construction expenses in excess of the amount of the gasoline loan, I asked Ms. Smith if BP would setoff the gasoline payments against the loan proceeds that would go to STTN." | 19.    BPWCP objects to this statement on the ground that it is inadmissible hearsay. (FRE §§ 801, 802). |
| 20.    ¶ 17, p. 6 lines 10-13: "In fact, STTN had performed under the payment agreement by reducing the balance owing by approximately $60,000 and was not in default during the time that BP demanded that it pay the entire balance | 20.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon |

EVIDENTIARY OBJECTIONS TO DECLARATION OF SAYED FAQUIRYAN

1225802.1

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| of the gas payments before it would fund the gasoline loan." | conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 21.    ¶ 18, p. 6 lines 14-16: "First, STTN offered to have the amount of the gas payments deducted from the gas loan proceeds at the close of escrow when the loan proceeds could be disbursed." | 21.    BPWCP objects to this statement on the ground that it is inadmissible hearsay.  (FRE §§ 801, 802). |
| 22.    ¶ 18, p. 6 lines 17-20: "Next, STTN offered to put the amount then owing into the same escrow as the loan proceeds and that the gas payments could be disbursed to BP at the same time that the loan proceeds were disbursed to STTN to reimburse it for construction expenses." | 22.    BPWCP objects to this statement on the ground that it is inadmissible hearsay.  (FRE §§ 801, 802). |
| 23.    ¶ 18, p. 6 line 22: ". . . which makes no sense." | 23.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 24.    ¶ 19, p. 6 lines 25-27: "Because of the repeated delays, the repeated requests for additional documentation that is not required by the loan documents as a condition to funding, BP's prior breach of the loan agreements . . . ." | 24.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion in |

EVIDENTIARY OBJECTIONS TO DECLARATION OF SAYED FAQUIRYAN

1225802.1

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| | that it calls for a legal conclusion (FRE § 701). |
| 25.    ¶ 19, p. 7 lines 2-3: ". . . while BP further delayed funding the gas loan." | 25.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 26.    ¶ 20, p. 7 lines 5-7: "Because of BP's breaches of the loan agreements . . . ." | 26.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 27.    ¶ 20, p. 7 lines 7-9: "I informed BP that as soon as the loan funded, either through the escrow process or otherwise, STTN would again purchase and sell gasoline." | 27.    BPWCP objects to this statement on the ground that it is inadmissible hearsay. (FRE §§ 801, 802). |
| 28.    ¶ 23, p. 7 lines 12-14: "I told Tom Reeder  would [sic] try to arrange for a cashier's check but that with the weekend and banking holiday coming up, it may not be until Tuesday." | 28.    BPWCP objects to this statement on the ground that it is inadmissible hearsay. (FRE §§ 801, 802). |
| 29.    ¶ 23, p. 7 lines 14-15: "On Tuesday, September 4, 2007, I informed BP that I had a cashier's check ready for them." | 29.    BPWCP objects to this statement on the ground that it is inadmissible hearsay. (FRE §§ 801, 802). |

EVIDENTIARY OBJECTIONS TO DECLARATION OF SAYED FAQUIRYAN

1225802.1

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| 30.     ¶ 22, p. 7 lines 20-21: "These notices state that STTN did not have <u>any</u> gasoline to sell for seven consecutive days." | 30.     BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) violates the Best Evidence Rule (FRE §§ 1001, 1002). |
| 31.     ¶ 23, p. 7 lines 21-22: "This statement is false." | 31.     BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 32.     ¶ 22, p. 7 line 23: "The termination notices are, therefore, false and ineffective." | 32.     BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701); and (5) violates the Best Evidence Rule (FRE §§ 1001, 1002). |
| 33.     ¶ 23, p. 7 lines 24-25: "BP wrongfully terminated the franchise agreements.  BP's notice of termination was wrongful . . . ." | 33.     BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) |

9

1225802.1

| **OFFERED EVIDENCE** | **EVIDENTIARY OBJECTIONS** |
|---|---|
| | is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 34.    ¶ 23, p. 7 lines 25-26: "BP is the one the breached the agreements and caused the alleged arrearages in the gasoline payments." | 34.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 35.    ¶ 23, p. 7 lines 26-27: "There was no default in gasoline payments due to the doctrine of setoff." | 35.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 36.    ¶ 23, p. 7 lines 27-28: "STTN tendered a cure of the failure to operate and sell gasoline, but its tender was refused." | 36.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; and (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701). |
| 37.    ¶ 23, p. 7 line 28 through p. 8 line 1: "The notice falsely states that all grades of gasoline were not available for sale, when, in | 37.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient |

10

1225802.1

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| fact, premium gas and diesel were available and being sold." | facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion (FRE § 701); and (5) violates the Best Evidence Rule (FRE §§ 1001, 1002). |
| 38.    ¶ 23, p. 8 lines 2-3: "the notice references the wrong agreement (the 10/12/06 agreement states that it supersedes the prior agreements)." | 38.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701); (5) declarant lacks personal knowledge (FRE § 602); and (6) violates the Best Evidence Rule (FRE §§ 1001, 1002). |
| 39.    ¶ 23, p. 8 lines 3-5: "the notice falsely states that 90 days is not required because of safety concerns and the notice falsely states that no notice is required because of consumer confusion, which makes no sense." | 39.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) is entirely speculative and based upon conjecture; (4) is improper lay opinion (FRE § 701); and (5) violates the Best Evidence Rule (FRE §§ 1001, 1002). |
| 40.    ¶ 24, p. 8 lines 6-9: "STTN's alleged failure to purchase and pay for gasoline was directly caused by BP's breach of the commitment letter and loan agreements, but its | 40.    BPWCP objects to this statement on the ground that it: (1) lacks foundation (FRE § 901); (2) is conclusory without providing sufficient facts to support or corroborate the statement; (3) |

11

1225802.1

| OFFERED EVIDENCE | EVIDENTIARY OBJECTIONS |
|---|---|
| delay in funding the $150,000 loan and its total failure to fund the $250,000 loan.  If BP had timely performed its obligations, STTN would be successfully operating the Station today." | is entirely speculative and based upon conjecture; (4) is improper lay opinion in that it calls for a legal conclusion (FRE § 701); and (5) declarant lacks personal knowledge (FRE § 602). |

DATED:  July 25, 2008            Respectfully submitted,

KURT OSENBAUGH
DEBORAH YOON JONES
SAYAKA KARITANI
**WESTON, BENSHOOF, ROCHEFORT,
    RUBALCAVA & MacCUISH LLP**

_____
Deborah Yoon Jones
Attorneys for Plaintiff and Counter-Defendant
BP WEST COAST PRODUCTS LLC

1225802.1